## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------- X

| | |
|---|---|
| JOOP H. STADMAN, father of BARRY STADMAN : | |
| (killed in Nov. 11, 2000 Kaprun fire); : | |
| BRIGITTE and PETER DECKER, mother & father : | |
| and JUTTA DECKER, sister of JAKOB DECKER : | **CIVIL ACTION #** |
| (killed in Nov. 11, 2000 Kaprun fire); : | **07-CV-3881 (UA/SAS)** |
| SIDONIJA SCHARWITZL, : | |
| Mother of DIETMAR SCHARWITZL : | |
| (killed in Nov. 11, 2000 Kaprun fire); : | |
| RASTKO and DRAGICA FERK, father & mother : | **Conformed Copy** |
| of RASTKO FERK JR. : | **Filed May 17, 2007** |
| (killed in Nov. 11, 2000 Kaprun fire); : | |
| ANNELIESE FERSTL, wife, FRANZ FERSTL JR., son, of : | |
| FRANZ FERSTL (killed in Nov. 11, 2000 Kaprun fire); : | |
| MARTIN and RENATE NIEDERBERGER, mother & : | |
| father of MARTIN NIEDERBERGER : | |
| (killed in Nov. 11, 2000 Kaprun fire); : | |
| NANAE, KOSUKE and MASATOSHI MITSUMOTO, : | |
| Mother, sister and father of SAORI MITSUMOTO : | |
| (killed in Nov. 11, 2000 Kaprun fire); : | |
| HERMANN GEIER (survivor of Nov. 11, 2000 Kaprun Fire); : | **COMPLAINT** |
| BIRGIT GÖTZ (survivor of Nov. 11, 2000 Kaprun Fire); : | |
| ROLAND MAYERHOFER; : | |
| (survivor of Nov. 11, 2000 Kaprun Fire);  and : | |
| GEORG SCHWARZ (survivor of Nov. 11, 2000 Kaprun Fire); : | |
| Plaintiffs, : | |
| v. : | |
| AUSTRIAN NATIONAL TOURIST OFFICE INC.; : | |
| AUSTRIAN TOURIST OFFICE INC.; : | |
| ÖSTERREICH WERBUNG, of BUNDESMINISTERIUM für : | |
| WIRTSCHAFT und ARBEIT a/k/a *"AUSTRIAN* : | |
| *MINISTRY OF ECONOMICS and LABOR"* doing : | |
| business in the United States as *"AUSTRIAN TRADE* : | |
| *COMMISION"* an organ and/or entity of FEDERAL : | |
| REPUBLIC OF AUSTRIA, : | |
| FACHVERBAND der SEILBAHNEN a/k/a  PROFESSIONAL: | |
| ASSOCIATION OF THE AUSTRIAN CABLE CARS,  : | |
| division of WIRTSCHAFTSKAMMER ÖSTERREICH: | |
| a/k/a THE AUSTRIAN FEDERAL ECONOMIC : | |
| CHAMBER an organ and/or entity of the FEDERAL : | |
| REPUBLIC OF AUSTRIA; : | |
| CYALUME TECHNOLOGIES INC; : | |
| OMNIGLOW LLC; : | |
| Defendants. : | |

--------------------------------------------------------------------------- X

-----------------

As and for their complaint against the Defendants, Plaintiffs by and through their counsel, hereby alleges the following upon information and belief:

## INTRODUCTION

This complaint is predicated upon what plaintiffs submit are past and ongoing violations of US and NY State Law prohibiting Deceptive Business and Trade Practices related to the systematic marketing of certain Austrian tourist facilities and/or sports venues through Defendants' presence in the United States and worldwide.    Plaintiffs allege that, as to certain Austrian tourist facilities and/or sports venues, notably the Kitzsteinhorn Mountain, Kaprun resort and cable car facilities and other similarly equipped, outfitted and operated facilities, Defendants engaged in false and misleading advertising, solicitations and/or promotions with reckless disregard for the safety of plaintiffs and others, including thousands of American tourists and athletes who have trained and/or competed at, and who continue to train and/or compete in or for sports events such as snowboard competitions, ski competitions, mountain biking competitions, golf championships, at the Kitzsteinhorn mountain and other similarly equipped, outfitted and operated facilities.

## PARTIES

### PLAINTIFFS

1. Some of the named Plaintiffs are/were the close relatives, family members, heirs or representatives, including children, of persons killed in the 2000 Kaprun Disaster.

2. Some of the named Plaintiffs are survivors and others who suffered severe and permanent physical and psychological injuries in the 2000 Kaprun Disaster.

3. The named Plaintiffs are citizens, residents and representative of the Austria, Germany, Japan, Slovenia and/or The Netherland victims, survivors and families of persons who were killed in the November 11, 2000 Kaprun disaster.

4. Plaintiffs have standing to sue to the extent that defendants acts violate New York and Federal Laws.

**DEFENDANTS**

5. Defendant AUSTRIAN NATIONAL TOURIST OFFICE INC. *("NATIONAL TOURIST OFFICE")* is a domestic business corporation incorporated in and existing under the laws of the State of New York, with offices located at 500 Fifth Avenue, #800, New York, NY 10110. *See Exhibit 1 attached.*

6. Defendant AUSTRIAN TOURIST OFFICE INC. *("TOURIST OFFICE")* is a domestic business corporation incorporated in and existing under the laws of the State of New York, with offices located at 120 West 45th Street, 9th Floor, New York, NY, 10036. *See Exhibit 2 attached.*

7. Defendant ÖSTERREICH WERBUNG *("WERBUNG")* , division of BUNDESMINISTERIUM für WIRTSCHAFT und ARBEIT a/k/a "AUSTRIAN MINISTRY OF ECONOMICS and LABOR doing business in the US as Defendant AUSTRIAN TRADE COMMISION is an organ and/or entity of the REPUBLIC OF AUSTRIA *("AUSTRIA")* with offices located at 120 West 45th Street, 9th Floor, New York, NY, 10036 is an organ and/or entity of the REPUBLIC OF AUSTRIA *("AUSTRIA")*. *See Exhibit 3 attached.*

8. Defendant WERBUNG is listed with the NYS Department of State as the Chairman and Chief Executive Officer of Defendant TOURIST OFFICE and does business in New York at 500 Fifth Avenue, #800, New York, NY  10110.

9. Defendants NATIONAL TOURIST OFFICE and TOURIST OFFICE are the alter-egos of one another and of Defendant WERBUNG and AUSTRIA.

10. Defendant FACHVERBAND der SEILBAHNEN a/k/a PROFESSIONAL ASSOCIATION OF THE AUSTRIAN CABLE CARS is a division of WIRTSCHAFTSKAMMER ÖSTERREICH: a/k/a THE AUSTRIAN FEDERAL ECONOMIC CHAMBER (*"AUSTRIAN CABLE CARS"*)[1] is an organ of one or more entities owned, controlled or operated by the REPUBLIC OF AUSTRIA, with offices located at 120 West 45th Street, 9th Floor, New York, NY, 10036. *See Exhibit 4 attached.*

11. Defendant CYALUME TECHNOLOGIES INC. ("CYALUME") is an entity organized, existing and operating under the laws of the United States and within this judicial district.

12. Defendant OMNIGLOW LLC is an entity organized, existing and operating under the laws of the United States and within this judicial district.

## JURISDICTION & VENUE

### Original Jurisdiction as to Certain Sovereign Entities
### Pursuant to *28 USC §§ 1330 et seq and 1605 (a) (2)*

13. The Court has jurisdiction over Defendants NATIONAL TOURIST OFFICE, TOURIST OFFICE, WERBUNG and/or AUSTRIAN CABLE CARS under *28 USC § 1330* and the commercial exception to sovereign immunity pursuant to *28 USC § 1605 et seq.*

14. Among other things, the Court has jurisdiction over the Defendants insofar as they are incorporated in the State of New York and are engaged in commercial activity in the United States and within this Judicial District.

### Original Jurisdiction Over All Defendants Under *28 USC §§ 1331*

---

[1] AUSTRIAN CABLE CARS is one of the entities through which the train operator at the Kitzsteinhorn Mountain facility - Gletscherbahnen Kaprun AG ("GBK") – conducts its marketing, promotions, solicitations and business in the US. GBK is a member and has a close relationship with Defendant AUSTRIAN CABLE CARS. Among other things, GBK and Defendant AUSTRIAN CABLE CARS employ and/or use the same persons and/or companies to promote their common interests and marketing, promotion, solicitation and business in the United States and/or with United States companies.

15. The Court also has jurisdiction over all Defendants as a result of their violation of Laws of the United States including but not limited to those laws prohibiting False & Deceptive Advertising including *15 USC § 1125*.

### Additional and/or Supplemental Jurisdiction Over Some Defendants Pursuant to *28 USC §§ 1332 and 1367*

16. The Court also has jurisdiction as against Defendants NATIONAL TOURIST OFFICE, TOURIST OFFICE, CYALUME and OMNIGLOW LLC by virtue of (i) diversity of citizenship of the pursuant to *28 USC § 1332* and (ii) supplemental and/or aniciliary jurisdiction pursuant to *28 USC § 1367*.

### RELATED CASES

*17.* This action is related to the other cases which have been consolidated by the Judicial Panel on Multi-District Litigation under the caption *In Re: Ski Train Fire in Kaprun Austria on November 11, 2000, MDL # 1428*, which have been assigned to the Honorable Shira A. Scheindlin USDJ in the United States District Court for the Southern District of New York for all pre-trial proceedings.

*18.* Much of the information set forth in this complaint also relates to the original consolidated complaint dating back to December 2001 under the caption *In Re: Ski Train Fire in Kaprun Austria on November 11, 2000, MDL # 1428*, as well as the individual matters entitled *Blaimauer et al v. Omniglow et al 03-CV-8960 (SAS)*, *Geier et al v. Omniglow et al 03-CV-8961 (SAS)*, *Mitsumoto et al v. Republic of Austria et al 06-CV-2811 (SAS), Mitsumoto et al v. Robert Bosch Corporation et al 07-CV-935 (SAS)*. Much of this information is also directly related to the Motion for Rule 60 (b) and other Relief being made and/or re-filed as against Gletscherbahnen Kaprun AG ("GBK") for having knowingly and/or intentionally misrepresented the facts related to how it or entities on its behalf and/or in which it had an

interest and/or from which it derived benefits through promotions, solicitations, advertising,

marketing and/or other business being conducted in, directed at and/or with US companies.

This information began to be discovered after a former employee of GBK[2] came forward to

provide the key that led plaintiffs and others to start to discover all these connections.

## FACTS

19. Defendants NATIONAL TOURIST OFFICE, TOURIST OFFICE, WERBUNG and/or

AUSTRIAN CABLE CARS were established, among other things, (i) to advertise and

promote certain Austrian locations, facilities and/or venues for regular tourism[3]; (ii) to

advertise and promote certain Austrian locations, facilities and/or venues for "business to

business" tourism[4]; (iii) to advertise and promote certain Austrian locations, facilities and/or

venues for athletic and/or sports training, competition and events; and (iv) to encourage the

business investment, sales, endorsements and/or sponsors by foreign companies including

companies from the United States, at such Austrian locations, facilities and/or venues[5].

20. One of the facilities that was and continues to be promoted by Defendants NATIONAL

TOURIST OFFICE, TOURIST OFFICE, WERBUNG and AUSTRIAN CABLE CARS is

the Kitzsteinhorn Mountain Resort and facilities in Kaprun Austria.

---

[2] Former GBK employee now plaintiff Georg Schwarz came forward with evidence in December 2006, which was later followed up with depositions at which he and Maria Steiner *(wife of deceased former GBK employee Walter Steiner and another person with knowledge)* came forward to start to describe the extent to which the Kitzsteinhorn facility was regularly used by persons and/or entities from the United States for athletic, sports and recreational competitions and events and this information led to other the discoveries set forth herein.  Plaintiffs expect that additional information showing the extent to which and how marketing was conducted will be discovered and to that end, plaintiffs anticipate the possibility of a Supplemental Complaint naming additional marketing entities and/or partners which should be included in this action.

[3]  NATIONAL TOURIST OFFICE handles all aspects of regular tourism and event promotion.

[4] Since 2001 TOURIST OFFICE had focused its efforts on "business to business" tourism.

[5] Defendants NATIONAL TOURIST OFFICE, TOURIST OFFICE, WERBUNG and AUSTRIAN CABLE CARS work cooperatively with one another in promotions and marketing to businesses for tourism, sponsorships, investments

21. The standards and representations made by Defendants NATIONAL TOURIST OFFICE, TOURIST OFFICE, WERBUNG and AUSTRIAN CABLE CARS about the safety, training, equipment, outfitting, maintenance, inspections, technology and operations related to all Austrian facilities that they promote, including the Kitzsteinhorn Mountain Resort and facilities located in Kaprun Austria.

22. In the United States, Defendants NATIONAL TOURIST OFFICE, TOURIST OFFICE, WERBUNG and AUSTRIAN CABLE CARS promote the tourist, recreational and/or athletic facilities and venues in Austria, including the Kitzsteinhorn Mountain Resort and facilities located in Kaprun Austria, through:

   a) Partnerships and/or as agents for Europa Sportregion GmbH – *See Exhibit 5;*

   b) Interactive websites such as www.austria.info – *See Exhibit 5;*

   c) Partnerships, agreements, joint ventures, or other marketing related activities in cooperation with companies doing business in New York, including but not limited to:

      i)   Austrian Airlines Oesterreichische Luftwerkehrs Aktiengesellschaft – *See Exhibit 6;*

      ii)  Austrian Ski Club Inc – *See Exhibit 6;*

      iii) Austrian Marketing & Travel Services Ltd. – *See Exhibit 6;*

   d) Partnerships, agreements, joint ventures, or other marketing related activities in cooperation with United States  / Austrian Chamber of Commerce – *See Exhibit 7;* and

   e) A variety of companies, competitive sports organizers, agencies, internet, magazines, schools and/or travel organizations as set forth below.

23. As part of their promotions and marketing in the United States, Defendants NATIONAL TOURIST OFFICE, TOURIST OFFICE, WERBUNG and AUSTRIAN CABLE CARS proclaim and/or caused to be published, among other things, the following statements and/or

representations about the nature, characteristics and/or qualities services and/or commercial services that they offer, promote, market and/or advertise of the Austrian facilities and venues, including but not limited to Kitzsteinhorn Mountain in Kaprun Austria:

a) Passenger safety is the top priority for cable car companies;

b) Huge sums of money are invested in technology, staff training for and safety controls;

c) Austrian cable cars are one of the safest means of mass transportation;

d) The high level of safety is only attainable because of the high investments in the safety of the equipment and a system of constant examinations and controls;

e) Each site is annually submitted to a very extensive inspection;

f) There are daily safety checks of the technical functions and mechanisms of the equipment before passengers are admitted;

g) "Special focus tests" are conducted when new findings about sources of danger or possible safety improvements are discovered;

h) Only an officially recognized operational manager, who is fully responsible for safety of guests is permitted to manage the operations of a site; and

i) Every year the operation managers participate in training seminars to inform them about the latest technical developments.                              *See Exhibit 8.*

24. In the United States, Defendants NATIONAL TOURIST OFFICE, TOURIST OFFICE, WERBUNG and AUSTRIAN CABLE CARS promote the tourist, recreational and/or athletic facilities and venues in Austria, including the Kitzsteinhorn Mountain Resort and facilities located in Kaprun Austria, as being places that are properly and adequately insured in the event of a disaster or accident, such as the November 11, 2000 Kaprun Fire.

25. The statements set forth in paragraphs 23 and 24 *(or statements of similar character, substance, context and/or intent)* by Defendants NATIONAL TOURIST OFFICE, TOURIST

OFFICE, WERBUNG and AUSTRIAN CABLE CARS about the safety, training,

equipment, outfitting, maintenance, inspections, technology and operations as related to the

Austrian facilities that they promote, and including the Kitzsteinhorn Mountain Resort and

facilities located in Kaprun Austria which were and continue to be used in the promotions

and marketing in the United States, were false and were made with reckless disregard for the

safety of the persons using such facilities.

26. The statements set forth in paragraphs 23 and 24 *(or statements of similar character,*

*substance, context and/or intent)* by Defendants NATIONAL TOURIST OFFICE, TOURIST

OFFICE, WERBUNG and AUSTRIAN CABLE CARS about the nature, characteristics

and/or qualities services and/or commercial services and in particular the safety, training,

equipment, outfitting, maintenance, inspections, technology and operations as related to the

Austrian facilities that they promote, and including the Kitzsteinhorn Mountain Resort and

facilities located in Kaprun Austria and which were and continue to be used in the

promotions and marketing and/or materials distributed in the United States, were made so as

to solicit ski, snowboard and cycling teams to compete and/or training in Austria.   These

include among others the US Ski and Snowboard Association headquartered in Park City

Utah and the USA Cycling Association in Colorado Springs, Colorado. *See Exhibit 9.*

27. The statements set forth in paragraphs 23 and 24 *(or statements of similar character,*

*substance, context and/or intent)* by Defendants NATIONAL TOURIST OFFICE, TOURIST

OFFICE, WERBUNG and AUSTRIAN CABLE CARS about the nature, characteristics

and/or qualities services and/or commercial services and in particular the safety, training,

equipment, outfitting, maintenance, inspections, technology and operations as related to the

Austrian facilities that they promote, and including the Kitzsteinhorn Mountain Resort and

facilities located in Kaprun Austria and which were and continue to be used in the

promotions and marketing and/or in the materials distributed in the United States, were made so as to solicit sponsorship, sales, endorsements and/or other marketing at/of snowboard and cycling teams and/or tourism in Austria.   These include among others:

a)  Grenade Gloves of Mammouth Lakes, CA– *See Exhibit 10*;

b)  Gore-Tex Company of Newark, DE - *See Exhibit 10*;

c)  Mongoose Bicycles of Madison, WI - *See Exhibit 10*;

d)  The North Face Inc of San Leandro, CA - *See Exhibit 10*; and

e)  Dodge / Jeep of Detroit, MI – *See Exhibit 10*.

28. The statements set forth in paragraphs 23 and 24 *(or statements of similar character, substance, context and/or intent)* by Defendants NATIONAL TOURIST OFFICE, TOURIST OFFICE, WERBUNG and AUSTRIAN CABLE CARS about the nature, characteristics and/or qualities services and/or commercial services and in particular the safety, training, equipment, outfitting, maintenance, inspections, technology and operations as related to the Austrian facilities that they promote, and including the Kitzsteinhorn Mountain Resort and facilities located in Kaprun Austria and which were and continue to be used in the promotions and marketing and/or in the materials distributed in the United States, were made so as to solicit persons from US Sports Foundations, Training Facilities, Schools and/or Camps to travel to Austria.   These include among others:

a)  Mt. Bachelor Sports Education Foundation of Bend, OR– *See Exhibit 11*; and

b)  Touch of Austria Ski & Snowboard School of Riudoso, NM - *See Exhibit 11*.

29. The statements set forth in paragraphs 23 and 24 (*or statements of similar character, substance, context and/or intent)* by Defendants NATIONAL TOURIST OFFICE, TOURIST OFFICE, WERBUNG and AUSTRIAN CABLE CARS about the nature, characteristics and/or qualities services and/or commercial services and in particular the safety, training,

equipment, outfitting, maintenance, inspections, technology and operations as related to the Austrian facilities that they promote, and including the Kitzsteinhorn Mountain Resort and facilities located in Kaprun Austria and which were and continue to be used in the promotions and marketing and/or materials distributed in the United States, were made so as to solicit persons from high end and/or specialty tourism companies in the United States to travel to Austria.   These include Alpine Adventures of Florida – *See Exhibit 12*.

30. The statements set forth in paragraphs 23 and 24 *(or statements of similar character, substance, context and/or intent)* by Defendants NATIONAL TOURIST OFFICE, TOURIST OFFICE, WERBUNG and AUSTRIAN CABLE CARS about the nature, characteristics and/or qualities services and/or commercial services and in particular the safety, training, equipment, outfitting, maintenance, inspections, technology and operations as related to the Austrian facilities that they promote, and including the Kitzsteinhorn Mountain Resort and facilities located in Kaprun Austria and which were and continue to be used in the promotions and marketing and/or materials distributed in the United States, were made so as to solicit persons from the United States and worldwide to travel to Austria.   These include:

a)  Ski Austria Academy Kitzsteinhorn – through www.kitzsteinhorn.com – *See Exhibit 13*;

b)  M. Thayer Ski Camp through www.kitzsteinhorn.com – *See Exhibit 13*;

c)  Priceline.com and Bookings.com through www.bookings.com – *See Exhibit 13*;

d)  Ifyouski.com through www.ifyouski.com – *See Exhibit 13*;

e)  Go Ski Real Resort Marketing through www.goski.com – *See Exhibit 13*;

f)  Snowboarding News of ABC-of-Snowboarding through www.abc-of-snowboarding.com – *See Exhibit 13*;

g)  Ski Deals.com through www.skideals.com – *See Exhibit 13*;

h)  Skirebel Magazine through http://skirebel.wordpress.com – *See Exhibit 13;*

i)   First Traks !! Online Ski Magazine through http://firsttracksonline.com – *See Exhibit 13*; and

j)   World Snowboard Guide through http://worldsnowboardguide.com – *See Exhibit 13*.

31. The statements set forth in paragraphs 23 and 24 *(or statements of similar character, substance, context and/or intent)* by Defendants NATIONAL TOURIST OFFICE, TOURIST OFFICE, WERBUNG and AUSTRIAN CABLE CARS about the nature, characteristics and/or qualities services and/or commercial services and in particular the safety, training, equipment, outfitting, maintenance, inspections, technology and operations as related to the Austrian facilities that they promote, and including the Kitzsteinhorn Mountain Resort and facilities located in Kaprun Austria and which were and continue to be used in the promotions and marketing and/or materials distributed in the United States, were made so as to solicit persons from the United States and worldwide to golf tourism and events in Austria. These include among others through the WorldGolf magazine and through http://www.worldgolf.com – *See Exhibit 14.*

32. The statements set forth in paragraphs 23 and 24 *(or statements of similar character, substance, context and/or intent)* by Defendants NATIONAL TOURIST OFFICE, TOURIST OFFICE, WERBUNG and AUSTRIAN CABLE CARS about the nature, characteristics and/or qualities services and/or commercial services and in particular the safety, training, equipment, outfitting, maintenance, inspections, technology and operations as related to the Austrian facilities that they promote, and including the Kitzsteinhorn Mountain Resort and facilities located in Kaprun Austria and which were and continue to be used in the promotions and marketing and/or materials distributed in the United States, were and continue to be used to solicit investments, sponsorships, marketing, "partnerships" and

promotional activities of major companies in the United States such as Coca-Cola

Corporation of Atlanta, GA and Kraft Foods of Northfield, IL. - *See Exhibit 15.*

33. The statements set forth in paragraphs 23 and 24 *(or statements of similar character,*

*substance, context and/or intent)* by Defendants NATIONAL TOURIST OFFICE, TOURIST

OFFICE, WERBUNG and AUSTRIAN CABLE CARS about the nature, characteristics

and/or qualities services and/or commercial services and in particular the safety, training,

equipment, outfitting, maintenance, inspections, technology and operations as related to the

Austrian facilities that they promote, and including the Kitzsteinhorn Mountain Resort and

facilities located in Kaprun Austria and which were and continue to be used in the

promotions and marketing and/or materials distributed in the United States, were made so as

to solicit ski, snowboard and cycling teams to compete and/or training in Austria.   These

include prominent US teams and athletes involved in:

a)  Giant Slalom Mens & Womens Competitions - including Anton Pogue, Mike Jacoby, Jeff

Archibald, Jeff Greenwood and Rob Berney - *See Exhibit 16;*

b)  UCI-Diesel World Cup and World Series Mountain Biking Mens and Womens

Competitions- including Eric Carter, Mike King, Brian Lopes and Leigh Donovan - *See*

*Exhibit 16;*

c)  Nokia Snowboard FIS World Cup - *See Exhibit 16;* and

d)  Jeep Challenge & World Cup Mountain Biking – including Todd Wells, Brian Lopes and

Susan Haywood – *See Exhibit 16.*

34. Lightsticks from Defendant CYALUME's predecessors and/or licensors Omniglow

Corporation and American Cyanamid Corporations were on the Kaprun train that burned on

November 11, 2000.

35. Defendants CYALUME and OMNIGLOW LLC products are based on the same technology and use essentially the exact same warning and labeling as those of their predecessors and/or licensors Omniglow Corporation and American Cyanamid Corporation.

36. Defendants CYALUME primarily markets its products to the military and as a safety device that can be used in emergency conditions.

37. Defendants OMNIGLOW LLC primarily markets its products as a "novelty" item.

38. Defendants CYALUME and OMNIGLOW LLC products are defectively labeled.

39. Defendants CYALUME and OMNIGLOW LLC market and promote its or their products as being "Non-Flammable" and "Non Toxic".

40. Since 1998/1999, Defendants CYALUME and OMNIGLOW LLC have been on notice that ONLY activated lightsticks[6] should be marketed and/or promoted as being "Non-Flammable" and "Non Toxic".

41. Since 1998/1999, Defendants CYALUME and OMNIGLOW LLC have been on notice that UnActivated Lightsticks [7] should not be marketed and/or promoted with the words "Non-Flammable" and "Non Toxic" on the labels.

42. Lightsticks from the predecessor to Defendants CYALUME and OMNIGLOW LLC were on the Kaprun train and there are allegations that the lightsticks contributed to and/or exacerbated the fire in the tunnel.

43. Defendant WERBUNG and AUSTRIAN CABLE CARS continue to use Defendant CYALUME  lightsticks on  cable cars and/or at tourist Austrian facilities that they promote including the Kitzsteinhorn Mountain Resort and facilities located in Kaprun Austria.

---

[6] Activated Lightsticks means that the lightsticks are removed from its wrapper and the chemical ingredients have mixed together.  Until such time as the lightsticks are removed from their wrapper and the chemical
[7] Activated Lightsticks means that the lightsticks are removed from its wrapper and the chemical ingredients have mixed together.  Until such time as the lightsticks are removed from their wrapper and the chemical

44. The statements set forth in paragraphs 23 and 24 *(or statements of similar character,*
*substance, context and/or intent)* by Defendants NATIONAL TOURIST OFFICE, TOURIST
OFFICE, WERBUNG and AUSTRIAN CABLE CARS about the safety, training,
equipment, outfitting, maintenance, inspections, technology and operations as related to the
Austrian facilities (of which the Kitzsteinhorn Mountain in Kaprun apply also to the
Defendant CYALUME lightsticks.

45. Defendant WERBUNG and AUSTRIAN CABLE CARS have not applied to other agencies
and/or licensing entities of AUSTRIA to change regulations that require the use of Defendant
CYALUME lightsticks on cable cars and/or at tourist Austrian facilities that they promote
including the Kitzsteinhorn Mountain Resort and facilities located in Kaprun Austria.

46. The statements set forth in paragraphs 23 and 24 *(or statements of similar character,*
*substance, context and/or intent)* by Defendants NATIONAL TOURIST OFFICE, TOURIST
OFFICE, WERBUNG and AUSTRIAN CABLE CARS about the safety, training,
equipment, outfitting, maintenance, inspections, technology and operations as related to the
Austrian facilities (of which the Kitzsteinhorn Mountain in Kaprun will almost certainly be
used for training) in the present bid by the City and State of Salzburg and sponsored and/or
supported by Defendants and the Republic of Austria to host the 2014 Winter Olympics.

47. The statements set forth in paragraphs 23 and 24 *(or statements of similar character,*
*substance, context and/or intent)* by Defendants NATIONAL TOURIST OFFICE, TOURIST
OFFICE, WERBUNG and AUSTRIAN CABLE CARS about the nature, characteristics
and/or qualities services and/or commercial services and in particular the safety, training,
equipment, outfitting, maintenance, inspections, technology and operations as related to the
Austrian facilities that they promote, and including the Kitzsteinhorn Mountain Resort and
facilities located in Kaprun Austria and which were and continue to be used in the

promotions and marketing and/or materials distributed in the United States, were false and were made with reckless disregard for the safety of the persons using such facilities.

48. The statements set forth in paragraphs 23 and 24 *(or statements of similar character, substance, context and/or intent)* by Defendants NATIONAL TOURIST OFFICE, TOURIST OFFICE, WERBUNG and AUSTRIAN CABLE CARS about the nature, characteristics and/or qualities services and/or commercial services and in particular the safety, training, equipment, outfitting, maintenance, inspections, technology and operations were part of a pattern of knowing, intentional, negligent, careless and/or reckless marketing and/or advertising misrepresentations related to safety, training of professionals, technology, operations and inspections as related to the Austrian facilities that they promote, and including the Kitzsteinhorn Mountain Resort and facilities located in Kaprun Austria, made in violation of US and NY laws.

49. The statements set forth in paragraphs 23 and 24 *(or statements of similar character, substance, context and/or intent)* by Defendants NATIONAL TOURIST OFFICE, TOURIST OFFICE, WERBUNG and AUSTRIAN CABLE CARS about the safety, training, equipment, outfitting, maintenance, inspections, technology and operations were made in the course of interstate and international commerce for the purpose of deceiving US consumers, businesses and/or otherwise to gain an improper and/or unfair advantage or benefits for the Austrian facilities that they promote, and including the Kitzsteinhorn Mountain Resort and facilities located in Kaprun Austria.

50. There is no adequate remedy in law to cure the damages caused, being caused and/or likely to be caused by the statements set forth in paragraphs 23 and 24 *(or statements of similar character, substance, context and/or intent)* by Defendants NATIONAL TOURIST OFFICE, TOURIST OFFICE, WERBUNG and AUSTRIAN CABLE CARS about the nature,

characteristics and/or qualities services and/or commercial services and in particular the

safety, training, equipment, outfitting, maintenance, inspections, technology and operations

were and continue to be made in the course of interstate and international commerce for the

purpose of deceiving US consumers, businesses and/or otherwise to gain an improper and/or

unfair advantage or benefits for the Austrian facilities that they promote, and including the

Kitzsteinhorn Mountain Resort and facilities located in Kaprun Austria.

### COUNT I - DECEPTIVE / UNFAIR TRADE PRACTICES
### DECLARATORY & INJUNCTIVE RELIEF

51. Plaintiffs repeat each and every allegation set forth in the preceding paragraphs as if the same
were set forth more fully and at length herein.

52. New York law expressly prohibits *"deceptive acts or practices in the conduct of any*
*business, trade or commerce or in the furnishing of any service"*.  *NY General Business Law*
*§ 349.*

53. New York law also prohibits and declares as unlawful any acts of *"false advertising in the*
*conduct of any business, trade or commerce or the furnishing of any serves in this state."  NY*
*General Business Law § 350.*

54. In determining whether any advertising is misleading, NY standards are that "*there shall be*
*taken into account (among other things) not only representations made by statement, word,*
*design, device, sound or any combination thereof, but all the extent to which the advertising*
*fails to reveal facts material in light of such representations . . . or to which the*
*advertisements relates . . . or under such conditions as are customary and usual.*"   *NY*
*General Business Law § 350-a.*

55.  Federal law states that:

 „. . *Any person who, on or in connection with any goods or services, . . . uses in*
*commerce any word, term . . . which in commercial advertising or promotion,*

*misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act."*                                                                        *See 15 USC § 1125*

56.  The statements set forth in paragraphs 23 and 24 *(or statements of similar character, substance, context and/or intent)* by Defendants NATIONAL TOURIST OFFICE, TOURIST OFFICE, WERBUNG and AUSTRIAN CABLE CARS about the safety, training, equipment, outfitting, maintenance, inspections, technology and operations were made in the course of interstate and international commerce with US companies, entities and/or persons, related to the nature, characteristics and qualities of the services and commercial activities at the Austrian facilities promoted, including the Kitzsteinhorn Mountain Resort and facilities located in Kaprun Austria.

57.  The statements set forth in paragraphs 23 and 24 *(or statements of similar character, substance, context and/or intent)* by Defendants NATIONAL TOURIST OFFICE, TOURIST OFFICE, WERBUNG and AUSTRIAN CABLE CARS about the safety, training, equipment, outfitting, maintenance, inspections, technology and operations were made for the purpose of and/or with the intent to deceive US consumers, businesses in the course of interstate and international commerce with US companies, entities and/or persons, about the nature, characteristics and qualities of the services and commercial activities at the Austrian facilities promoted, including the Kitzsteinhorn Mountain Resort and facilities located in Kaprun Austria.

58.  The statements set forth in paragraphs 23 and 24 *(or statements of similar character, substance, context and/or intent)* by Defendants NATIONAL TOURIST OFFICE, TOURIST OFFICE, WERBUNG and AUSTRIAN CABLE CARS about the safety, training, equipment, outfitting, maintenance, inspections, technology and operations were made for

the purpose of and/or with the intent to gain an improper and/or unfair advantage or benefits for the Austrian facilities promoted, including the Kitzsteinhorn Mountain Resort and facilities located in Kaprun Austria.

59. The statements set forth in paragraphs 23 and 24 *(or statements of similar character, substance, context and/or intent)* by Defendants NATIONAL TOURIST OFFICE, TOURIST OFFICE, WERBUNG and AUSTRIAN CABLE CARS about the safety, training, equipment, outfitting, maintenance, inspections, technology and operations were false, deceptive, failed to disclose all material facts and/or were otherwise misleading related to the nature, characteristics and qualities of the services and commercial activities at the Austrian facilities promoted, including the Kitzsteinhorn Mountain Resort and facilities located in Kaprun Austria.

60. In view of the foregoing deceptive, misleading, untrue and/or and unfair trade practices and statements about the nature, characteristics and qualities of the services and commercial activities about the safety, training, equipment, outfitting, maintenance, inspections, technology and operations related to the nature, characteristics and qualities of the services the Austrian facilities promoted, including the Kitzsteinhorn Mountain Resort and facilities located in Kaprun Austria, Defendants NATIONAL TOURIST OFFICE, TOURIST OFFICE, WERBUNG and AUSTRIAN CABLE CARS marketing activities related to these Austrian facilities should be (i) declared as deceptive and unfair trade practices in violation of 15 USC 1125 and NY General Business Laws and (ii) should be enjoined.

61. In view of the foregoing, the continued marketing by Defendants CYALUME and OMNIGLOW LLC of lightsticks with the words "Non-Flammable" and "Non Toxic" Defendant CYALUME should be enjoined.

62. In view of the foregoing Defendants NATIONAL TOURIST OFFICE, TOURIST OFFICE,

WERBUNG and AUSTRIAN CABLE CARS should be enjoined from allowing any of the

Austrian facilities they promoted, including the Kitzsteinhorn Mountain Resort and facilities

located in Kaprun Austria, to purchase and/or use lightsticks from Defendants CYALUME

and/or OMNIGLOW LLC.

## COUNT II – ACCOUNTING & EQUITABLE DISGORGEMENT

63.  Plaintiffs repeat each and every allegation set forth in paragraphs 19 to 59 as if the same

were set forth more fully and at length herein.

64. After the 2000 Kaprun Disaster, Defendants NATIONAL TOURIST OFFICE, TOURIST

OFFICE, WERBUNG and AUSTRIAN CABLE CARS solicited or were the conduit for a

$30,000 contribution from Coca-Cola of Atlanta Georgia[8], which monies were announced as

being given to help victims of the 2000 Kaprun disaster.  *See Exhibit 17.*

65. The plaintiffs never received the monies or any proportionate share of the monies that Coca –

Cola said it donated for the benefit of Kaprun victims.

66. Defendant AUSTRIAN CABLE CARS has never accounted for the $30,000 from Coca-Cola

that was announced as being given to the victims of the Kaprun disaster.

67. In view of the foregoing, Plaintiffs demand (i) an accounting of the $30,000 from Coca Cola,

and (ii) equitable disgorgement of the Coca Cola monies, plus interest,

## PRAYER FOR RELIEF

Plaintiffs demand judgment as follows:

a.              As against Defendants NATIONAL TOURIST OFFICE,

TOURIST OFFICE, WERBUNG and AUSTRIAN CABLE CARS for an Order that their

---

[8]  There is a ongoing business relationship between Coca Cola in the US and AUSTRIAN CABLE CARS, through which Coca Cola among other things promotes itself on the tickets being used at the facilities that AUSTRIAN CABLE CARS promotes,  such as the ones at the Kitzsteinhorn Mountain facility in Kaprun.

----------------

marketing activities related to any of the Austrian facilities they promoted, including the

Kitzsteinhorn Mountain Resort and facilities located in Kaprun Austria be (i) declared as

deceptive and unfair trade practices in violation of 15 USC § 1125 and NY General

Business Laws and (ii) be enjoined;

b.          As against Defendants NATIONAL TOURIST OFFICE,

TOURIST OFFICE, WERBUNG and AUSTRIAN CABLE CARS for an Order

enjoining them from allowing any of the Austrian facilities they promoted, including the

Kitzsteinhorn Mountain Resort and facilities located in Kaprun Austria, to purchase

and/or use lightsticks from Defendants CYALUME and/or OMNIGLOW;

c.          As against Defendant CYALUME and OMNIGLOW LLC for an

Order enjoining them from promoting and/or selling lightsticks with the words "Non-

Flammable" and "Non Toxic";

d.          As against Defendant AUSTRIAN CABLE CARS directing the

accounting of and disgorgement of the $30,000 received from Coca Cola; and

e.          As against all defendants for attorneys' fees, costs of this action.

DATED:      May 17, 2007          By: /s/ Edward D. Fagan_____
            New York, NY          Edward D. Fagan Esq
                                  c/o 1414 Avenue of Americas, # 406
                                   New York, NY  10017
                                  (212) 837-7836 - Email: faganlawintl@aim.com

Of Counsel and Additional Plaintiffs' Counsel in Related Cases
James F. Lowy Esq. - James F. Lowy PA
3907 Henderson Drive, Suite 200, Tampa, FL  33629
Tel. (813) 288-9525 - Email Address: jameslowy@floridalawgroup.com
------------------------
Of Counsel and Additional Plaintiffs' Counsel in Related Cases
Robert Hantman, Esq. - Hantman and Associates, P.A.
1414 Avenue of Americas, # 406
 New York, NY  10017
Tel. (212) 684-3933 - Email: Hantmanrj@aol.com

-----------------

PLAINTIFFS' AUSTRIAN & JAPANESE COOPERATING COUNSEL:
Dr. Ivo Greiter - Greiter, Pegger, Kofler & Partner
Maria-Theresien-Strasse 24, 6020 Innsbruck, AUSTRIA
Tel. 011-43-512-57-18-11 - Email address:  info@greiter.lawfirm.at
-----------------
Dr. Herwig Hasslacher
Hauptplatz 25, 9500 Villach, AUSTRIA
Tel: 011 43 664 243 04 05 - Email address: kanzlei@hh-law.at
-----------------
Dr. Jürgen Hinterwirth
Nonntaler Hauptstraße 1, 5020 Salzburg, AUSTRIA
Tel. 011 43 662 84 00 33 - Email address: office@hinterwirth-neureiter.at
-----------------
Dr. Toichiro Kigawa - Ochanomizu Law and Patent Office
Ochanomizu Church Bldg. 4F, 2-5 Kandasurugadai, Chiyoda-ku, Tokyo, 101-0062, JAPAN
Tel. 011-81-3-3291-6651 - Email: office@kigawa.org
-----------------
Dr. Gerhard Podovsovnik
3 Amheumakt, 1010 Vienna, AUSTRIA
Tel 011-3-664-1103-403 - Email Address: rechtsanwalt@podovsovnik.com
-----------------
Dr. Alexander Schuberth
Salzachtal Bundesstraße 13
5700 Zell/See
Zell am See / Salzburg
Tel 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-56555 – Email Address: a.schuberth@ra-zell.at
-----------------
Dr. Ulrich Schwab
Ringstraße 3, 4600 Wels, AUSTRIA
Tel. 011 43 7242 46297 - Email Address:  aon.912064063@aon.at