UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: SKI TRAIN FIRE IN KAPRUN AUSTRIA ON NOVEMBER 11, 2000 | : | MDL # 1428 (SAS) |

This document relates to the following cases:

| | | |
|---|---|---|
| BLAIMAUER , et al,           Plaintiffs, | : | |
| - and - | : | Civil Action # |
| OMNIGLOW CORPORATION, et al   Defendants. | : | 03–CV–8960 (SAS) |
| GEIER , et al,               Plaintiffs, | : | |
| - and - | : | Civil Action # |
| OMNIGLOW CORPORATION, et al   Defendants. | : | 03–CV–8961 (SAS) |
| MITSUMOTO, et al,            Plaintiffs, | : | |
| - and - | : | Civil Action # |
| REPUBLIC OF AUSTRIA, et al    Defendants. | : | 06–CV–2811 (SAS) |
| MITSUMOTO, et al,            Plaintiffs, | : | |
| - and - | : | Civil Action # |
| ROBERT BOSCH CORP., et al     Defendants. | : | 07-CV-935 (SAS) |
| STADMAN, et al,              Plaintiffs, | : | |
| - and - | : | Civil Action # |
| AUSTRIAN NATIONAL TOURIST OFFICE, et al, Defendants. | : | 07-CV-3881 (SAS) |

================================================================

**25 June 2007 Affidavit of Bias Pursuant to 28 USC § 144 In Support of Plaintiffs Application that the Hon. Shira A. Scheindlin USDJ Take No Further Action in these Cases and Immediately Recuse Herself from the Above Referenced Cases of the Foreign Victims, Survivors and Family Representatives for the Injuries Related to the Kaprun Disaster**

================================================================

I, Toichiro Kigawa , hereby declare and say as follows:

1

## INTRODUCTION

1. I am the Japanese lawyer representing the Japanese victims and family representatives in the above referenced matters.

2. I am in receipt of the Court's June 19, 2007 Opinion and Order *(copy attached as Exhibit 1)* dismissing the Japanese Plaintiffs claims that have been pending in this Court as far back as 2001 and was taken aback by the Court's Opinion and Order, which was completely contrary to all the actions by the Court from 2001 up to April 2007.

3. I have had an opportunity to review the Court's June 19, 2007 Opinion and Order and find it to be filled with factual inaccuracies and what we now understand to be legal deficiencies.

4. I had also considered the possibility that Judge Scheindlin recuse herself because the June 19, 2007 Order contained what the record will show and we know and/or believe to be so many factual and legal deficiencies that any independent person would conclude that the Judge was biased.

5. I/we intended to immediately Move for Reconsideration and intended to do so before the Court issued its June 21, 2007 Order *(copy attached as Exhibit 2)*.

6. Upon receipt of the Judge's June 21, 2007 Order, it became apparent Judge Scheindlin was biased and/or prejudiced against our claims and that she would even go so far as to issue an Order that misrepresented facts and actions by The Court and her Clerk, Jennifer Rosenberg.

7. For the reasons set forth below, we are compelled to file this Affidavit of Bias pursuant to 28 USC § 144, and which is accompanied by a Certification by our Counsel Ed Fagan.

**DOCUMENTS REVIEWED BEFORE SIGNING THIS DECLARATION OF BIAS**

8. Ed Fagan provided us with a copy of the statute and case law related to the timely application and submission of an Affidavit of Bias. I have been provided with and have had an opportunity to review the following:

   a. Statutes and Legal Precedents

      i. *28 USC § 144*;

      ii. Decision of the US Supreme Court in *Liteky v. U.S., 510 US 540 (1994)*;

      iii. Decision of the 2nd Circuit in *Apple v. Jewish Hosp. & Med. Ctr. 829 F.2d 326 (2nd Cir. 1987)*;

      iv. Decision of the 2nd Circuit in *Locasio v. US 473 F.3d 495 (2nd Cir. 2007)*;

      v. Decision of the 2nd Circuit in *Norex Petroleum Ltd. v. Access Industries 416 F.3d 146 (2nd Cir. 2000)*;

      vi. Decision of the 2nd Circuit in *Pollux Holding Ltd v Chase Manhattan Bank 329 F. 3d 64 (2nd Cir. 2002)*; and

      vii. Decision of Judge Scheindlin in *Henderson v. Metropolitan Bank & Trust Company, 06 Civ. 1039 (SAS) (S.D.N.Y. 11-21-2006)*.

b. <u>Transcripts of Certain Court Hearings from 2005 to Present:</u>

   i. Excerpts from November 2, 2005 Hearing- *See Exhibit 3;*

   ii. Excerpts from October 11, 2006 Hearing - *See Exhibit 4;*

   iii. Excerpts from November 17, 2006 Hearing- *See Exhibit 5;*

   iv. Excerpts from January 4, 2007 Hearing - *See Exhibit 6;*

   v. Excerpts from February 2, 2007 Hearing- *See Exhibit 7;*

   vi. Excerpts from March 28, 2007 Hearing - *See Exhibit 8;*

   vii. Excerpts from April 25, 2007 Hearing- *See Exhibit 9;*

   *Note: Excerpts from the June 4, 2007 Hearing will be provided as soon as they are available.*

c. <u>Copies of Court's Extra Judicial and 3rd Party Communications:</u>

   i. April 24, 2007 Letter from Johannes Stieldorf to Court - *See Exhibit 10;*

   ii. April 25, 2007 Email from Judge Scheindlin's Clerk Directly to Johannes Stieldorf - *See Exhibit 11;*

d. Copies of Court's Request for Information relevant to the Resolution of Defendants' Forum Non Conveniens Motion but for <u>Which Information The Court Refuses to Wait:</u>

   i. Court's June 18, 2007 Email Asking and Requesting Responses to Two Questions Related to the Adequacy of Austria as a Potential Alternate Forum to which the cases could be transferred – *See Exhibit 12;*

4

      ii. Fagan June 18, 2007 Email Response Informing Court that the responses about potential bars to re-filing in Austria would be delivered by June 20, 2007 before 5 pm – *See Exhibit 13*;

  e. Copies of Responses to Court's Request for Information relevant to the Resolution of Defendants' Forum Non Conveniens Motion but <u>for Which Information The Court Refuses to Wait:</u>

      i. Fagan June 20, 2007 Letter Attaching Greiter Declaration in Response to Court's June 18, 2007 Questions about Potential Bars to Plaintiffs Re-filing in Austria – *See Exhibit 14*

      ii. June 20, 2007 Greiter Declaration in Response to Court's June 18, 2007 Questions and Identifying Jurisdictional and/or Time Bars to Plaintiffs Re-filing in Austria – *See Exhibit 15*.

## **REASONABLE BASIS TO CONCLUDE JUDGE SCHEINDLIN IS BIASED**

9. The record in this case shows that after the Class Action was decertified and we started to prosecute our Individual Claims the Court appeared to display the type of impartiality that we understand is required or expected of a Judge toward our claims.

10. A simple review of the record and transcripts of the hearings from 2005 to 2007 shows that Judge Scheindlin accepted our claims against the US

5

corporate Defendants and allowed us to litigate our cases without bias, prejudice or extra-judicial influence.

11. Judge Scheindlin's refusal to wait for the information she requested and which she knew was going to confirm that Austria was NOT an adequate forum because the claims which we have litigated in the US for these past many years would be barred for jurisdictional or statute of limitations reasons.

12. Judge Scheindlin's mischaracterization in the June 19, 2007 Opinion and Order of the information requested in the Court's June 18, 2007 Email we believe confirmed the bias and prejudice.

13. Judge Scheindlin's issuance of the June 21, 2007 Order which mischaracterizes her Clerk's June 18, 2007 Email we believe confirmed the bias and prejudice and shows that the Court was more concerned with protecting the factually and legally flawed June 19, 2007 Opinion rather than adhering to the standards of impartiality that is expected and required of the Court.

14. We can now state in good faith, that Judge Scheindlin appears to have an inappropriate bias and prejudice against our claims and our US counsel that we believe require that Judge Scheindlin immediately cease issuing any further Orders and remove herself from this case.

15. Judge Scheindlin' bias and prejudice appears to come from her ex-parte communications with persons – specifically Johannes Stieldorf and

perhaps others - who Judge Scheindlin knew are/were not involved in and had nothing to do with our claims.

16. The Stieldorf letter *(Exhibit 10)* contained multiple attacks against us, our cases in the US and our counsel – all of which attacks were improperly motivated and factually flawed.

17. The Stieldorf letter *(Exhibit 10)* contained ad hominem attacks on our counsel.

18. The Stieldorf letter *(Exhibit 10)* suggested that our claims in the US were factually deficient and that neither we, nor our experts, nor our lawyers in the US knew the facts – which of course in not true.

19. The Stieldorf letter *(Exhibit 10)* suggested that our US lawyer – Ed Fagan – was acting improperly and that he was handling our Kaprun claims in a certain way in order to maximize a recovery for himself in his personal Bankruptcy reorganization – which is not true.

20. The Stieldorf letter *(Exhibit 10)* was hand-delivered to the Court (by whom remains to be seen) so that the Court would consider it – which of course would have been improper – at the April 25, 2007 Hearing which was to take place at 11:45 am.

21. Neither I, nor Dr. Greiter, nor our US counsel were not copied on and Stieldorf did not provide us with a copy of his April 24, 2007 letter, prior to the April 25, 2007 Hearing.

22. In fact the Court withheld the Stieldorf letter *(Exhibit 10)* from counsel until after the April 25, 2007 Hearing – *See Exhibit 11 Showing Stieldorf Letter provided to our US counsel on April 25, 2007 at 3:05 pm.*

23. Instead of rejecting and refusing to consider the Stieldorf letter – as she did in the past – Judge Scheindlin responded directly to Stieldorf in an Email and informed him of the following:

    *Dr. Dr. Stieldorf:  The Judge has received your letter and is grateful for your input.  She asks that I inform you that she will give it full consideration in deciding any issues in this case.  See Exhibit 11;*

24. Instead of rejecting and refusing to consider the letter, Judge Scheindlin stated that she would consider information provided by Stieldorf – who is not a party, is not a Plaintiff, and has no claims in the US.

25. Instead of rejecting and refusing to read the letter, Judge Scheindlin admitted that she would consider the information provided in *"deciding any issue in this case"*.  *See Exhibit 11.*

26. Not only did Judge Scheindlin read and consider the information in the Stieldorf letter, but the biased, prejudicial, hostile and inaccurate information contained in the letter was used and referenced by Judge Scheindlin during the April 25, 2007 Conference.  *See Exhibit 11*.

27. That appears to be the moment when Judge Scheindlin developed her bias and prejudice to our claims that affected her impartiality.

28. The bias and prejudice was the result of Judge Scheindlin's communications with admitted non-parties.

29. The bias and prejudice was the result of Judge Scheindlin's consideration of information provided by non-parties who were admittedly hostile.

30. The bias and prejudice appears to have been the result of Judge Scheindlin's consideration of information that was provided to her improperly and as to which Plaintiffs and our US counsel had no opportunity to correct. Judge Scheindlin's impartiality became tainted and her mind was poisoned toward us, our claims and our US counsel.

31. Judge Scheindlin embarked on a course of action that affected her impartiality in the consideration of the Motions or issues that were before her including:

    a. Plaintiffs' Motion for Sanctions based on Admitted Spoliation of Evidence by Omniglow, its counsel E. Gordon Haesloop and Bartlett McDonough and its insurer St Paul / Travelers;

    b. Plaintiffs' Motion to Disqualify E. Gordon Haesloop and Bartlett McDonough;

    c. Defendants Motion to Dismiss based on Alleged *Forum Non Conveniens* ;

    d. Defendants Motion to Dismiss based on Alleged Statute of Limitations Grounds; and

    e. Plaintiffs Renewed Motion Against GBK based on Fraud on the Court.

32. Judge Scheindlin's bias and prejudice was embodied in the following actions:

a. Setting Inappropriate Arbitrary Deadlines Related to Discovery;

b. Refusing to Rule on Plaintiffs Sanctions Motion against Omniglow, Haesloop, Bartlett/McDonough and St Paul for Admitted Evidence Spoliation and Failure to Issue Litigation Holds;

c. Refusal to Consider Spoliation of Evidence by GBK;

d. Refusing to consider all Matters in the Record;

e. Failing to Give Proper Weight to Whistleblower Testimony;

f. Failing to follow her own precedent and standards *(such as in the 2006 Henderson case decision)* related to Motions to Dismiss based on *forum non conveniens* grounds;

g. Discriminating against foreign Plaintiffs and their claims against the same US Defendants which the US Plaintiffs which were not transferred to Austria and as a result there will now be multiple liability and damage trials based upon the same facts against the same Defendants but which will lead to inconsistent results;

h. Causing Foreign Plaintiffs to Amend Complaints and litigate their claims in the US for over 3 & ½ years only to dismiss the claims because the Court has apparently lost its impartiality and/or patience toward the cases and our US counsel;

i. Refusing to Issue Orders despite specific statements on the record – *such as the Motion to Relieve our US counsel from having to represent Witti and Ganzger clients and granting a Charging Lien as per the June 4, 2007 Conference* ;

  j. Refusing to Consider Submissions by Plaintiffs' witnesses

    i. Declarations of Dr. Carl Abraham;

    ii. Declaration of Prof. Michael Ambrosio;

    iii. Declarations of Ms. Margarete Endl;

    iv. Declarations of Dr. Bernd Geier;

    v. Declarations of Norbert Gschwend;

    vi. Declarations of Dr. Herwig Hasslacher;

    vii. Declarations of Dr. Toichiro Kigawa;

    viii. Declarations of Dr. Gerhard Podovsovnik;

    ix. Declarations of Dr. Ulrich Schwab; and

    x. Declarations of Mr. Ken Torres.

  k. Delaying or allowing delays in delivery and notification to Plaintiff of Orders affecting their submissions and claims, while promptly emailing decisions or Orders to Defendants' counsel.

33. Judge Scheindlin's April 25, 2007 Email to Dr. Stieldorf was an improper communication with a non-party in which Judge Scheindlin promised to consider information that was not properly before her.

34. Judge Scheindlin's June 19, 2007 Order could only have been the result of the Bias and Prejudice from information that the Court improperly considered and which was provided by non – parties such as Dr. Stieldorf and possibly others.

35. Judge Scheindlin's June 19, 2007 Order contains fundamental legal and factual errors which require reconsideration and reversal.

36. Judge Scheindlin's bias and prejudice we believe is demonstrated by her refusal to enter the Order *(granting our US counsel being relieved as counsel for Witti and Ganzger clients)* which she directed she would do after the June 4, 2007 Hearing.

37. Judge Scheindlin's bias and prejudice we believe is demonstrated by her refusal to wait for her own June 20, 2007 5 pm deadline to get responses to the two questions she knew directly affected a decision on defendants Motion which questions were posed in her June 18, 2007 Email.

38. Judge Scheindlin's bias and prejudice we believe is demonstrated by her rush to issuing the June 19, 2007 Opinion and Order when she knew – even according to Defendants submissions - that Plaintiffs' claims could not be re-filed in Austria due to jurisdictional and/or time bars.

39. And, until the issuance of the Court's June 21, 2007, we had hoped that Judge Scheindlin might still be able to give proper consideration when we pointed out all the factual and legal deficiencies in her Order.

40. However, that changed with the issuance of the June 21, 2007 Order.

41. Judge Scheindlin's June 21, 2007 Order states:

    *By Email dated June 18, 2007, the Court posed a straightforward question to all parties, inquiring how many foreign Plaintiffs currently have litigation arising out of the ski train disaster pending – against any Defendant – in an Austrian court. By Email dated that same day, Plaintiffs' counsel fully answered that question. Nevertheless, Plaintiffs' submission of today's date reflect that Plaintiffs counsel misreads the*

> *Court's Email as an invitation to file more declarations related to the question of whether the Austrian Courts provide an adequate alternative forum, a consideration a court must address when deciding a Motion to dismiss based on forum non conveniens. This issue was fully addressed in the parties' submissions and the Court issued its ruling. See Opinion & Order dated June 19, 2007. No further briefing was requested on this issue nor will such tardy submissions now be considered. Nevertheless, Local Rule 6.3 permits a party to timely move for reconsideration if it can assert an adequate ground for such a motion. If Plaintiffs wish to exercise this option, they must do so in Accordance with the applicable rules of procedure.        See Exhibit 2.*

42. Judge Scheindlin's June 21, 2007 Order is an attempt to mischaracterize her June 18, 2007 Email which requested specific information related to the adequacy of the Austrian Court's as a proposed alternative forum.

43. Judge Scheindlin's Clerk's June 18, 2007 Email stated:

    Hello Everyone,

    Will any party with the requisite information please answer the Court's following questions"

    How many foreign Plaintiffs currently do not have civil actions pending in Austria?

    And, if Plaintiffs falling in this category attempted to file suit today, would their claims be time-barred? (i.e. What is the applicable statute of limitation in Austria for analogous tort actions?)

> Please respond ASAP and no later than close of business Wednesday, June 20th.   Thank you,
>
> Jennifer S. Rosenberg, Law Clerk to Hon. Shira A. Scheindlin

44. On June 18, 2007, our counsel Ed Fagan responded and stated:

    *Dear Mrs. Rosenberg:*

    *I have your Email and can advise that the only claims that have been filed in Austria by foreign Plaintiffs are against GBK – which is presently not a party in the US cases, despite the recently filed Rule 60 (b) Motion.*
    *I will ask the questions of the Austrian Cooperating Lawyers and provide a detailed response Defendant by Defendant named in each of the existing complaints.            Ed Fagan*

45. Judge Scheindlin's Clerk's Email of June 18, 2007 asked two questions – not one which Judge Scheindlin's June 21, 2007 Order suggested.

46. The second question by Judge Scheindlin in the Email of June 18, 2007 was a question which the Court knew had to be addressed in whatever decision the Court would make about whether or not Austria presented an adequate alternative forum.  At the time of her Email on June 18, 2007, Judge Scheindlin knew that there was at least a probable time bar to the re-filing of the claims and therefore Austria was NOT an adequate alternate forum and that the Motion should be denied.

47. As of June 18, 2007 Judge Scheindlin knew that our US counsel had to be in touch with Austrian counsel to get the response to her 2nd and perhaps most important question.

48. As of June 18, 2007 Judge Scheindlin knew that the response to the 2nd question about potential bars to re-filing would require her to deny the Defendants Motion.

49. However, instead of waiting for the promised response by June 20, 2007 at 5 pm as requested, Judge Scheindlin rushed to issue the June 19, 2007 Order.

50. Judge Scheindlin's June 19, 2007 Order does not even mention the jurisdictional or time bars as to which Judge Scheindlin knew probably existed when she caused her Clerk to send the June 18, 2007 Email.

51. Judge Scheindlin received no response from Defendants to her two questions in her June 18, 2007 Email.

52. Despite Judge Scheindlin's June 19, 2007 Order, Judge Scheindlin received Plaintiffs response to the two questions in her Email on June 20, 2007 within the time set by the Court. This response was by way of the June 20, 2007 Declaration of Dr. Ivo Greiter which was a detailed response to Judge Scheindlin's June 18, 2007 questions and which showed her that there were jurisdictional and/or time bars to Plaintiffs re-filing in Austria.

53. In an effort to avoid unnecessary Motion practice and to promote judicial economy, we wrote to Judge Scheindlin and submitted the Greiter Declaration and requested that Judge Scheindlin withhold entry of the June 19, 2007 Order so that she could consider the submission and revise

the Order in accordance with the facts and law which it knew or believed to exist as of June 18, 2007.

54. The Greiter Declaration was and is uncontroverted and sets forth the existence of jurisdictional and time bars against all the 15 Defendants (16 with typo to include Bosch Rexroth Corporation) which have been involved in the US cases dating back to 2001.  *See Exhibit 15 par 4 a) and b).*

55. As noted above, Defendants submitted no response to Judge Scheindlin's June 18, 2007 request for further information and their papers we believe confirmed that Plaintiffs claims could not be re-filed because they would be time barred and because there were other jurisdictional problems.

56. Instead of considering our submission in the spirit intended – in a case that has gone on for years – Judge Scheindlin's response – by way of the issuance of the June 21, 2007 Order was a further demonstration of her bias and prejudice and lack of impartiality.

57. Judge Scheindlin completely ignored the 2nd question in which she requested specific information about potential bars to re-filing that would have required Judge Scheindlin to deny the Motion.

58. Based on Judge Scheindlin's June 21, 2007 Order, we have no doubt that if the Motion for Reconsideration is considered by her it will be futile. Judge Scheindlin did not even acknowledge the existence of the two questions in her June 18, 2007 Email – a fact which she had to know could be objectively shown to an impartial Judge or to the 2nd Circuit.  This Motion is being filed at the earliest possible opportunity.

**CONCLUSION**

59. Defendants have dragged these cases out for years.  It now appears that they did so just to get to this point where they could try to get the claims transferred to a Court where – to coin a phrase – the claims would be *"Dead on Arrival"* either due to a time bar or a jurisdictional bar.  It also now appears that Judge Scheindlin knew this as of June 18, 2007 but chose to improperly disregard the facts and the law.

60. The Kaprun victims and survivors have been irreparably harmed and prejudiced by the Court's June 19, 2007 Order.  Judge Scheindlin had to have known that our claims could not be re-filed in Austria.  However, it appears Judge Scheindlin allowed bias and prejudice to influence her opinion.   Her June 19, 2007 Opinion and Order, when coupled with the June 18, 2007 Email and her follow up June 21, 2007 Order suggest that Judge Scheindlin may no longer be able to exercise her duties to Plaintiffs and to the Court to handle the Motions[1] and cases before her impartially.

61. Kaprun victims and families brought and have prosecuted these claims in the United States for years.  We expected to finish them expeditiously in the only Court where there are no jurisdictional and time bars – as exist in Austria – against these US Defendants.  We expected our cases would be presided over by an impartial Judge.  We file this Declaration not because of adverse rulings but because of adverse rulings we believe were based upon bias, prejudice and improper communications with non-parties.

---

[1] The Court should note that the Motions Plaintiffs will be filing also include (i) a Motion to Expand the Record in the event an appeal becomes necessary, (ii) a Motion for Reconsideration and (iii) a Motion for Recusal in the event Judge Scheindlin based on this Affidavit of Bias does not recuse herself.

62. Unfortunately, Judge Scheindlin's actions from April 25 to June 21, 2007 show that is not possible.

63. We fear that if Judge Scheindlin is allowed to continue with this case, all future submissions and motion practice before her will be tainted because of her bias, prejudice, improper communications with non-parties and/or consideration of and allowing alleged facts and information from non-parties to be included in or affect her decisions.

64. We fear that we will end up wasting more time and money in going through the necessary Motion practice in order to establish a record on Appeal that the 2nd Circuit will ultimately review.

65. We respectfully submit the interests of justice would best be served if Judge Scheindlin recuses herself and allows these issues to be decided by an impartial Judge who is not prejudiced or biased and who has not engaged in or considered communications and information from non-parties and information such as those which tainted Judge Scheindlin.

### DECLARATION UNDER 28 USC § 1746

I declare, verify, certify and state under the penalty of perjury the foregoing statements to be true.

Dated: 25 June 2007          /s/ original signature being provided separately
      Tokyo, Japan                              Dr. Toichiro Kigawa

### DECLARATION IN ACCORDANCE WITH 28 USC § 1746 AND AS REQUIRED BY 28 USC §144

I have read the above Declaration of Bias and certify that no prior Declarations of Bias have been filed and this Declaration has been made in Good Faith after considering the facts, documents and records in this case.

Dated: 25 June 2007          _____
      New York, NY                          Edward D. Fagan