EXHIBIT 3 a

To

25 June 2007

Affidavit of Bias

Pursuant to 28 USC § 144

```
5B2LSKIC                                                            1
                                                     159
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 3   IN RE:  SKI TRAIN FIRE
     IN KAPRUN, AUSTRIA                    CASE NO.
 4                                         01 MDL 1428   (SAS)
     ------------------------------x
 5
                                           New York, N.Y.
 6                                         November 2, 2005
                                           10:35 a.m.
 7
     Before:
 8
                    HON. SHIRA A. SCHEINDLIN,
 9
                                           District Judge
10
                          APPEARANCES
11
     KOHN, SWIFT & GRAF, PC
12        Attorneys for Plaintiffs Habblett, et al.
     BY:  ROBERT A. SWIFT
13          (via telephone)

14   SPEISER, KRAUSE, NOLAN & GRANITO
          Attorneys for Plaintiffs
15   BY:  KENNETH P. NOLAN

16   NAGEL, RICE & MAZIE
          Attorneys for Plaintiffs Habblett, et al.
17   BY:  JAY J. RICE

18   EDWARD D. FAGAN
          Liaison Counsel to Class Plaintiffs,
19        including Geier, Batori; and
          All Non American Victims in Class cases
20
     REED, SMITH, LLP
21        Attorneys for Defendant
          Bosch Rexroth Corporation
22   BY:  PAUL P. ROONEY

23   KIRKLAND & ELLIS, LLP
          Attorneys for Defendants
24        Siemens Austria, Siemens AG, Siemens Corp.
     BY:  BRANT BISHOP
25
                    SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300
```

1   MR. FAGAN: All of the foreign plaintiffs, Judge.
2   THE COURT: Are the foreign plaintiffs here in the
3   absence of intervention? Till a motion to intervene is
4   granted, if it's ever granted, are they here? Do you have a
5   client to file this motion?
6   MR. FAGAN: Judge, they are here. They're here in the
7   Omniglow case. There is an Omniglow case that was filed by the
8   foreign plaintiffs. That -- actually, two cases, but by the
9   decedent families and by the survivor families. That case was
10  consolidated with the former class action. It is --
11  THE COURT: Batori and Geier.
12  MR. FAGAN: Batori and Geier originally was just a
13  case against Omniglow. That case exists. It was consolidated
14  for procedural purposes with the class action.
15  THE COURT: There is no class action. You have moving
16  to intervene in what case?
17  MR. FAGAN: We are moving to intervene in the cases as
18  they relate to Siemens Corp and as they relate to Bosch Rexroth
19  Corp, the U.S. defendants.
20  THE COURT: So the case that you now have against
21  Omniglow, foreign plaintiffs, Batori and Geier, are there any
22  other defendants in that case?
23  MR. FAGAN: No, Judge.
24  THE COURT: It's a one-defendant case.
25  MR. FAGAN: It's a one-defendant case for now, but

```
 1   based on what I outlined in the papers, we need to file a
 2   Rule 60(b) motion as against American Cyanimide.
 3            THE COURT:  Which you haven't filed.
 4            MR. FAGAN:  No, I had to ask permission to file that.
 5            THE COURT:  Mr. Haesloop, you know about this case,
 6   right?  Of course.
 7            MR. HAESLOOP:  Well, your Honor, in my papers opposing
 8   intervention --
 9            THE COURT:  Can we put intervention aside?  He says,
10   intervention aside, he's got a straight-out direct lawsuit
11   against you.  I don't have to worry about diversity, for
12   example.  In the other case, if we must intervene, there's a
13   risk of destroying diversity because you'll have foreign
14   plaintiffs against foreign defendants, but in your case he says
15   it's a simple straightforward case of bunches of foreigners
16   against --
17            MR. HAESLOOP:  Against Omniglow.
18            THE COURT:  Which is not a jurisdictional issue.
19            MR. HAESLOOP:  That's correct.
20            THE COURT:  So that case exists.
21            MR. HAESLOOP:  That case does exist.
22            THE COURT:  And there's no question about it.  In
23   other words, no issue of intervention there.  It's a case.
24            MR. HAESLOOP:  There are many issues in that case.
25            THE COURT:  But, I mean, it's an existing case.
```

1    MR. HAESLOOP: It is an existing case. In Batori and
2    Geier, who are the very same plaintiffs that he's moving on
3    behalf of.
4        THE COURT: To intervene.
5        MR. HAESLOOP: Right.
6        THE COURT: But that's a different issue. I can make
7    it simpler. If he was denied intervention in the other cases,
8    he'd still have a case against you.
9        MR. HAESLOOP: That's correct.
10       THE COURT: That's good to clarify. And in that one,
11   he wants to file a motion today.
12       MR. HAESLOOP: That's what he wants to do.
13       THE COURT: For partial summary judgment which is
14   ready to go docket, and it's 10 days late.
15       MR. HAESLOOP: And his expert's affidavit that he's
16   going to base that motion on wasn't executed by his own expert
17   till October 21st, which is why he hasn't filed any motion, and
18   I think I'm entitled to the deposition and a Daubert hearing
19   before he files that motion.
20       THE COURT: Before he files the motion?
21       MR. HAESLOOP: Before he files the motion.
22       THE COURT: Frankly, I should care about that more
23   than you. Because all that filing starts a clock running,
24   doesn't affect you at all. You could say in order to respond
25   to a summary judgment under 56(e) or (f) -- I never get it

1  right -- I'm entitled to certain discovery.  So it doesn't
2  matter if he files it or not.  I'm the only one who cares.  I'd
3  like him not to in the sense of the clock running, but in this
4  case I'd like him to just to see that any date is kept.  Though
5  that's really irrelevant to you.  If you're entitled to
6  discovery, under the rule, you get it.
7           MR. HAESLOOP:  And the other discovery I'll need from
8  him that's in my motion papers that's been raised before is the
9  fact that I've still not received on behalf of any of his
10 European clients the legal documents from Germany and Austria
11 that relate to the appointment of an estate.
12          THE COURT:  You did raise that, and I have that here
13 in my outline.  You say he lacks the capacity to pursue this
14 because none of these are the recognized representative of the
15 estate of the deceased -- decedents.
16          MR. HAESLOOP:  That's right, and that discovery demand
17 was served in Batori and Geier, and I have not received the
18 response from them.
19          THE COURT:  So far as you're concerned, the decedents'
20 cases, not people who are victims and alive, but decedents, you
21 have no proof yet that anybody's been appointed a legal
22 representative for the decedents.
23          MR. HAESLOOP:  That's correct.
24          THE COURT:  If you were to win and be right about all
25 that, there would still be the other case.

1    MR. HAESLOOP: But I only have Mr. Geier's deposition.
2    We don't have the depositions of the other nine plaintiffs.
3              THE COURT: Well, what does it take to get those?
4              MR. HAESLOOP: Takes some cooperation from plaintiffs'
5    counsel to help me schedule them and bring them here. They
6    should come here for those depositions.
7              THE COURT: Not necessarily. Sounds right because
8    they're plaintiffs, but those rules are not, as you know,
9    immutable. Those rules can be adjusted by the Court at its
10   discretion if need be. I don't know if people are victims.
11   Maybe they're very injured. I don't know who these people are.
12   I don't know how injured they are. I don't know how able to
13   travel they are. I don't know whether it wouldn't be more
14   convenient to round them all up in one city or place and do
15   them at once rather than have nine different people travel to
16   the States.
17             So I don't know what progress you've made in getting
18   those. Is it only nine others?
19             MR. HAESLOOP: It's the nine other survivors other
20   than Mr. Geier. And when we went and did Mr. Geier's
21   deposition, it was because of a medical condition.
22             THE COURT: Right.
23             MR. HAESLOOP: His testimony during his deposition
24   when he was asked the following question: How long before your
25   heart attack did you stop taking your medications? His answer

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300