EXHIBIT 3 a/b

To

25 June 2007

Affidavit of Bias

Pursuant to 28 USC § 144

5B2LSKIC                    Conference

1    THE COURT: I'm not going to prejudge whether that's
2  sufficient, not sufficient, what experts will come and testify
3  about foreign law. But what he's saying is you can save
4  yourself the trouble if you can get the certificates because
5  then he isn't going to move on that ground.
6    MR. FAGAN: Yes, your Honor.
7    THE COURT: If you want to go with this idea the
8  criminal court recognized them he'll probably make a motion to
9  dismiss for lack of jurisdiction and we'll get foreign experts
10 and more hearings and another year gone. Or you can get the
11 certificates.
12   MR. FAGAN: Yes, your Honor.
13   THE COURT: Let's talk about the nine victim
14 plaintiffs. What about deposing those? He says he has not had
15 the opportunity to depose those nine. What's the situation
16 with those nine, Mr. Fagan?
17   MR. FAGAN: Your Honor, they all live in Vilseck,
18 Germany. They are all in one location. They can be produced
19 easily in Vilseck, Germany. We're going now to Munich between
20 the 14th to the 16th to take depositions of Siemens people and
21 Bosch people, and I can start producing the defendant -- the
22 plaintiffs after that. They're all there.
23   THE COURT: You're going anyway, Mr. Haesloop, for
24 these depositions?
25   MR. HAESLOOP: I am going to Munich, but I have to be

1           MR. HAESLOOP:  Right.
2           MR. FAGAN:  The defendants Siemens and defendant
3   Bosch -- Siemens is Mr. Bishop, and I believe Mr. Rooney is
4   Bosch.
5           MR. ROONEY:  Bosch Rexroth Corporation.
6           THE COURT:  But if the intervention were to be denied
7   for whatever reason, let's say diversity grounds, didn't you
8   say something about wanting to add some defendants to your
9   currently pending Batori/Geier cases against Omniglow?
10          MR. FAGAN:  Yes, your Honor.  What I mentioned was
11  that we could, with regard to the issue of diversity, it's
12  relatively easy to simply amend the cases and have the claims
13  as against the -- by the non or the foreign victim families as
14  against the American entities, Omniglow, Siemens Corp and Bosch
15  Rexroth Corp -- those are all American companies.
16          THE COURT:  American companies.
17          MR. FAGAN:  Then there is the issue --
18          THE COURT:  So the argument about destroying diversity
19  is only as to foreign defendants.
20          MR. FAGAN:  That's correct, your Honor.
21          THE COURT:  With respect to the American defendants,
22  you would just add them into the currently pending case.
23          MR. FAGAN:  That's correct, your Honor.
24          THE COURT:  Against Omniglow.
25          MR. FAGAN:  That's correct, your Honor.

1    THE COURT:  Is there any time bar of your doing that?
2    MR. FAGAN:  I don't believe so, your Honor.  Because
3 all of these people were opt-ins, and the clock stopped as
4 regards to the opt-ins.
5    THE COURT:  That's a long time ago, though.
6    MR. FAGAN:  Actually, the Supreme Court just
7 decertified it, I think, a few months ago.
8    THE COURT:  Feels like about eight months.  When did
9 the Supreme Court deny cert?  I sort of remember January.  When
10 was it?
11   MR. SWIFT:  It was May.
12   MR. RICE:  I'm not sure whether the ruling's come down
13 yet.
14   MR. BISHOP:  Your Honor, I think there is some -- I
15 don't mean to be disrespectful to the Second Circuit Clerk's
16 office, but I think there's some disorganization in the Clerk's
17 office because the mandate itself appears not to have been sent
18 back.
19   THE COURT:  Why do you think he would be barred?  If
20 he has the tolling, why would he be barred from now adding the
21 American defendants into the current action against Omniglow?
22   MR. BISHOP:  Are you asking me, your Honor?
23   THE COURT:  Yes.
24   MR. BISHOP:  It's the *American Pipe* rule, which I
25 assume is the basis for his claim.

1            THE COURT:  I assume.
2            MR. BISHOP:  Doesn't extend to people who file their
3    own lawsuits.  Explicitly.  It extends only to people who --
4            THE COURT:  But they've filed a lawsuit against you.
5            MR. BISHOP:  They've filed lawsuits.
6            THE COURT:  Not against you.
7            MR. BISHOP:  That's correct.  Not against us yet.  But
8    they cannot contend to have relied on the class action status,
9    and there's many cases which we could present to the court if
10   it were necessary to brief it.
11           THE COURT:  Even if they didn't sue you, they sued
12   somebody else.
13           MR. BISHOP:  I believe that's right, your Honor.
14           THE COURT:  You believe that.  But I wonder.
15           MR. BISHOP:  The rationale of the *American Pipe* rule
16   is to not encourage lawsuits.  And so those who file lawsuits,
17   in any event, are not granted the benefits of the tolling.
18           THE COURT:  But that's when they're suing some
19   defendant.  If they didn't know they had a claim against a
20   defendant or if they relied on the class action and therefore
21   sort of didn't pursue a particular defendant, that might be
22   different.  It's when they sue the same defendant at the same
23   time.  They have a class action against Company "X" and then
24   they also sue individually against Company "X", *American Pipe*
25   totally doesn't apply.  I understand that.

1    MR. BISHOP:  That's clearly the case.

2    THE COURT:  But that's not this case.  What he
3 wouldn't be left arguing was, I sued Omniglow, and we had a
4 case there, and didn't know or wasn't sure or relied on the
5 class action against Siemens, didn't sue Siemens, so I'd fit in
6 under the *American Pipe*, I relied on the class action.  I'm not
7 out of time, because I've been told.  Now I'm just going to act
8 as a direct defendant in the Omniglow case.

9    MR. BISHOP:  All I'm saying is I think the rationale
10 that precludes application of *American Pipe* could extend to
11 this situation, but that is an issue that we would brief if and
12 when we ever get to that point.

13   THE COURT:  If your research ends up convincing you
14 you should.

15   MR. BISHOP:  Correct.

16   THE COURT:  If your research convinces you otherwise,
17 I would hope you wouldn't.  But in any event it sounds like
18 intervention aside, you could ensure -- do this directly.  Why
19 don't you just do it.

20   MR. FAGAN:  By Friday, your Honor, I'll file the
21 amended complaint by Friday.  I had mentioned in our papers,
22 with regard to diversity, it's very simple just to realign
23 them.

24   THE COURT:  I'm not busy doing your work, Mr. Fagan.
25 I have tons of my own.  If you want to bring a lawsuit now

1           THE COURT: That would be February 17th. All right.
2  So that's the new schedule. That's that motion.
3           Let's review. You're going to file an amended
4  complaint this Friday.
5           MR. FAGAN: Yes, your Honor.
6           THE COURT: This Friday, November 4th. Adding the
7  American defendants to the Geier and Batori lawsuits against
8  Omniglow.
9           And then Mr. Bishop, or anybody else, if you really
10 think there's a motion on timeliness or any other ground, you
11 would bring it in the usual time, whatever that is. 20 days,
12 30 days, whatever the rules are.
13          MR. BISHOP: After service.
14          THE COURT: Right. Okay.
15          And my rules would say, that with respect to motions
16 to dismiss, you need to write a letter to your adversary and
17 vice versa, but not to me.
18          I think we've handled everything we need to except for
19 your desire to file this motion to strike.
20          MR. FAGAN: Actually, another one, your Honor.
21          THE COURT: One at a time. The motion to strike. Why
22 do I need another motion on my list of motions? In this case
23 or any other case? I don't need it. It's done, it's done. I
24 mean, we went over the allegations pretty well. I know what's
25 pending. I know what's not pending. I'm directing you to

5B2LSKIC                       Conference

```
 1   inform me if any of them are resolved, favorably or
 2   unfavorably.  That's my direction.  I just made it on this
 3   record.  So if there's a decision in the New Jersey case,
 4   you'll have to let me know.
 5           MR. FAGAN:  I will, Judge.
 6           THE COURT:  If there's a further proceeding in Europe
 7   on that application, favorable or unfavorable -- favorable
 8   would be to halt it, which is your motion; unfavorable, you are
 9   to let me know.
10           MR. FAGAN:  I will, Judge.
11           THE COURT:  What's the other motion now?
12           MR. FAGAN:  Your Honor, with regard to the Cyanimide,
13   your Honor insisted the American Cyanimide case -- I believe it
14   was November 12th, 2004.
15           THE COURT:  In what case?
16           MR. FAGAN:  It was Omniglow and American Cyanimide.
17           THE COURT:  The one we just talked about?
18           MR. FAGAN:  Yes, Judge.
19           THE COURT:  The one you're filing an amended complaint
20   on Friday?
21           MR. FAGAN:  Yes, Judge.  That's the one where we
22   believe, based on what we've got from Dr. Abrams and based on
23   what we just got out of Austria, we should to ask your Honor to
24   restore the American Cyanimide case.
25           THE COURT:  That's what you call the 60(b) motion?
```