6ABMSKIC                                                                         1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

IN RE:   SKI TRAIN FIRE
IN KAPRUN, AUSTRIA
                                              01 MDL 1428   (SAS)
------------------------------x

                                              New York, N.Y.
                                              October 11, 2006
                                              1:30 p.m.

Before:

              HON. SHIRA A. SCHEINDLIN,

                                                  District Judge

                        APPEARANCES

EDWARD D. FAGAN
     Liaison Counsel to Class Plaintiffs

REED SMITH
     Attorneys for Defendant
     Bosch Rexroth Corporation
BY:  PAUL P. ROONEY

BARTLETT McDONOUGH BASTONE & MONASHAW
     Attorneys for Defendant Omniglow
BY:  E. GORDON HAESLOOP

MORRISON MAHONEY, LLP
     Attorneys for Defendant Bosch Rexroth AG
BY:  AART SONI

U.S. DISTRICT COURT FILED DEC 07 2006 S.D. OF N.Y.

Original

DOC # 224

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

6BHbwskic

1    by competent counsel.
2            MR. FAGAN:  On a different theory, your Honor.
3            THE COURT:  That's what I said.  Tell him what new
4    areas you wish to go into.  You can write some kind of outline
5    what you intend to cover and maybe you won't have a dispute.
6    If it's done, I'll rule.
7            MR. FAGAN:  I made a stipulation with Mr. Haesloop
8    that I would not ask a single question that was asked before.
9    Here's the plaintiff's theory.  We delivered actually --
10           THE COURT:  That's nice that you wouldn't ask the same
11   questions.  Can you outline the areas, just the areas that you
12   wish to cover that were not already covered?
13           MR. FAGAN:  The distribution network, your Honor, in
14   addition to the distribution network, the way the light sticks
15   themselves contributed to the explosion sequence.  The other
16   plaintiffs have a different theory on the explosion sequence.
17   I mentioned to Mr. Haesloop and they know this already.  We've
18   actually offered them an accident reconstruction video that we
19   were able to recreate.  According to one expert, there was --
20           THE COURT:  I need to resolve these disputes one by
21   one and quickly, Mr. Haesloop.  I think he has the right to
22   depose 30(b)(6) witness on behalf of his clients.  I think he
23   has that right.  He's given his word which he will be able to
24   lodge an objection to he will not repeat any question areas not
25   covered according to him under a different theory.  You have to

6CI7SKIM

1  you want to move against this service?
2          MR. BISHOP:  The question -- a couple of questions.
3          THE COURT:  The November 22 service, do you want to
4  move against it?
5          MR. BISHOP:  Which Siemens Transportation Systems
6  company in which case?
7          THE COURT:  Beats me.
8          MR. FAGAN:  Siemens Transportation Systems Corp. in
9  the New York cases.  They were served at CT Corporation.
10         THE COURT:  I see that.  November 22, CT Corp.
11         MR. BISHOP:  The question relates to the e-mail that
12 Mr. Fagan sent today changing the configuration of the
13 defendants in the cases.
14         THE COURT:  Well, he basically deconsolidated because
15 consolidation was causing a different problem, so I had told
16 him several conferences ago to separate those back out, and I
17 think that's all he did.
18         MR. BISHOP:  So this is Geier and Blaimauer.
19         MR. FAGAN:  Yes, it's Geier and Blaimauer.
20         THE COURT:  That's probably correct.  Exactly right,
21 it's Geier and Blaimauer.
22         Now, do you want to challenge that service or not?  I
23 should ask Mr. Fagan first, are you done in your opinion on
24 this one?
25         MR. FAGAN:  We are.

1   and certificates of service.  The service started on October 5.
2   I have to look at the exact date, Judge.  All I'm suggesting
3   is, I will, between now and tomorrow at this time, I'll file
4   the affidavits and certificates of service.
5           THE COURT:  If you'd rather contest service, then just
6   move on the statute of limitations, please do it on the same
7   schedule.  If you're accepting that the service was good, then
8   please coordinate on the statute of limitations issue.  So
9   there is one set of briefing.  She agrees.
10          MR. FAGAN:  Thank you.
11          There are other defendants.  The Siemens defendants
12  are not here, your Honor.  Could we just have an order where
13  whoever it is --
14          THE COURT:  Who are you adding there?  Are you adding
15  somebody now in this new amended complaint that's being filed
16  tomorrow?
17          MR. FAGAN:  It's the names of who they are here in the
18  United States, your Honor.
19          THE COURT:  So it should be the same issue --
20          MR. FAGAN:  It should be the same issue.
21          THE COURT:  -- that Mr. Rooney is raising.
22          MR. FAGAN:  Yes.
23          MR. ROONEY:  I'm not sure that all the dates that
24  apply to my company also -- in terms of the statute of
25  limitations apply to Siemens or any other defendant.

6ABMSKIC

```
 1            THE COURT:  But they are very likely going to be
 2   making a statute of limitations motion to a complaint that's
 3   filed in the fall of '06.
 4            MR. ROONEY:  True, your Honor.
 5            THE COURT:  Would somebody be willing to communicate
 6   to them the briefing schedule?
 7            MR. FAGAN:  I will, your Honor.
 8            THE COURT:  Who is their lawyer?
 9            MR. HAESLOOP:  Grant Bishop and Bob Littleton.
10            THE COURT:  I'm allowing the amendment to be filed.
11   It's a procedural permission so we get the motions going.  It's
12   just to tee up the statute of limitations motion issue.
13            That get us to the next part of this thing, which is
14   successor liability.  The defense counsel, Mr. Rooney, writes
15   that this is premature.  We aren't going to do this twice.
16            Mr. Rooney, when do you think it is appropriate to do
17   it?  Let me back up.  If you won on statute of limitations,
18   would the successor liability question disappear?
19            MR. ROONEY:  I believe so, yes.  It's just that I'm
20   not clear what Mr. Fagan's motion proposed motion exactly is.
21            THE COURT:  It's sort of like the Court should declare
22   that so and so is responsible for somebody else's tortious
23   activity.
24            MR. ROONEY:  First, we should find who is liable and
25   then we can find out whether their successors are liable.  That
```