```
         6BHbwskic                                                1
 1       UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF NEW YORK
 2       ------------------------------x

 3       IN RE:  SKI TRAIN FIRE,
                                                 01 MDL 1428
 4                    .
         ------------------------------x
 5                                               New York, N.Y.
                                                 November 17, 2006
 6                                               5:15 p.m.

 7       Before:

 8                      HON. SHIRA A. SCHEINDLIN,

 9                                               District Judge

10                            APPEARANCES

11       SPEISER, KRAUSE, NOLAN & GRANITO
              Attorneys for Plaintiffs Habblett
12       BY:  CHRISTINA M. FRY

13       MORRISON MAHONEY LLP
              Attorneys for Bosch Rexroth AG
14       BY:  AARTI SONI

15       MENDES & MOUNT, LLP
              Attorneys for Wika Alexander Wiegand GmbH & Co.
16       BY:  EILEEN T. McCABE
              WILLIAM P. LALOR
17
         FULBRIGHT & JAWORSKI, LLP
18            Attorneys for ExxonMobil
         BY:  ROBERT D. OWEN
19            JOHN F. SULLIVAN, III

20       REED SMITH, LLP
              Attorneys for Defendant Bosch Rexroth Corp.
21       BY:  PAUL P. ROONEY

22       BARTLETT, McDONOUGH, BASTONE & MONAGHAN, LLP
         BY:  E. GORDON HAESLOOP
23
         WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
24       BY:  ROBERT W. LITTLETON

25       KIRKLAND & ELLIS, LLP
         BY:  BRANT W. BISHOP

                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300
```

6BHbwskic

1    jurisdiction over the case or I don't.  You may really not want
2    to do that.  You may want to rethink your amended complaints.
3    If you end up wrong on the jurisdiction of Mitsumoto, you might
4    still save Blaimauer.  I don't know.
5        MR. FAGAN:  What I'd like to do is simply take it and
6    redo Mitsumoto.
7        THE COURT:  I think you're going to file third amended
8    complaints of all three and keep them separate which you agree
9    Mr. Bishop, is the right thing to do and he will also rethink
10   who's named in this.
11       MR. FAGAN:  I'll do that your honor.
12       MR. BISHOP:  To avoid any confusion, the fourth
13   amended complaint.  The current complaint, which is labeled
14   second amended complaint, is actually the third amended
15   complaint, so if we can make it the fourth amended complaint.
16       THE COURT:  We can.  I think we've covered all of the
17   topics for today's letters.  We managed to schedule one motion,
18   one deposition and nothing more.
19       MR. FAGAN:  May I make a suggestion, your Honor.  The
20   Court also had issued an order that has to do with dividing the
21   cases.  There is still cases against the American -- that
22   involve discrete American defendants that are moving forward to
23   trial.  Your Honor had already done that.  That extends this.
24   That will all be extended because of the extension of discovery
25   in this.

6BHbwskic

1           THE COURT:  Of course.
2           MR. BISHOP:  The cases Mr. Fagan has are all
3   identical.
4           THE COURT:  He's going to fix that before amending the
5   complaint.  I hope he will because otherwise it's dangerous
6   ground.
7           MR. BISHOP:  Today, the complaint against
8   Mr. Haesloop's claim, Omniglow, is the same complaint.
9           THE COURT:  I know because he added all this stuff
10  that's going to throw him out of court.
11          MR. BISHOP:  So there are no separate cases.
12          THE COURT:  I understand, but there will be.  He's
13  going to revisit those amendments to see if a de facto
14  consolidated which he didn't want to do and de facto put him in
15  a position where there may be a subject matter challenge all
16  around he doesn't need to face in a similar lawsuit against
17  Omniglow, for example.
18          MR. FAGAN:  Your Honor, the way we did it in the first
19  place, your Honor originally was severing those claims against
20  that defendant.
21          THE COURT:  I either have jurisdiction over a case or
22  I don't.  You could make your life simpler by keeping the cases
23  separate.
24          MR. FAGAN:  I will.
25          THE COURT:  All right.

6BHbwskic

1        MR. HAESLOOP:  Your Honor, I understand.  My objection
2    is to Mr. Fagan's theory of two tracks.  Now, the two-track
3    theory will lead to perhaps inconsistent verdicts, if Omniglow
4    faces a trial in New York, a trial in Massachusetts on the same
5    issues with various codefendants.  And therefore, I think that
6    there has to be one trial and one track for Omniglow, not two
7    separate.  There's no severance.
8        THE COURT:  That's a good idea.  Where is the
9    so-called Massachusetts case?
10        MR. HAESLOOP:  That's the case of Habblett v.
11    Omniglow.
12        THE COURT:  Where's the New York case?  What is going
13    to be this Mitsumoto without the foreign defendants?
14        MR. FAGAN:  Or Blaimauer.
15        THE COURT:  Or Blaimauer without the foreign
16    defendants?  What are you saying, those cases should be tried
17    together?  I don't think anybody disapproves of that.
18        MR. HAESLOOP:  I think they should.  That's all I
19    wanted, a clarification.
20        THE COURT:  That's very good.  I don't think anybody
21    disagrees.  We can go home for the weekend now.
22        (Adjourned)
23
24
25