UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
IN RE: SKI TRAIN FIRE IN KAPRUN AUSTRIA          :    MDL # 1428 (SAS)
       ON NOVEMBER 11, 2000                      :
---------------------------------------------------------X
This document relates to the following cases:
---------------------------------------------------------X
BLAIMAUER, et al,                  Plaintiffs,   :
                                                 :
       - and -                                   :    Civil Action #
                                                 :    03–CV–8960 (SAS)
OMNIGLOW CORPORATION, et al                      :
                                   Defendants.   :
---------------------------------------------------------X
---------------------------------------------------------X
GEIER, et al,                      Plaintiffs,   :
       - and -                                   :    Civil Action #
                                                 :    03–CV–8961 (SAS)
OMNIGLOW CORPORATION, et al                      :
                                   Defendants.   :
---------------------------------------------------------X
---------------------------------------------------------X
MITSUMOTO, et al,                  Plaintiffs,   :
       - and -                                   :    Civil Action #
                                                 :    06–CV–2811 (SAS)
REPUBLIC OF AUSTRIA, et al                       :
                                   Defendants.   :
---------------------------------------------------------X
---------------------------------------------------------X
MITSUMOTO, et al,                  Plaintiffs,   :
       - and -                                   :    Civil Action #
                                                 :    07–CV–935 (SAS)
ROBERT BOSCH CORPORATION, et al                  :
                                   Defendants.   :
---------------------------------------------------------X

==========================================================================
            SUPPLEMENTAL INFORMATION IN RESPONSE TO COURT'S
      JUNE 18, 2007 QUESTIONS RELATED TO CLAIMS IN AUSTRIA AND
          POTENTIAL BAR IF CLAIMS WERE FILED NOW IN AUSTRIA
==========================================================================

I, Ivo Greiter, lawyer in Innsbruck, Austria, Europe hereby declare and say:

1) I am a lawyer in Innsbruck, Austria, Europe and have been involved with the claims of

   Kaprun victims and survivors from 2001 to the present.

1

2) I make this declaration in response to the Court's questions about Civil Action pending in Austria of June 18, 2007.

3) Ed Fagan informed me that the Court has asked these questions because it is presently considering Motions to Dismiss by American defendants in the *Blaimauer*, *Geier* and *Mitsumoto* cases which have alleged that Austria is a more convenient forum for the existing US claims and that the Kaprun victims and/or survivors can bring the same claims that they have in the United States in Austria. That is unfortunately not true.

4) There are multiple "bars" to the bringing of claims in Austria in 2007 by the Kaprun victims families whom I represent in Austria. They are as follows:

   a) There is a practical problem with the ability of the Austrian courts to enforce any judgment that could be attained in Austria against US-companies;

   b) There is a time bar to the bringing of any claim against the defendant companies that have been named in the complaints that have been pending or brought in the United States dating back to 2001. According to the information from Ed Fagan these defendants include:

   i) Omniglow Corporation and its alleged successor Cyalume;

   ii) American Cyanamid Corporation or its alleged successor Wyeth;

   iii) Robert Bosch Corporation;

   iv) Bosch Rexroth AG;

   v) Bosch Rexroth GmbH;

   vi) Rexroth Mannesmann AG;

   vii) Rexroth Mannesmann GmbH;

   viii) Mannesmann AG;

   ix) Mannesmann GmbH;

2

    x) Siemens AG;

    xi) Siemens AG Austria;

    xii) Siemens Transportation Systems Inc;

    xiii) Siemens Transportation Systems Gmbh;

    xiv) Siemens Transportation Systems Inc; and

    xv) OE – Verbund.

5) The Austrian legal system would bar these complaints because they do not have the same principals which we have been told by Ed Fagan exist in the United States and which apply to the existing US claims, as to which we rely on our present US counsel and previously relied on former class counsel. According to the information from Ed Fagan these include:

    a) The statute of limitations tolling provisions which we understand to mean the clock stops, applied while the former class action was in existence;

    b) Equitable tolling principals that we understand exist in the US to toll the statute of limitations but which would not toll the Statute of Limitations in Austria;

    c) Equitable estoppel that we understand exist in the US to toll the statute of limitations but which would not toll the Statute of Limitations in Austria;

    d) "Relation back" theory that we understand exist in the US to toll the statute of limitations but which would not toll the Statute of Limitations in Austria; and

    e) Adding another cooperate party to an existing complaint is not possible and would not toll the Statute of Limitations in Austria.

6) The Court should note that the Kaprun victims' families that I represent commenced the actions as I was informed by Ed Fagan in the United States in 2001. I filed one claim in Austria against GBK and that claim was based upon a very limited liability issue. The only reason I filed that complaint in Austria was to protect the Statute of Limitations against GBK

3

as to that claims as we awaited the US Court's decision on GBK's Motion to Dismiss for alleged lack of jurisdiction.

7) I did not file claims in Austria against any of the entities named in any of the Class Actions. Before I filed the claim in Austria against GBK I was informed as follows:

   a) I was informed by US-counsel in 2002, the US Court had already denied the Motions to Transfer by Siemens AG, Siemens Austria, Siemens Corporation, Bosch Rexroth Corporation, Bosch Rexroth AG, Bosch Rexroth Hydraulics US and Omniglow Corporation in decisions dated August 8 and 14, 2002 respectively (*I have asked Ed Fagan to attach a copy of the Court's decision*).

   b) I was informed by US-counsel that on October 13, 2003 – about 4 weeks before the expiration of the Statute of Limitations in Austria the US Court granted conditional class Certification (*I have asked Ed Fagan to attach a copy of the Court's decision*).

8) The Austrian civil court concerning the statute of limitation reads in its § 1489 as follows in German language:

   "§ 1489. Jede Entschädigungsklage ist in drei Jahren von der Zeit an verjährt, zu welcher der Schade und die Person des Beschädigers dem Beschädigten bekannt wurde, der Schade mag durch Übertretung einer Vertragspflicht oder ohne Beziehung auf einen Vertrag verursacht worden sein. Ist dem Beschädigten der Schade oder die Person des Beschädigers nicht bekannt geworden oder ist der Schade aus einer oder mehreren gerichtlich strafbaren Handlungen, die nur vorsätzlich begangen werden können und mit mehr als einjähriger Freiheitsstrafe bedroht sind, entstanden, so erlischt das Klagerecht nur nach dreißig Jahren."

9) In English this § 1489 reads as follows (translated as in the book by Paul L. Baeck "The General Civil Code of Austria" published for The Parker School of Foreign and Comparative

4

Law Columbia University in the City of New York by Oceana Publications, Inc. Dobbs Ferry, New York, 1972):

"Article 1489. All actions for damages are extinguished after three years as from the moment when the damaged party learned of the damage and the identity of the person who caused it, regardless whether the damage was caused by breach of contract or without relation to a contract. If the damaged party does not become aware of the damages or of the identy of the party who caused the damage, or if the damage arises from a felony, the right to sue is extinguished after thirty years."

10) It seems that the defendants in the US have dragged these cases out for years. It now appears that they did so just to get to this point where the could try to get the claims transferred to a Court where – to coin a phrase - they would be *"Dead on Arrival"* either due to a time bar or a jurisdictional bar.

11) The Kaprun victims families would be irreparably harmed and prejudiced if the defendants Motion were granted. As noted above, these claims against the defendants listed under Point 4) b) from i) to xv) cannot be prosecuted in Austria because they are time barred in Austria. The Kaprun victims families brought their claims in the United States and have prosecuted them for the last 6 years and wish to finish them expeditiously in a Court where they can be prosecuted and a court where a judgment can be enforced against the US-defendants.

12) I pray that the Court deny Defendants renewed Motion.

### DECLARATION UNDER 28 USC § 1746

I declare, verify, certify and state under the penalty of perjury the foregoing statements to be true.

Dated: 20 June 2007
Innsbruck, Austria

_____
Ivo Greiter