**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- X

| | | |
|---|---|---|
| IN RE: SKI TRAIN FIRE IN KAPRUN AUSTRIA ON NOVEMBER 11, 2000 | : : | **MDL # 1428 (SAS)** |

-------------------------------------------------------------- X

This document relates to the following cases:

-------------------------------------------------------------- X

| | | |
|---|---|---|
| BLAIMAUER , et al,         Plaintiffs, | : : | |
| - and - | : : | **Civil Action #** **03–CV–8960 (SAS)** |
| OMNIGLOW CORPORATION, et al    Defendants. | : | |

-------------------------------------------------------------- X
-------------------------------------------------------------- X

| | | |
|---|---|---|
| GEIER , et al,         Plaintiffs, | : | |
| - and - | : : | **Civil Action #** **03–CV–8961 (SAS)** |
| OMNIGLOW CORPORATION, et al    Defendants. | : | |

-------------------------------------------------------------- X
-------------------------------------------------------------- X

| | | |
|---|---|---|
| MITSUMOTO, et al,         Plaintiffs, | : | |
| - and - | : : | **Civil Action #** **06–CV–2811 (SAS)** |
| REPUBLIC OF AUSTRIA, et al    Defendants. | : | |

-------------------------------------------------------------- X
-------------------------------------------------------------- X

| | | |
|---|---|---|
| MITSUMOTO, et al,         Plaintiffs, | : | |
| - and - | : : | **Civil Action #** **07-CV-935 (SAS)** |
| ROBERT BOSCH CORP., et al    Defendants. | : | |

-------------------------------------------------------------- X
-------------------------------------------------------------- X

| | | |
|---|---|---|
| STADMAN, et al,         Plaintiffs, | : | |
| - and - | : : | **Civil Action #** **07-CV-3881 (SAS)** |
| AUSTRIAN NATIONAL TOURIST OFFICE, et al,        Defendants. | : : | |

-------------------------------------------------------------- X

================================================================

**3 JULY 2007 DECLARATION OF EDWARD FAGAN (WITH DECLARATION OF DR. BERND GEIER AS TO CERTAIN FACTS) AND MEMORANDUM OF AUTHORITIES IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR RECONSIDERATION AND OTHER RELIEF UNDER LOCAL RULE 6.3 & FRCP 60 (b), FOR RECUSAL UNDER 28 USC §§ 144 & 455, FOR INTERVENTION UNDER FRCP 24 (b) AND FOR OTHER MISCELLANEOUS RELIEF**

================================================================

Edward D. Fagan hereby declares and says:

1

1. I am one of Plaintiffs' counsel in the above referenced matters.

2. With this Declaration I am providing as Exhibit 1 a list of the documents, which Plaintiffs' submit should be included to properly supplement the record.

3. These documents relate to the 25 June 2007 Affidavits of Bias by Dr. Bernd Geier and Dr. Toichiro Kigawa, the 29 June 2007 Supplemental Affidavit of Dr. Geier.

4. These documents also relate to the Motions for Miscellaneous Relief[1] which Plaintiffs are compelled to file as a result of the Court's 19 June 2007 Order, which was entered on 20 June 2007.

### As to Brief Extension of Time

5. Local Rule 6.3 provides that *"a notice of motion for reconsideration . . . shall be served within ten (10) days after the entry of the Court's determination . . . or within ten (10) days after the entry of the judgment."*

6. FRCP Rule 6 provides that *"in computing any period of time prescribed or allowed . . . by the local rules of any district court . . . the last day of the period (excludes) a legal holiday . . . and when the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation."*

7. The 19 June 2007 Opinion and Order was entered on 20 June 2007.  The ten (10) day period for the filing of the Motion pursuant to Local Rule 6.3 as computed in accordance with FRCP 6 (a) would expire on July 5, 2007.   The time started to run on June 21 and the days to be counted are June 21, 22, 25, 26, 27, 28, 29, July

---

[1] Plaintiffs' Motions include Motion for Reconsideration and Other Relief Under Local Rule 6.3 & FRCP 60 (b), for Recusal under 28 USC §§ 144 & 455, for Intervention under FRCP 24 (b) and for other Miscellaneous Relief.

2, 3 and 5th.  Note: June *23 & 24, June 30 and July 1st are weekends and July 4th is a legal holiday.*   The time expires on July 5th.

8.  However, Plaintiffs request the Court grant an extra week within which to file the designated Motions.  The reason for this request is that Plaintiffs' counsel needs to travel to Europe to consult with the Plaintiffs and to gather additional information that needs to be included in the Motions.

9.  Notwithstanding this request for additional time and as *bona fides* of Plaintiffs intent to file these Motions, Plaintiffs have prepared and are attaching as Exhibit 2 a Summary of the facts and authorities in support of its various Motions.

10. Furthermore, Plaintiffs' expect the Court to act on its own – as it should do pursuant to *28 USC § 144* – and issue an Order recusing itself after reviewing the 25 June 2007 Affidavits of Bias by Dr. Bernd Geier and Dr. Toichiro Kigawa and the 30 June 2007 Supplemental Affidavits of Bias setting forth specific points related to bias, prejudice, ex-parte communications, improperly considering matters outside the pleadings and other matters that reflect upon the Court's failure to avoid the appearance of partiality.

11. No judgment has been entered and there can be no real prejudice to the Defendant by the granting of this two (2) week extension of time.

**Additional Facts Related to Request for Additional Time**

12. On Monday July 2, 2007, new findings and reports from the German Court in Heilbronn related to the Kaprun Disaster were published and which will support the Court's *sua sponte* reversal of the 19 June 2007 Opinion and Order which necessitated this Motion practice.

3

13. Plaintiffs will be submitting a separate translation of the German Court finding in a case brought by GBK against the heater company Fakir, using the findings of the Austrian Court and Austrian Court appointed experts (as the defendants have done in this Court) to suggest that they – GBK – had no liability for the disaster.

14. The German Court and prosecutors confirm the destruction of evidence and the interference with ability of persons making claims to get access to evidence related to the Kaprun disaster.

15. The German Court's findings were published after the 19 June 2007 Opinion and Order was entered on 20 June 2007.

16. The German Court's findings show that – at least as it relates to the Kaprun disaster - the Austrian Courts do not present an adequate forum – even if the claims could be re-filed (which the Court knows they cannot be).

17. Plaintiffs are informed that the German Court's findings in pertinent part are that:

    a. Despite requests The Austrian Court and the Austrian Court appointed experts did not and could not present the evidences requested by the German investigators;

    b. German Police confirmed that crucial evidence fundamental to the disaster were missing, in particular those parts which the Court appointed officials in Austria and the Court itself relied upon in exonerating GBK of liability for the disaster and attempting to assess the cause of the disaster on an faulty heater;

    c.   There was extraordinary carelessness and negligence in the handling and preservation of evidence by those involved with the Austrian investigation;

    d.   The Austrian Court appointed persons who did not have proper credentials to investigate and opine about the cause of the disaster and who did not properly document and preserve evidence;  and

    e.   The findings of the Austrian Criminal Court are not consistent with the facts and the evidence and cannot be trusted and the results are accurate;

18. As a result of this Report and Findings by the German Prosecutor, during the period from June 13 – 18, 2007, a delegation of Plaintiffs and their US lawyers will travel to get more specific information from the German Prosecutors, German Court officials and the former Austrian Prosecutor.

19. A copy of translations of excerpts of the Heilbronn Court findings and the entire report in German will be filed separately.

20. However, for these purposes, the Court should note that the German Court has now confirmed that there was not a fair trial for Kaprun Victims in Austria during the Criminal Process and these findings support explanations as set forth in the numerous Declarations previously submitted by Dr. Carl Abraham, Dr. Bernd Geier, Dr. Ivo Greiter, Dr. Herwig Hasslacher, Dr. Toichiro Kigawa, Dr. Gerhard Podovsovnik, Dr. Ulrich Schwab and others that attest to the fact that Austria is not an adequate alternate forum for Plaintiffs claims.

21. Plaintiffs submit that this brief extension is in the best interests of judicial economy and request the time so that evidence which has just become available to

the public and which directly relates to the issue pending before the Court

including the prior Declarations of Bias submitted under 28 USC § 144, can be

gathered and presented for the Court's position[2].

**As to Request for Hearing to Supplement and Clarify the Record**

22. Plaintiffs call the Court's attention to *Davis v. Musler 713 F.2d 907, 913 (2d Cir.*

*1983)* in which the 2nd Circuit explained that *"a denial of a motion without a*

*hearing to supplement and clarify the Record constituted an abuse of discretion."*

23. The Court's attention is also directed to *Chambers v. Time Warner 282 F. 3d 147,*

*152-53*, which the Court relied upon in its 2003 Opinion and Order in *National*

*Union Fire Ins. v. International Wire Group 02-CV-10338 (SAS)* stating:

> *Courts may not consider matters outside the pleadings but may*
> *consider documents attached to the pleadings, documents*
> *referenced in the pleadings or documents that are integral to the*
> *pleadings.*

24. In view of the foregoing, Plaintiffs urge the Court to convene a Hearing at which

time the Plaintiffs can discuss and clarify the documents necessary to supplement

the record to avoid yet another grounds for appeal based on abuse of discretion

*(See Davis v. Musler, supra)* and at which there can be clarification on the record

of the matters that the Court considered outside the pleadings which the Court

knew was not permitted to consider *(See Chambers v. Time Warner, supra)*  and

at which Plaintiffs can clarify all the pleadings, the documents attached to,

referenced in or integral to pleadings as to which there is a question about whether

---

[2]  As Plaintiffs have previously explained to the Court, and as is now confirmed by the German Court's findings related to the adequacy of Austrian Courts to address even the claims of Kaprun victims against GBK that were previously timely filed as holding actions while the US Court allowed us to prosecute our claims in the US for the last several years.  Plaintiffs submit that the Court has been misled by GBK, these defendants and others, all of which Plaintiffs' intend to show in the upcoming Motions.

or not the Court properly considered but which it should have *(See National*

*Union Fire Ins. V. International Wire Group, supra)* before issuing its 19 June

2007 Order.

25.  In view of the foregoing, Plaintiffs request the Court grant the relief sought in the

July 3, 2007 Motion in its Entirety.


Dated: 3 July 2007                    _____
        New York, NY                              Edward D. Fagan



--------------------------------------------------------------------------------------------------------------


## DECLARATION UNDER 28 USC § 1746

I declare, verify, certify and state under the penalty of perjury that the facts and statements as contained in paragraphs 12 to 20 of Mr. Fagan's foregoing Declaration are true and on behalf of Plaintiffs, I support and request the Court grant the relief sought in the foregoing Motion.

Dated: 3 July 2007                    _____
                                                  Dr. Bernd Geier