**In Re: Ski Train Fire in Kaprun Austria on Nov. 11, 2000, MDL # 1428 (SAS); Blaimauer - 03-CV-8960(SAS); Geier = 03-CV-8961(SAS); Mitsumoto - 06-CV-2811(SAS), Mitsumoto - 07-CV-935(SAS), Stadman - 07-CV-3881(SAS)**

**Summary of Facts / Authority in Support of Motion for Reconsideration pursuant to FRCP 60 (b) & Local Rule 6.3, Motion for Intervention Pursuant to FRCP 24 (b) and Recusal Pursuant to 28 USC §§ 144 and 455 – Page 1**

---

# Error # 1

## Court Erred in Finding Claims Could be Re-Filed in Austria.

*See Norex Petroleum Ltd. v. Access Industries, 416 F.3d 146 (2nd Cir. 2005) and Pollux Holding Ltd. v. Chase Manhattan Bank, 329 F.3d 64, 70 (2d Cir. 2003).*

1. **Record Confirms Jurisdictional Bar to Plaintiffs Re-Filing Claims in Austria**
    a. Defendants Combined Submissions Show Jurisdictional Problems to re-Filing and Securing Jurisdiction over Plaintiffs' Claims against Defendants named in *Blaimauer-03-CV-8960(SAS), Geier-03-CV-8961(SAS), Mitsumoto-06-CV-2811(SAS), Mitsumoto-07-CV-935(SAS) and Stadman-07-CV-3881(SAS)* (hereinafter "*Blaimauer, Geier, Mitsumoto, Mitsumoto and Stadman*").
    b. Defendants' Submissions fail to Demonstrate that the Austrian Court can obtain Jurisdiction over Defendants Named in US cases.
    c. Defendants Offered Expert Kodek fails to provide any evidence the Austrian Courts can obtain Jurisdiction over Defendants Named in US cases.
    d. Plaintiffs' Submissions Show Jurisdictional Problems to re-Filing and Securing Jurisdiction over Plaintiffs' Claims against Defendants named in *Blaimauer, Geier, Mitsumoto, Mitsumoto and Stadman*.
2. **Record Confirms Time Bar to Plaintiffs Filing of Their Claims in Austria**
    a. Defendants Combined Submissions confirm that there exists a Statute of Limitations Bar to Re-Filing of Plaintiffs' Claims against Defendants named in *Blaimauer, Geier, Mitsumoto, Mitsumoto and Stadman*.
    b. Defendants Submissions fail to Demonstrate that Plaintiffs claims would not be immediately precluded even if filed in Austria.
    c. Defendants Offered Expert Kodek confirms that Plaintiffs claims over all Defendants Named in US cases would be time barred if Re-Filed in Austria.
    d. Plaintiffs' Submissions Show Plaintiffs claims over all Defendants Named in *Blaimauer, Geier, Mitsumoto, Mitsumoto and Stadman* would be time barred if Re-Filed.

In Re: Ski Train Fire in Kaprun Austria on Nov. 11, 2000, MDL # 1428 (SAS); Blaimauer - 03-CV-8960(SAS); Geier = 03-CV-8961(SAS); Mitsumoto - 06-CV-2811(SAS), Mitsumoto -  07-CV-935(SAS), Stadman - 07-CV-3881(SAS)

Summary of Facts / Authority in Support of Motion for Reconsideration pursuant to FRCP 60 (b) & Local Rule 6.3, Motion for Intervention Pursuant to FRCP 24 (b) and Recusal Pursuant to 28 USC §§ 144 and 455 – Page 2

---

## Error # 2

### Court Erred in Finding Austria More Convenient Forum For Alleged Witnesses

*See Factors Etc., Inc. v. ProArts, Inc., 579 F.2d 215 (2nd Cir. 1978); Cohn v. Metropolitan Life Insurance Co. 07 Civ. 0928 (HB) (S.D.N.Y. 5-31-2007); Lynch v. National Prescription Administrators, 03 Civ. 1303(GBD) (S.D.N.Y. 2004); KPMG Consulting Inc. v. LSQ II, LLC., 01 Civ. 11422 (SAS) (S.D.N.Y. 2002); Cohn v. Metropolitan Life Insurance Co.,07 Civ. 0928 (HB) (S.D.N.Y. 5-31-2007)*

1. The Court failed to recognize that Defendants did not identify any witnesses for whom Austria is or would be a more convenient forum.
2. The Court failed to recognize that Defendants did not submit a summary of alleged testimony from whatever witnesses Defendants claims they intend to offer and for which unidentified witnesses Austria is allegedly a more Convenient Forum.  *Note -Plaintiffs Identified that their Witnesses would be in the US and from the US defendant entities and discovery has been and additional specific discovery demands have been served.*
3. The Court failed to recognize that the Private Interest Arguments Advanced by Defendants was flawed as the Court did not properly consider the private interests factors of the Austrian, Czech, Dutch, German, Japanese and Slovenian victims and survivor family representatives in (a) having the claims they have been prosecuting and for which they expended time, energy and monies on lawyers, consultants, researchers and experts for years in the US continue to conclusion plaintiffs  and (b) having their claims heard in impartial US Courts where the US defendants companies and their commercial and promotional activities in and emanating from the US can be judged; and
4. The Court erred in its analysis of Public Interest Factors Advanced by Defendants and in fact there are no legitimate public interest factors in having the Plaintiffs claims in Austria - *which has been confirmed by the July 2007 German Court and Prosecutors Findings which exposed the failings of the Austrian Judicial System, experts and the politics involved in the Kaprun investigation and claims.*

Case 1:07-cv-03881-SAS    Document 13-5    Filed 07/04/2007    Page 3 of 6

In Re: Ski Train Fire in Kaprun Austria on Nov. 11, 2000, MDL # 1428 (SAS); Blaimauer - 03-CV-8960(SAS); Geier = 03-CV-8961(SAS); Mitsumoto - 06-CV-2811(SAS), Mitsumoto - 07-CV-935(SAS), Stadman - 07-CV-3881(SAS)

Summary of Facts / Authority in Support of Motion for Reconsideration pursuant to FRCP 60 (b) & Local Rule 6.3, Motion for Intervention Pursuant to FRCP 24 (b) and Recusal Pursuant to 28 USC §§ 144 and 455 – Page 3

---

# Error # 3 –

## Court Erred in its Analysis that Needed to Be Afforded to Plaintiffs' Choice of Forum

*See Norex Petroleum Ltd. v. Access Industries, 416 3d 146 (2nd Cir. 2005) and Pollux Holding Ltd. v. Chase Manhattan Bank, 329 F.3d 64, 70 (2d Cir. 2003).*

1. Court erred in failing to include in its analysis the fact that the Plaintiffs claims could not be re-filed in Austria against the Defendants;
2. Court erred in failing to include in its analysis the fact that evidence in Austria had been destroyed and witnesses had been intimidated;
3. Court erred in failing to include in its analysis the fact that discovery had been conducted for three years;
4. Court erred in failing to include in its analysis the fact that discovery was taken according to schedule set by Court;
5. Court erred in failing to include in its analysis the fact that Experts' Reports were exchanged in accordance with prior Court Orders;
6. Court erred in failing to include in its analysis the fact that experts' depositions were completed according to prior Court Orders;
7. Court erred in failing to include in its analysis the fact that depositions of *Geier* Plaintiffs were taken and completed;
8. Court erred in failing to include in its analysis the fact that the failure to take depositions was a result of Defendants' Delays, Not delays caused by Plaintiffs;
9. Court Erred in failing to include in its analysis the fact that the record is devoid of any request by Defendants take depositions of any Plaintiffs;
10. Court's June 19, 2007 Opinion and Order – entered on 20 June 2007 – was not consistent with Court's May 31, 2006 Ruling;
11. Court Erred in failing to include in its analysis the fact that the Court allowed Defendants to stall the Cases by filing piecemeal Motions, which delayed the Plaintiffs' ability to more expeditiously complete discovery and get cases ready for trial;
12. Court Erred in failing to include in its analysis the fact the Court allowed Plaintiffs to Litigate the Cases in US since 2001 and then again since 2004;

*In Re: Ski Train Fire in Kaprun Austria on Nov. 11, 2000, MDL # 1428 (SAS); Blaimauer - 03-CV-8960(SAS); Geier = 03-CV-8961(SAS); Mitsumoto - 06-CV-2811(SAS), Mitsumoto -  07-CV-935(SAS), Stadman - 07-CV-3881(SAS)*

*Summary of Facts / Authority in Support of Motion for Reconsideration pursuant to FRCP 60 (b) & Local Rule 6.3, Motion for Intervention Pursuant to FRCP 24 (b) and Recusal Pursuant to 28 USC §§ 144 and 455 – Page 4*

---

13. Court Erred in failing to include in its analysis the fact that Plaintiffs' Complaints and Amended Complaints were first the result of a concession made through which Plaintiffs withdrew their July 2005 Motions to Intervene;

14. Court Erred in failing to include in its analysis the fact that Plaintiffs' Complaints and Amended Complaints and the alignment of cases so that some had only US Defendants and others had foreign Defendants was done in accordance with the Court's Instructions so that the cases against US Corporate Defendants could be tried in US;

15. Court Erred in its analysis by concluding that it was Plaintiffs who attempted to join parties that would destroy jurisdiction as a defect which suggested that Plaintiffs' ability to continue litigating the cases in the US was suspect;

16. Court Erred in its analysis by concluding that Plaintiffs failed to include Siemens AG or Siemens Austria as a defect in Plaintiffs' case.

Case 1:07-cv-03881-SAS   Document 13-5   Filed 07/04/2007   Page 5 of 6

In Re: Ski Train Fire in Kaprun Austria on Nov. 11, 2000, MDL # 1428 (SAS); Blaimauer - 03-CV-8960(SAS); Geier = 03-CV-8961(SAS); Mitsumoto - 06-CV-2811(SAS), Mitsumoto -  07-CV-935(SAS), Stadman - 07-CV-3881(SAS)

Summary of Facts / Authority in Support of Motion for Reconsideration pursuant to FRCP 60 (b) & Local Rule 6.3, Motion for Intervention Pursuant to FRCP 24 (b) and Recusal Pursuant to 28 USC §§ 144 and 455 – Page 5

---

# Error # 4

## Court Demonstrated Impermissible Bias and/or Prejudice Against Plaintiffs, Plaintiffs' Claims and Plaintiffs' Counsel.

*See Liteky v. v. United States, 510 U.S. 540 (1994), U.S. v. Conte, 99 F.3d 60 (2nd Cir. 1996) and Locasio v. US 473 F3d 493 (2nd Cir. 2007)*

1. Court Set Inappropriate Arbitrary Deadlines Related to Discovery – *See Arrington v. Elections Board, (E. D. Wis. 2001)*;

2. Court Failed to Consider all Matters in the Record – *See National Union Fire Ins. v. International Wire Group (S.D.N.Y. 2003) 02 Civ. 10338 (SAS)*;

3. Court Failed to Consider Sanctions Motions against Omniglow, Haesloop, Bartlett/McDonough and St Paul for Admitted Evidence Spoliation and Failure to Issue Litigation Holds;

4. Court Refused to Consider Spoliation of Evidence by GBK;

5. Court Failed to Give Proper Weight to Whistleblower Testimony;

6. Court Demonstrated Bias and Prejudice by Failing to Follow its own precedent and standards to enter conditional dismissal if at all – *See Henderson v. Metropolitan Bank & Trust Company et al, 06 Civ. 1039 (SAS) (S.D.N.Y. – 2006)*;

7. Court Demonstrated Bias and Prejudice to Foreign Plaintiffs by Failing to Respect Their Claims which as US Plaintiffs against certain of the Defendants thereby causing multiple liability and damage trials based upon the same facts against the same Defendants but which will lead to inconsistent results;

8. Court Demonstrated Bias and Prejudice to Foreign Plaintiffs by allowing them to Amend their Complaints and litigate their claims in the US for over 3 & ½ years only to now dismiss claims because the Court has decided it does not want to handle these cases anymore;

9. Court Demonstrated Bias and Prejudice by Refusing to Recognize or Consider Submissions and Matters in the Record and/or Referred to in Pleadings including but not limited to:

    a. Declarations of Dr. Carl Abraham;

    b. Declaration of Prof. Michael Ambrosio;

    c. Declarations of Ms. Margarete Endl;

    d. Declarations of Dr. Bernd Geier;

Case 1:07-cv-03881-SAS     Document 13-5     Filed 07/04/2007     Page 6 of 6

*In Re: Ski Train Fire in Kaprun Austria on Nov. 11, 2000, MDL # 1428 (SAS); Blaimauer - 03-CV-8960(SAS); Geier = 03-CV-8961(SAS); Mitsumoto - 06-CV-2811(SAS), Mitsumoto -  07-CV-935(SAS), Stadman - 07-CV-3881(SAS)*

*Summary of Facts / Authority in Support of Motion for Reconsideration pursuant to FRCP 60 (b) & Local Rule 6.3, Motion for Intervention Pursuant to FRCP 24 (b) and Recusal Pursuant to 28 USC §§ 144 and 455 – Page 6*

---

     e.    Declarations of Norbert Gschwend;

     f.    Declarations of Dr. Herwig Hasslacher;

     g.    Declarations of Dr. Toichiro Kigawa;

     h.    Declarations of Dr. Gerhard Podovsovnik;

     i.    Declarations of Dr. Ulrich Schwab;

     j.    Declarations of Mr. Ken Torres;

10. Court Engaged in, Permitted and Considered *Ex Parte* Communications with Dr. Johannes Stieldorf (a witness known to be hostile, biased and prejudiced against Plaintiffs, Plaintiffs claims and Plaintiffs US counsel);

11. Court agreed to and included in its consideration of Defendants Motions, matters that were not properly in the record, and which included information, facts and opinions from a witness known to be hostile, biased and prejudiced against Plaintiffs, Plaintiffs claims and Plaintiffs US counsel;

12. Court failed to wait for responses about whether or not there was a bar to Plaintiffs re-filing of claims in Austria;

13. Court rushed to issue its 19 June 2007 Opinion and Order (entered on 20 June 2007) in an attempt to close the record before the deadline for response to request for supplemental information set by the Court and due by 20 June 2007;

14. Court issuing the June 21, 2007 Order misrepresenting facts related to the 18 June 2007 Email;

15. Court refused to consider and give proper weight to all matters in the record, including matters related to spoliation of evidence by Defendants and GBK;

16. Court issued Orders but delayed delivering and/or notifying Plaintiffs counsel of the existence of Orders;

17. Court engaged in *Ex Parte* Communications with witness Richard Rosa and possibly with defendant Omniglow counsel prior to June 7, 2007 deposition; and

18. Court rushed to issue Orders without awaiting the completion of and transcripts from Court Ordered depositions which the Court Ordered had to be completed by 15 June 2007.

<u>Note</u>:  *Additional authority included in the prior submissions related to the Affidavits of Bias pursuant to 28 USC § 144 submitted by Dr. Bernd Geier and Dr. Toichiro Kigawa, the Supplemental Affidavit of Bias by Dr. Bernd Geier and the accompanying Declaration being filed with this Motion and Summary.*