UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ X
IN RE: SKI TRAIN FIRE IN KAPRUN AUSTRIA       :      MDL # 1428 (SAS)
     ON NOVEMBER 11, 2000                     :
------------------------------------------------------------ X
This document relates to the following cases:
------------------------------------------------------------ X
BLAIMAUER , et al,              Plaintiffs,   :
                                              :
    - and -                                   :      Civil Action #
                                              :      03–CV–8960 (SAS)
OMNIGLOW CORPORATION, et al     Defendants.   :
------------------------------------------------------------ X
------------------------------------------------------------ X
GEIER , et al,                  Plaintiffs,   :
    - and -                                   :      Civil Action #
                                              :      03–CV–8961 (SAS)
OMNIGLOW CORPORATION, et al     Defendants.   :
------------------------------------------------------------ X
------------------------------------------------------------ X
MITSUMOTO, et al,               Plaintiffs,   :
    - and -                                   :      Civil Action #
                                              :      06–CV–2811 (SAS)
REPUBLIC OF AUSTRIA, et al      Defendants.   :
------------------------------------------------------------ X
------------------------------------------------------------ X
MITSUMOTO, et al,               Plaintiffs,   :
    - and -                                   :      Civil Action #
                                              :      07-CV-935 (SAS)
ROBERT BOSCH CORP., et al       Defendants.   :
------------------------------------------------------------ X
------------------------------------------------------------ X
STADMAN, et al,                 Plaintiffs,   :
    - and -                                   :      Civil Action #
                                              :      07-CV-3881 (SAS)
AUSTRIAN NATIONAL TOURIST OFFICE, et al,      :
                                Defendants.   :
------------------------------------------------------------ X
```

==================================================================
**SUPPLEMENTAL DECLARATION OF EDWARD D. FAGAN AND DR. BERND GEIER IN FURTHER SUPPORT OF PLAINTIFFS' 4 JULY 2007 MOTION FOR MISCELLANEOUS RELIEF RELATED TO OPINION AND ORDER ENTERED ON 20 JUNE 2007**
==================================================================

Edward D. Fagan and Dr. Bernd Geier hereby declare and say:

1. This Supplemental Declaration is being filed in further support of Plaintiffs' 4

    July 2007 Motion for an Extension of Time within which to File their (i) Motion

1

for Reconsideration pursuant to Local Rule 6.3 and FRCP 60 (b), (ii) Motion to Supplement the Record, (iii) Renewed Motion to Intervene pursuant to FRCP 24 (b), (iv) Motion for Recusal pursuant to 28 USC §§ 144 and 455 and (v) for such other relief is just and equitable under the circumstances.

2. With this Supplemental Declaration, we are filing the below listed documents all of which came to light after the entry of Court's 19 June 2007 Order on 20 June 2007 and which provide further evidence (in support of Plaintiffs' prior submissions) that Austria is not an adequate forum for the Kaprun victims claims.

3. Plaintiffs respectfully submit that with these documents alone require the Court's reconsideration of the Forum Analysis factors that should have been and which need to considered and would support the Court's *sua sponte* reverse of its Court's prior dismissal.

4. The documents are:

    a. <u>Exhibit 1</u> – Translation of a report by the Police in Stuttgart for the Prosecution in Heilbronn Germany;

    b. <u>Exhibit 2</u> - 2 July 2007 Cover letter from Heilbronn Prosecutor's Office to Dr. Herwig Hasslacher forwarding a copy of the Prosecutors Findings;

    c. <u>Exhibit 3</u> - Copy of the Heilbronn Prosecutor's Findings in German; and

    d. <u>Exhibit 4</u> – Miscellaneous Articles in German (portions of which are being translated) which are being submitted to show that Plaintiffs just learned of these explosive findings.

5. As previously explained, the German Prosecutor became involved in this case several years ago when it took over a claim by GBK that it was not responsible for the fire and tried to blame the disaster on the German heater company Fakir.

6. The German Prosecutor's conclusion confirmed everything that Plaintiffs have been telling this Court from the beginning – that Austria is not an adequate forum for the claims of Kaprun victims.

7. The German Prosecutor's conclusions also completely eviscerate the arguments made by Defendants expert Dr. Kodek about the ability to gain access to evidence and witness testimony related to the Kaprun Disaster.

8. What is now becoming clear is that the Court was misled by one or more of these Defendants, by other interested parties and by biased, prejudiced and hostile non-parties[1].

9. As a result the Court overlooked important facts and law, all of which warrant the Court's reversal of the decision dated 19 June 2007.

10. Further the evidence supports Plaintiffs' prior requests that the Court at a minimum convene a hearing at which testimony on these issues can be adduced and properly considered.

---

[1] These attempts to mislead the Court also include the unfortunate and highly unprofessional *ad hominem* attacks by counsel for Siemens and Bosch who continue to attempt to berate or denigrate Plaintiffs, Plaintiffs' claims and Plaintiffs' counsel. The Court will recall Messrs. Rooney's suggestion that we were "hallucinating" (which of course was a reference to what Plaintiffs respectfully submit was an inappropriate comment by the Court at the April 25, 2007 Conference and was based on the ex-parte communication with Johannes Stieldorf). And, in the latest Siemens submission, Mr. Bishop's attack on Plaintiffs' counsel by suggesting that Plaintiffs' counsel's attempts to highlight instances of witness tampering, obstruction of justice and spoliation of evidence by persons in Austria, were not based on facts but were instead the result of *"paranoid delusions"*. Apparently, the German Prosecutor must also suffer from the same *"paranoid delusions"* for his report confirms and expands on the instances of witness tampering and obstruction of justice and spoliation of evidence previously noted by Plaintiffs and Plaintiffs' counsel. The facts are that the defendants and all entities in Austria involved in the Kaprun Disaster are united in their efforts to prevent Kaprun victims from getting justice or fair trials or from being able to hold those entities – including these US defendants – responsible for their damages and suffering.

11. The record in this case shows:

   a. Admitted Destruction of Evidence by GBK *(see Jan. and Feb. 2007 Declarations of Endl, Kigawa and Geier and transcripts from Feb. 2, 2007 Hearings and Steiner Deposition excerpts submitted May 29, 2007)*;

   b. Spoliation and Manipulation of Evidence by the Austrian authorities and the Austrian Court appointed experts *(See July 2007 German Prosecutor's Report – excerpts attached as Exhibit 1 and entire German version attached as Exhibit 3)*;

   c. Witnesses refusal to cooperate with investigations by German authorities in such a way that they prevented the German authorities from gaining access to critical evidence *(See July 2007 German Prosecutor's Report – excerpts attached as Exhibit 1 and entire German version attached as Exhibit 3)*;

   d. Fraud on the Court by GBK through which it obtained the Dismissal in 2003 (See renewed Motion for Rule 60 (b) and other relief against GBK);

   e. Intimidation of Witnesses by GBK *(See previously submitted Declarations of Geier and depositions transcripts of excerpts Steiner Deposition excerpts submitted May 29, 2007)*;

   f. Intimidation, Coercion and Manipulation of Austrian Criminal Process to get rid of Austrian Court Appointed Fire Expert Dr. Anton Muhr – who was not favorable to Defendants *(See German Prosecutor's Report in which he concludes that Austrian Court appointed fire expert Dr. Anton Muhr was conclusions were correct and the other Austrian Court*

*appointed experts were wrong and the history of what happened to Dr. Anton Muhr – who was forced to resign by the Austrian Court and Defendants in the criminal process in Austria, including GBK and Bosch employees. The German Prosecutor's Report shows that the opinions of the other Austrian experts, Geishofer, Maurer and Prader could not be sustained because of destruction or failure to preserve critical evidence – and it is these experts – especially Prader who replaced Muhr – and the findings of the Austrian Court based on these so-called Austrian experts was wrong. These are the findings that Defendants in the US cases have repeatedly relied including in the Motions to Dismiss*);

g. Manipulation of Austrian Criminal Process to allow findings that were flawed and not based on credible and available evidence *(See German Prosecutor's Report in which he concludes that had the Austrian Court improperly considered the credentials, evidence and findings of Austrian Court appointed experts Geishofer, Maurer and Prader so that it could acquit the defendants from GBK, Bosch, the Republic of Austria and others and thereby end the claims. It is this conclusion of the Austrian Court that Defendants in the US cases have repeatedly relied including in the Motions to Dismiss*); and

h. Admitted Failure to Preserve and Withholding of Evidence by Omniglow, Cyalume, its Counsel and its insurer *(See prior Submissions related to these Motions and the June 7 deposition of Richard Rose and June 13 deposition of Gert van der Senden)*.

5

12. The German Prosecutor's Report severely criticizes the Austrian Criminal Court, Austrian Criminal Court experts and representatives of the Austrian Government KTZ and concludes that if they had properly examined and considered all the evidence, the result in the Criminal process would have been different.

13. The German Prosecutor's Report shows how GBK prevented its employees from giving full and unrestricted testimony by so severely restricting their testimony that they were only allowed to speak about personal observations, not their responsibilities as investigators.

14. The German Prosecutor's Report also concluded that the Kaprun disaster was entirely avoidable and was not – as the Austrians and these Defendants would have the US Court believe - an unfortunate accident that could not have been anticipated.

15. The German Prosecutor's Report also showed that the hydraulic, electrical and other systems on the train – which the Austrians and these Defendants would have the US Court believe – were NOT state of the Art.

16. The German Prosecutor could not get access to witnesses and evidence without interference or obstruction or problems caused by GBK, or the Austrian Government representatives (KTZ), or the Austrian Court appointed experts Geishofer, Mauerer and Prader.  So, how then can the Defendants seriously expect this Court to believe that such witnesses and evidence is/are accessible to Kaprun victims, if their US claims were sent to Austria?

17. On Exhibit 1 – Plaintiffs have highlighted those portions of the German Prosecutor's report – which Plaintiffs request be included on the agenda at the

upcoming Conference – and which confirm the inadequacy of Austria as a forum for Plaintiffs' claims.

18. Plaintiffs respectfully submit that the failings of the Austria Courts, Judicial System and Experts - as noted in the German Prosecutor's Report - are the latest in a long series of reasons that justify expedited reversal of the 19 June 2007 Opinion and Order.

## DECLARATION UNDER 28 USC § 1746

I/we declare, verify, certify and state under the penalty of perjury the foregoing statements to be true.

Dated: 5 July 2007  
      Munich, Germany                                          Dr. Bernd Geier

Dated: 5 July 2007  
      New York, NY                                               Edward D. Fagan

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused the foregoing

**SUPPLEMENTAL DECLARATION OF EDWARD D. FAGAN AND DR. BERND GEIER IN FURTHER SUPPORT OF PLAINTIFFS' 4 JULY 2007 MOTION FOR MISCELLANEOUS RELIEF RELATED TO OPINION AND ORDER ENTERED ON 20 JUNE 2007**

to be electronically filed in case 1:06-cv-2811 (SAS) with the Clerk of the Court and served upon counsel of record.

Additional copies have also been provided by fax or electronically or by regular mail to counsel of record in the related cases.

Dated:  July 5, 2007                    /s/ Edward D. Fagan (electronically signed)
        New York, NY                            Edward D. Fagan, Esq.