# EXHIBIT   5

# To

# Plaintiffs' Aug. 20, 2007 Motion

# EDWARD D. FAGAN ESQ.
## *Law Offices*
### Five Penn Plaza, 23rd Floor, New York, NY   10001
### Tel. (646) 378-2225, Fax (646) 417-5558 & Email: faganlawintl@aim.com

*Via Fax (212) 805-7920*                                Wednesday 1 August 2007
Honorable Shira A. Scheindlin USDJ
United States District Court
Southern District of New York
500 Pearl Street - Chambers 1620
New York, NY   10007

Re:    *In Re:Ski Train Fire in Kaprun Austria on November 11, 2000, MDL # 1428 (SAS);*
       *Blaimauer et al v. Omniglow et al, 03-CV-8960 (SAS); Geier et al v. Omniglow et al, 03-*
       *CV-8961 (SAS); Mitsumoto et al v. Republic of Austria et al 06-CV-2811 (SAS); and*
       *Mitsumoto et al v. Robert Bosch Corp et al 07-CV-935 (SAS)*

Honorable Judge:

I write this letter with regard to the pending Motion for Sanctions Against (i) Omniglow Corporation, (ii) Cyalume Technologies, (iii) E. Gordon Haesloop and (iv) Bartlett McDonough Bastone and Monaghan based upon spoliation of evidence.

Plaintiffs have already received the transcript of the June 7, 2007 Court Ordered deposition of Richard Rosa, former Omniglow employee.  As Plaintiffs expected, the Rosa deposition produced additional admissions and confirmation that evidence (including hard copies and electronically stored materials) has been concealed, withheld and/or destroyed by Omniglow, in part as a direct result of the failure of counsel to issue a litigation hold.

Plaintiffs have not yet received the transcript of the June 13, 2007 deposition of St Paul/Travelers witness Gert van der Senden.   However, as Plaintiffs' expected, at the deposition, witness van der Senden testimony confirmed that evidence in St Paul/Travelers' possession *(most of which is electronically stored and should include photographs, memoranda, statements and other materials related to the May 2006 inspection of evidence, investigation of, meetings with and interviews of GBK personnel)* has been concealed, withheld and/or not yet disclosed.

The Court should note that this was the second deposition of Mr. van der Senden.  The second deposition was necessitated because of the witness' failure to produce evidence that was requested in the original deposition Notice but which was not produced at the January 2007 deposition.  At the June 13, 2007 Deposition, witness van der Senden and Omniglow again failed to fully comply with Plaintiffs' request for production of the evidence identified in the June 8, 2007 Supplemental Deposition Notice.   At the deposition, witness van der Senden admitted that he was never instructed to look for or bring documents or evidence responsive to the June 8, 2007 Supplemental Deposition Notice and that he was never shown the June 8, 2007 Supplemental Deposition Notice.

Plaintiffs' request the Court direct Mr. Haesloop to provide the copy of the van der Senden deposition[1] by the close of business on Monday August 6, 2007.

---

[1] The Court imposed the costs of this deposition on Omniglow and Haesloop because the documents were not

# EDWARD D. FAGAN ESQ.
## Law Offices

*Hon. Shira A. Scheindlin USDJ – 1 Aug. 2007 Letter Omniglow et al Sanctions Motions - Page 2*
*Re:    In Re:Ski Train Fire in Kaprun Austria on November 11, 2000, MDL # 1428 (SAS);*
*       Blaimauer et al v. Omniglow et al, 03-CV-8960 (SAS); Geier et al v. Omniglow et al, 03-*
*       CV-8961 (SAS); Mitsumoto et al v Republic of Austria et al, 06-CV-2811 (SAS)  and*
*       Mitsumoto et al v. Robert Bosch Corp et al 07-CV-935 (SAS)*

-------------

Finally, Plaintiffs' request permission to file on or before August 13, 2007, a Supplemental Declaration in support of their March 26, 2007 Motion for Sanctions. The Supplemental Declaration would included excerpts of testimony and exhibits, from the Rosa deposition and from the van der Senden deposition (assuming Mr. Haesloop provides it in a timely fashion).

As always, thank you for the Court's consideration in this regard.

Respectfully submitted,

*Edward D. Fagan*
Edward D. Fagan


Ccs:    E. Gordon Haesloop Esq.
        Warren Harris Esq.
        Courtesy Copy to All Counsel of Record in the All Cases