# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------- X

IN RE: SKI TRAIN FIRE IN KAPRUN AUSTRIA   :   **MDL # 1428 (SAS)**
    ON NOVEMBER 11, 2000       :

----------------------------------------------------------- X

This document relates to the following cases:

----------------------------------------------------------- X

BLAIMAUER , et al,       Plaintiffs,   :
    - and -            :   **Civil Action #**

OMNIGLOW CORPORATION, et al   Defendants.   :   **03–CV–8960 (SAS)**

----------------------------------------------------------- X

----------------------------------------------------------- X

GEIER , et al,        Plaintiffs,   :
    - and -            :   **Civil Action #**

OMNIGLOW CORPORATION, et al   Defendants.   :   **03–CV–8961 (SAS)**

----------------------------------------------------------- X

----------------------------------------------------------- X

MITSUMOTO, et al,      Plaintiffs,   :
    - and -            :   **Civil Action #**

REPUBLIC OF AUSTRIA, et al    Defendants.   :   **06–CV–2811 (SAS)**

----------------------------------------------------------- X

----------------------------------------------------------- X

MITSUMOTO, et al,      Plaintiffs,   :
    - and -            :   **Civil Action #**

ROBERT BOSCH CORP., et al    Defendants.   :   **07-CV-935 (SAS)**

----------------------------------------------------------- X

----------------------------------------------------------- X

STADMAN, et al,       Plaintiffs,   :
    - and -            :   **Civil Action #**

AUSTRIAN NATIONAL TOURIST OFFICE, et al,   :   **07-CV-3881 (SAS)**
              Defendants.   :

----------------------------------------------------------- X

----------------------------------------------------------- X

FERK, et al,        Plaintiffs,   :
    - and -            :   **Civil Action #**

OMNIGLOW CORPORATION, et al,   Defendants   :   **07-CV-4104 (SAS)**

----------------------------------------------------------- X

----------------------------------------------------------- X

FAGAN,         Plaintiff,   :
    - and -            :   **Civil Action #**

LOWY, et al,        Defendants   :   **07-CV-10293**

----------------------------------------------------------- X

====================================================================

**MOTION (i) FOR RECONSIDERATION OF JANUARY 3, 2008 ORDER (entered on Jan. 11, 2008), (ii) TO SUPPLEMENT THE RECORD, (iii) FOR PRE-MOTION CONFERENCE PURSUANT TO FRCP 16 and (iv) FOR OTHER JUST AND EQUITABLE RELIEF**

====================================================================

**PLEASE TAKE NOTICE** that the below referenced Plaintiffs and Edward D. Fagan will move this Honorable Court, on a date as set by the Court, as soon as counsel can be heard, at the United States District Court for the Southern District of New York, located at 500 Pearl Street, New York, NY 10007, Courtroom 15 C, before the Honorable Shira A. Scheindlin, for, among other things:

    (i)    For Reconsideration of Jan. 3, 2008 Order (entered on Jan. 11, 2008), pursuant to Local Rule 6.3 and FRCP 60 (b);

    (ii)    For Expedited Pre-Motion Conference Pursuant to FRCP 16; and

    (iii)    For such other relief as is just and equitable.

**PLEASE TAKE FURTHER NOTICE** that Plaintiff make this Motion under the following specific provisions of the Federal Rules of Civil Procedure, Local Rules of the Southern /Eastern Districts of New York

**PLEASE TAKE FURTHER NOTICE** that in support of this Motion, Plaintiffs will rely upon Declarations / Affidavits of Edward D. Fagan, Dr. Bernd Geier and other persons who hold Valid Powers of Attorney in the Kaprun Cases[1] (as described in the Fagan Declaration) together with Exhibits attached thereto and Statement of Authorities as submitted by Edward Fagan, together with supporting Exhibits.

---

[1] Declarations from additional legal representatives of Plaintiffs will be submitted as they are received.

2

**PLEASE TAKE FURTHER NOTICE** that opposition, if any, in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District and/or at such other date as may be set by the Court.

Dated: 23 January 2008
     New York, NY

/s. Edward D. Fagan (electronically signed)
Edward D. Fagan, Esq.
5 Penn Plaza, 23rd Floor
New York, NY 10001
Tel. (646) 378-2225
Fax (646) 304-6446

- and -

_____
Dr. Bernd Geier

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused the foregoing

**MOTION (i) FOR RECONSIDERATION OF JANUARY 3, 2008 ORDER (entered on Jan. 11, 2008), (ii) TO SUPPLEMENT THE RECORD, (iii) FOR PRE-MOTION CONFERENCE PURSUANT TO FRCP 16 and (iv) FOR OTHER JUST AND EQUITABLE RELIEF**

to be electronically filed with the Clerk of the Court and served upon counsel of record.

A courtesy copy of the papers has been forwarded to the Honorable Shira A. Scheindlin, USDJ.

An additional copy is electronically, faxed and/or served and to Defendants' counsel of record.

Dated:  24 January 2008          /s/ Edward D. Fagan (electronically signed)
        New York, NY                     Edward D. Fagan, Esq.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------- X
IN RE: SKI TRAIN FIRE IN KAPRUN AUSTRIA          :      MDL # 1428 (SAS)
        ON NOVEMBER 11, 2000                     :
------------------------------------------------- X

This document relates to the following cases:
------------------------------------------------- X
BLAIMAUER , et al,                   Plaintiffs,  :
          - and -                                :      Civil Action #
                                                 :      03–CV–8960 (SAS)
OMNIGLOW CORPORATION, et al          Defendants.  :
------------------------------------------------- X
------------------------------------------------- X
GEIER , et al,                       Plaintiffs,  :
          - and -                                :      Civil Action #
                                                 :      03–CV–8961 (SAS)
OMNIGLOW CORPORATION, et al          Defendants.  :
----------------------------------------------- X
----------------------------------------------- X
MITSUMOTO, et al,                    Plaintiffs,  :
          - and -                                :      Civil Action #
                                                 :      06–CV–2811 (SAS)
REPUBLIC OF AUSTRIA, et al           Defendants.  :
----------------------------------------------- X
------------------------------------------=----- X
MITSUMOTO, et al,                    Plaintiffs,  :
          - and -                                :      Civil Action #
                                                 :      07-CV-935 (SAS)
ROBERT BOSCH CORP., et al            Defendants.  :
----------------------------------------------- X
----------------------------------------------- X
STADMAN, et al,                      Plaintiffs,  :
          - and -                                :      Civil Action #
                                                 :      07-CV-3881 (SAS)
AUSTRIAN NATIONAL TOURIST OFFICE, et al,         :
                                     Defendants.  :
----------------------------------------------- X
----------------------------------------------- X
FERK, et al,                         Plaintiffs,  :
          - and -                                :      Civil Action #
                                                 :      07-CV-4104 (SAS)
OMNIGLOW CORPORATION, et al,         Defendants   :
----------------------------------------------- X
----------------------------------------------- X
FAGAN,                               Plaintiff,   :
          - and -                                :      Civil Action #
                                                 :      07-CV-10293
LOWY, et al,                         Defendants   :
----------------------------------------------- X
```

1

===============================================================

**DECLARATION IN SUPPORT OF MOTION FOR (i) RECONSIDERATION OF JANUARY 3, 2008 ORDER (entered on Jan. 11, 2008), (ii) PRE-MOTION CONFERENCE PURSUANT TO FRCP 16 and (iii) FOR OTHER JUST AND EQUITABLE RELIEF**

===============================================================

Edward D. Fagan, hereby declares and says the following:

1. This Declaration in support of the Motion for Reconsideration in accordance with Local Rule 6.3 and to preserve our respective individual rights and the rights of persons for whom my colleagues and I who hold Valid Powers of Attorney in the Kaprun Cases.[1] It is also submitted to protect my rights as they relate to Orders entered against me in the Kaprun Cases, or actions taken or delays caused by Judge Scheindlin in the case entitled Fagan v. Lowy et al 07-cv-10293, which Judge Scheindlin accepted and designated as a "related case" to the Kaprun Cases.

2. The Motion is filed at a time when an Emergency Petition for Issuance of a Writ of Mandamus *(Exh. 1 – Docket Sheet 08-0327-op)* directed to the District Court and is not intended to be a substitute for that relief. However, the time within which to file a Motion for Rule 6.3 Reconsideration may expire before to the Court of Appeals rules upon the Petition and therefore this Motion is being filed.

3. The Motion is predicated upon Your Honor's continued misrepresentations of fact either on the record and/or in Orders that Your Honor signed and caused to be distributed.

4. The last of which was the Dec. 26, 2007 Order in the case entitled Fagan v. Lowy et al 07-cv-10293 *(See Exh. 2)*, which was incorporated into and referred in the Jan. 3, 2008 Order in the above referenced matters. *(See Exh. 3)*.

5. The caption that the Court put into its Dec. 26, 2007 was:

---

[1] I anticipate that additional legal representatives of Plaintiffs will submit Declarations and/or attest to the facts in this Declaration. These will be filed as supplements to this Declaration.

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------X
Edward D. Fagan, Dr. Bernd Geier      :
and Dr. Gerhard Podovsovnik,          :
           Plaintiffs      :      <u>ORDER</u>
                                :
  - against –      :
                                :      07 Civ. 10293
James F. Lowy, International           :
Law Group LLC, Robert J. Hantman :
and Hantman & Associates,             :
           Defendants      :
----------------------------------------------X

6. However, that is not the caption of the case. The case is *Fagan v. Lowy et al* 07-cv-

   10293 and Dr. Bernd Geier and Dr. Gerhard Podovsovnik are not Plaintiffs. *(See Exh. 4).*

7. In the Dec. 26, 2007 Order, Judge Scheindlin stated:

> . . . *In light of my holding regarding Mr. Fagan's misconduct and <u>without</u>*
> *<u>having reviewed any submissions filed by either party in the above</u>*
> *<u>captioned action</u>, I hereby recuse myself sua sponte with respect to any*
> *future proceedings in this action pursuant to 28 USC 455 (a).*
>
>                                    *(See Exh. 2, emphasis added)*

8. The Dec. 26, 2007 Order did not explain why Judge Scheindlin recused herself in a case

   that she accepted as being related to the instant cases on December 5, 2007 *(See Exh. 4)*

   but not all related cases.

9. The basis for Judge Scheindlin's recusal was only explained in the Jan. 3, 2008 Order,

   where Judge Scheindlin again referred to the case in which she recused herself – *sua*

   *sponte* – as Fagan v. Lowy et al case, as *"Edward D. Fagan, Dr. Bernd Geier and Dr.*

   *Gerhard Podovsovnik v. James F. Lowy, International Law Group LLC, Robert J.*

   *Hantman and Hantman & Associates 07 Civ. 10293"* and states that:

> *"<u>because the Court . . . disqualified Edward D. Fagan</u> from appearing as*
> *counsel in the In Re: Ski Train Fire in Kaprun Austria on November 11,*
> *2000 (Ski Train) cases, <u>and sanctioned him for his pattern of unethical</u>*

3

*conduct, the Court found it appropriate to recuse itself from the suit in which Mr. Fagan himself is a party.*"    *(See Exh. 3, emphasis added)*

10. Judge Scheindlin's conduct in the last weeks is a continuation of a pattern of bias and prejudice that started in April 2007 and has continued to cause damage to the Kaprun victims and survivors claims and to Ed Fagan personally and professionally.

11. On April 24, 2007, Judge Scheindlin failed to disclose the extra-judicial contact with Dr. Johannes Stieldorf and then misrepresented the fact that such an extra-judicial contact occurred.  *(See Exh. 5).*

12. On June 6, 2007, Judge Scheindlin had an ex-parte telephone conversation with an Omniglow former employee.  *(See Exh. 6).*

13. From June 18 – 21, 2007, Judge Scheindlin misrepresented what requests for information were made of Plaintiffs and Ed Fagan and attempted to conceal the fact that the question about potential time bars to re-filing in Austria was ever asked.  *(See Exh. 7 – 8).*

14. In July 2007, Judge Scheindlin claimed that the Declarations of Bias were allegedly "untimely" and/or defective because they were not filed by Plaintiffs or Plaintiffs' legal representatives. *(See Exh. 9).*

15. In the October 24, 2007 Order, Judge Scheindlin misrepresented and/or attempted to conceal the fact that she received letters from the legal representatives of Plaintiffs in compliance with her Aug. 16, 2007 Order.  *(See Exh. 10 – 13).*

16. On Dec. 26, 2007, Judge Scheindlin stated unequivocally that she recused herself "sua sponte" and without having reviewed "*. . . without having reviewed any submissions filed by either party in the above captioned action*".    *(See Exh. 2).*

17. Such a statement demonstrates Judge Scheindlin's bias and the efforts to which she will go to prevent the Plaintiffs and Ed Fagan from getting expedited relief to preserve

4

evidence, enforce violations of evidence preservation Orders and a reversal of all Orders entered by her in this case from June 19, 2007 forward.

18. The phrase "sua sponte" as defined in the online legal dictionary service www.law.com is as follows:

*(sooh-uh spahn-tay) adj. Latin for "of one's own will," meaning on one's own volition, usually referring to a judge's order made without a request by any party to the case. These include an order transferring a case to another judge due to a conflict of interest or the judge's determination that his/her court does not have jurisdiction over the case.*                              *(See Exh. 14).*

19. The unfortunate, yet irrefutable, facts are: Judge Scheindlin's recusal in Fagan v. Lowy et al case 07-cv-10293 was not *sua sponte* and it only came after a review of papers submitted and filed by either Mr. Lowy in the Notice of Removal or by Ed Fagan in the Motion to Compel the Court to recuse itself.

20. Here is why: If in fact Judge Scheindlin recused herself *"... without having reviewed any submissions filed by either party in the above captioned action"* , then Judge Scheindlin would not have known of the existence and/or references to Dr. Bernd Geier or Dr. Gerhard Podovsovnik in:

   a.  Declarations attached to or referenced in support of the Motion to Recuse and for other relief filed by Plaintiffs and Ed Fagan *(See Exh. 15)*;

   b.  Declarations by Dr. Bernd Geier and Dr. Gerhard Podovsovnik and Confidential Communications attached to or referenced in the Notice of Removal filed by James F. Lowy Esq. *(See Exh. 16)*; or

   c.  The complaint filed in New York State Court - after the Notice of Removal - in which the plaintiffs were Edward D. Fagan, Dr. Bernd Geier and Dr. Gerhard Podovsovnik v. James F. Lowy and International Law Group.

5

21. However, contrary to the express language of the Order, upon which Judge Scheindlin predicated her refusal to recuse herself in these cases, Judge Scheindlin did in fact review pleadings, attachments and submissions in the Notice of Removal, including Confidential and Privileged information that warranted her immediate recusal from all Kaprun related cases, and as well as the Motion and Supporting Affidavit that specified the reasons for that required her immediate recusal from all Kaprun related cases.

22. One need only to look at par. 6 of the Dec. 13, 2007 Motion *(See Exh. 15)* which document, according to her Dec. 26, 2007 Order, that Judge Scheindlin says she *"did not review"* for the proof of the Court's ongoing bias that supports immediate recusal, which states in pertinent part:

> 6. When Messrs. Lowy and Perle improperly disclosed the Confidential and Privileged Communications, certain Kaprun victims and survivors and I commenced an independent action against them in New York State Court entitled Edward D. Fagan, Dr. Bernd Geier and Dr. Gerhard Podovsovnik v. James F. Lowy Esq., International Law Group LLC, Florida Law Group LLC, Michael R. Perle Esq. and Michael R. Perle PC, Index # 07-115473 (filed November 19, 2007). The Summons and Complaint are out for service and it should be served within the next few days. See a copy attached as Exhibit 3.

23. The only case in which the plaintiffs are identified as *"Edward D. Fagan, Dr. Bernd Geier and Dr. Gerhard Podovsovnik"* is the New York State Court Case that was referenced in the Motion that was filed on December 13, 2007 which is one of the submissions Judge Scheindlin says she *"did not review"* and is in a case that is not before her. And, there is no case that has been filed by Messrs. Fagan, Geier and Podovsovnik against Robert Hantman and/or Hantman & Associates.

6

24. The caption in the Notice of Removal was *"Edward D. Fagan, Plaintiff v. James F. Lowy, International Law Group LLC, Robert F. Hantman and Hantman & Associates, Defendants - 07-cv-10293"*.   *(See Exh. 16)*.

25. The Docket in the District Court for Case # 07-cv-10293 is *"Edward D. Fagan, Plaintiff v. James F. Lowy, International Law Group LLC, Robert F. Hantman and Hantman & Associates, Defendants"*.   *(See Exh. 4)*.

26. The caption in the alleged "sua sponte" recusal Order of Dec. 26, 2007 which was issued allegedly without having reviewed any pleadings or submissions by the parties was *"Edward D. Fagan, Dr. Bernd Geier and Dr. Gerhard Podovsovnik, Plaintiffs v. James F. Lowy, International Law Group LLC, Robert Hantman and Hantman & Associates, Defendants"*.   *(See Exh. 2)*.

27. The caption referenced in Jan. 3, 2008 Order in which the Court refused to recuse itself on the basis of Section 455 (a) was again *"Edward D. Fagan, Dr. Bernd Geier and Dr. Gerhard Podovsovnik, Plaintiffs v. James F. Lowy, International Law Group LLC, Robert Hantman and Hantman & Associates, Defendants, 07-Civ-10293"*.   *(See Exh. 2)*.

28. Judge Scheindlin's statement that she recused herself _"sua sponte (and) . . . without having reviewed any submissions filed by either party in the above captioned action"_ – simply cannot and should not stand and must be challenged. It demonstrates the type of bias, prejudice and inappropriate conduct of which we have complained for months and which continues to cause Kaprun victims, survivors, their families and even the undersigned ongoing damages.

29. The record in this case needs to be immediately supplemented so Plaintiffs and Ed Fagan can gather records and/or documents to demonstrate that the Court's Orders since June 2007 and/or refusal to allow Plaintiffs to take any other action in the District Court,

without specific direction from the Court of Appeals, (i) constitute errors of fact and law, (ii) demonstrate bias and prejudice and/or abuse of discretion, and (iii) unfairly prejudiced, have caused and continue to cause damage to Plaintiffs, Plaintiffs' claims and Ed Fagan.

### Rule 6.3

30. Local Rule 6.3 provides that *"a notice of motion for reconsideration . . . shall be served within ten (10) days after the entry of the Court's determination . . . or within ten (10) days after the entry of the judgment."*

31. FRCP Rule 6 provides that *"in computing any period of time prescribed or allowed . . . by the local rules of any district court . . . the last day of the period (excludes) a legal holiday . . . and when the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation."*

32. The 3 Jan. 2008 Order was entered on 11 Jan. 2008.

### Request for Hearing to Supplement and Clarify the Record

33. Plaintiffs call the Court's attention to Davis v. Musler 713 F.2d 907, 913 (2d Cir. 1983) in which the 2nd Circuit explained that *"a denial of a motion without a hearing to supplement and clarify the Record constituted an abuse of discretion."*

34. Since August 2007, the Court has refused every request made by Ed Fagan and/or Plaintiffs for a Conference or Hearing, so that a proper record could be made in the event the matter had to go to the Court of Appeals.

35. Plaintiffs and Edward Fagan again respectfully request that the Court schedule such a Conference at its earliest convenience so that at a minimum a proper record can be made for either the Mandamus or the Appeals, or both.

8

**Authority for Recusal**

36.  The authority for Judge Scheindlin's immediate recusal is contained in the Dec. 13, 2007 letter, the Jan. 2, 2008 letter, the Jan. 4, 2008 letter and the Petition for Writ of Mandamus and incorporated herein by reference.  *(See Exh. 17 - 20, respectively).*

37. The need for recusal is only compounded by the Court's unequivocal statement that *"sua sponte (and) . . . without having reviewed any submissions filed by either party in the above captioned action"* ", when in fact the objective facts show something entirely different to be the case.

**Conclusion**

38. In view of the foregoing, Plaintiffs request the Court grant the relief sought in the Motion in its Entirety or at a minimum schedule a Conference at which a proper record can be made for the Court of Appeals.

<u>DECLARATION UNDER 28 USC § 1746</u>
I declare, verify, certify and state under the penalty of perjury that the facts and statements contained above are true and accurate to the best of my knowledge information and belief.

Dated: 23 January 2008
     New York, NY

                                  Edward D. Fagan

9