UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
IN RE: SKI TRAIN FIRE IN KAPRUN  :
AUSTRIA ON NOVEMBER 11, 2000     :     MDL # 1428 (SAS)
------------------------------------------------------X
This document relates to the following actions:
------------------------------------------------------X
JOHANN BLAIMAUER, et al.,         :     ORDER
                                  :
             Plaintiffs,          :
                                  :
    - against -                   :
                                  :     03–CV–8960 (SAS)
OMNIGLOW CORPORATION, et al.,     :
                                  :
             Defendants.          :
------------------------------------------------------X
------------------------------------------------------X
HERMAN GEIER, et al.,             :
                                  :
             Plaintiffs,          :
                                  :
    - against -                   :
                                  :     03–CV–8961 (SAS)
OMNIGLOW CORPORATION, et al.,     :
                                  :
             Defendants.          :
------------------------------------------------------X
------------------------------------------------------X
NANAE MITSUMOTO, et al.,          :
                                  :
             Plaintiffs,          :
                                  :
    - against -                   :     06–CV–2811 (SAS)
                                  :
THE REPUBLIC OF AUSTRIA, et al.,  :
                                  :
             Defendants.          :
------------------------------------------------------X

1

------------------------------------------------------X
NANAE MITSUMOTO, et al.,                :
                                        :
                    Plaintiffs,         :
                                        :
   - against -                          :            07–CV–935 (SAS)
                                        :
ROBERT BOSCH                            :
CORPORATION, et al.,                    :
                                        :
                    Defendants.         :
------------------------------------------------------X
------------------------------------------------------X
JOOP H. STADMAN, et al.,                :
                                        :
                    Plaintiffs,         :
                                        :
   - against -                          :            07–CV–3881 (SAS)
                                        :
AUSTRIAN NATIONAL TOURIST               :
OFFICE INC., et al.,                    :
                                        :
                    Defendants.         :
------------------------------------------------------X
------------------------------------------------------X
RASTKO and DRAGICA FERK, et al.,        :
                                        :
                    Plaintiffs,         :
                                        :
   - against -                          :            07–CV–4104 (SAS)
                                        :
OMNIGLOW CORPORATION, et al.,           :
                                        :
                    Defendants.         :
------------------------------------------------------X
SHIRA A. SCHEINDLIN, U.S.D.J.:

By motion filed on January 24, 2008, Edward D. Fagan yet again moved this Court to reconsider its denial of his motion for the Court to recuse

itself from the above-captioned actions, most recently set forth by Order dated January 3, 2008 (the "January 3 Order"). As Mr. Fagan is well-aware, he has been disqualified as counsel in the above-captioned actions by Order and Opinion dated August 16, 2007, and he may no longer act on behalf of his former clients.[1] Moreover, these actions are currently the subject of an appeal and a petition for writ of mandamus pending in the Second Circuit Court of Appeals. As a result, this Court now lacks jurisdiction over Mr. Fagan's challenges.[2] As the Court has previously stated, "Mr. Fagan's remedy, if any, lies with the Court of Appeals."[3]

Because the above-captioned cases are no longer before this Court and because Mr. Fagan no longer appears before the Court in any action as either a party or as counsel, he has been ordered on numerous occasions to discontinue making any further motions or directing any correspondence to this Court. Mr. Fagan's blatant disregard of the Court's Orders, despite repeated warnings, warrants the imposition of sanctions and only a brief response to his most recent motion.

---

[1] *See United States v. Speed Joyeros*, No. 00 Cr. 960, 2001 WL 1597803, at *3-4 (E.D.N.Y. Oct. 19, 2001) (stating that "if an attorney or firm is disqualified, he or it is disqualified for the entire case," including "any appearance in court, the preparation of any legal papers filed with the court, or any correspondence with the court on behalf of any [parties] in this case").

[2] *See* Fed. R. App. P. 4(a)(4)(B)(i). *See also Stone v. Immigration & Naturalization Serv.*, 514 U.S. 386, 402 (1995).

[3] *See* 1/3/08 Order.

3

By Order dated December 26, 2007 (the "December 26 Order"), the Court recused itself sua sponte with respect to any future proceedings in the action captioned *Edward D. Fagan, Dr. Bernd Geier, and Dr. Gerhard Podovsovnik v. James F. Lowy, International Law Group, LLC, Robert J. Hantman, and Hantman & Associates*, 07 Civ. 10293, pursuant to 28 U.S.C. § 455(a). Pursuant to the January 3 Order, the Court, inter alia, reiterated its recusal from that action and denied Mr. Fagan's request by letter dated January 2, 2008 to also recuse itself from the *In re Ski Train Fire in Kaprun Austria on November 11, 2000 ("Ski Train")* cases. Furthermore, Mr. Fagan was directed to discontinue making any motions or transmitting any further correspondence to the Court on the grounds that he is no longer counsel to any party in the *Ski Train* cases, and because any remedy he seeks now lies with the Court of Appeals.

Mr. Fagan has insisted upon flagrant violation of those Orders, and continues to make frivolous motions that have amounted to harassment of the Court. As noted above, on January 24, 2008, Mr. Fagan, purportedly on behalf of plaintiffs in the above-captioned actions, filed yet another motion requesting reconsideration of the January 3 Order and an expedited pre-motion conference. In that motion, Mr. Fagan makes immaterial and baseless accusations that the Court recused itself from the action in which Mr. Fagan appears as a plaintiff after reviewing papers submitted in that action, contrary to the Court's own

4

representation in the December 26 Order. Mr. Fagan claims that because the Court referred to the action's caption as including plaintiffs "Dr. Bernd Beier and Dr. Gerhard Podovsovnik," in addition to Mr. Fagan, the Court must have reviewed the parties' submissions and therefore did not recuse itself sua sponte.[4]

Mr. Fagan's accusations are baseless and warrant only a brief response. As an initial matter, the Court's representation in the December 26 Order that it had not reviewed any submissions in deciding to recuse itself sua sponte from the action is accurate and is properly understood to refer to any substantive review of those submissions. To the extent that any review of submissions was made, it was very narrowly limited only to a review of the case captions on those submissions in an effort to properly identify the case. This is in accordance with the Court's long-standing practice of including all parties' names in a case caption where applicable. Indeed, while Mr. Fagan now inappropriately attempts to cast a sinister light on the Court's use of a caption that includes other plaintiffs in addition to himself, Mr. Fagan's own Notice of Appearance, filed with this Court on November 26, 2007, refers to the case 07 Civ. 10293 in the caption

---

[4] See 1/24/08 Declaration in Support of Motion for (i) Reconsideration of January 3, 2008 Order (Entered on Jan. 11, 2008), (ii) Pre-Motion Conference Pursuant to FRCP 16 and (iii) For Other Just and Equitable Relief ("Fagan Decl.") ¶¶ 6, 19.

as "Fagan, et al. v. Lowy, et al."[5] The Court, acting on plaintiff's representation in its own filing that the case includes plaintiffs in addition to Mr. Fagan as indicated by the "et al.," then endeavored only to apprise itself of the full caption that applied to the action. Mr. Fagan's characterization of the Court's effort to use a comprehensive caption (whether that caption is now accurate or not) for the case as demonstrative of "bias, prejudice and inappropriate conduct"[6] is simply unfounded.

Mr. Fagan's motion for reconsideration of the January 3 Order is denied, as well as his motion for a pre-motion conference. The Clerk of the Court is directed to close this motion [Document No. 353]. Mr. Fagan has been previously warned that the Court may impose sanctions if he continues to violate its Orders, yet this warning has not deterred him from doing so. As a result, Mr. Fagan is fined $500.00 which is due immediately, and should be remitted to the Clerk of the Court, United States District Court, Southern District of New York,

---

[5]   See 11/26/07 Notice of Appearance Filed by Edward D. Fagan, Esq., attached hereto as Exhibit A.

[6]   Fagan Decl. ¶ 28.

6

500 Pearl Street, New York, New York 10007.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
       January 25, 2008

- **Appearances** -

Edward D. Fagan, Esq.
Five Penn Plaza, 23rd Floor
New York, NY 10001
(646) 378-2225

*For Defendant Bosch Rexroth Corp., Robert Bosch Corp.:*

Neil Rosolinsky, Esq.
Reed Smith LLP
599 Lexington Avenue, 28th Floor
New York, NY 10022
(212) 549-0391

*For Defendant Siemens Transportation Systems, Inc. and as Liaison Counsel for all Defendants:*

Brant W. Bishop, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000

Ryan M. Morettini, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022
(212) 446-4800

Robert W. Littleton, Esq.
Littleton Joyce Ughetta & Park LLP
39 Broadway, 34th Floor
New York, NY 10006
(212) 404-5777

*For Defendant Wika Instrument Corp.:*

Eileen T. McCabe, Esq.
Stephen Roberts, Esq.
William Lalor, Esq.
Mendes & Mount LLP
750 Seventh Avenue
New York, NY 10019
(212) 261-8000

*For Defendant Hydac Technology Corp.:*

Nancy Ledy-Gurren, Esq.
Ledy-Gurren, Bass & Siff LLP
475 Park Avenue South
New York, NY 10016
(212) 447-1111

*For Defendants American Cyanamid Inc. and Omniglow Corp.:*

E. Gordon Haesloop, Esq.
Bartlett McDonough, Bastone & Monaghan LLP
300 Old Country Road
Mineola, NY 11501
(516) 877-2900

*For Defendant Exxon Mobil:*

John F. Tully, Esq.
Robert Owen, Esq.
Fulbright & Jaworski LLP
666 Fifth Avenue
New York, NY 10103
(212) 318-3000

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
FAGAN, et al,

                PLAINTIFF,   :  CIVIL ACTION
                                :  07-CV-10293(UA)

- vs -
                                :  (action removed
                                  Nov. 13, 2007 from
LOWY, et al,                       :  NY Supreme Court)

              DEFENDANTS.  :
------------------------------------------------------------X

**NOTICE OF APPEARANCE**

To the Clerk of this Court and all parties of record:

Kindly enter or re-enter (as the case may be) my appearance as a Pro Se Litigant in the above referenced matter.

Dated: November 26, 2007
New York, NY

/s/ Edward D. Fagan (electronically signed)
Edward D. Fagan, Esq.
5 Penn Plaza, 23rd Floor
New York, NY 10001
Tel. (646) 378-2225
Fax (646) 417-5558
Plaintiff
Email: faganlawintl@aim.com

1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused the foregoing

**NOVEMBER 26, 2007 NOTICE OF APPEARANCE**

to be electronically filed with the Clerk of the Court and electronically served upon all counsel of record.

Dated: November 26, 2007  /s/ Edward D. Fagan (electronically signed)
New York, NY  Edward D. Fagan Esq.