UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

IN RE: SKI TRAIN FIRE IN KAPRUN AUSTRIA
     ON NOVEMBER 11, 2000

          :     MDL # 1428 (SAS)
          :     (pending in Southern
-------------------------------------------------------------X     District of New York)

This document relates to the following cases:

-------------------------------------------------------------X

BLAIMAUER , et al,        **Plaintiffs,**   :

                       :

   - and -                 :     **Civil Action #**
                       :     **03–CV–8960 (SAS)**

OMNIGLOW CORPORATION, et al   :

                 **Defendants.**  :

-------------------------------------------------------- X
-------------------------------------------------------------X

GEIER , et al,          **Plaintiffs,**   :
   - and -                 :     **Civil Action #**
                       :     **03–CV–8961 (SAS)**

OMNIGLOW CORPORATION, et al   :

                 **Defendants.**  :

-------------------------------------------------------- X
-------------------------------------------------------------X

MITSUMOTO, et al,       **Plaintiffs,**   :

                       :

   - and -                 :     **Civil Action #**
                       :     **06–CV–2811 (SAS),**

REPUBLIC OF AUSTRIA, et al      :

                 **Defendants.**  :

-------------------------------------------------------- X
-------------------------------------------------------------X

MITSUMOTO, et al,       **Plaintiffs,**   :
   - and -                 :     **Civil Action #**
                       :     **07–CV–0935 (SAS)**

ROBERT BOSCH CORP., et al     :

                 **Defendants.**  :

-------------------------------------------------------- X
-------------------------------------------------------------X

STADMAN, et al,        **Plaintiffs,**   :

                       :

   - and -                 :     **Civil Action #**
                       :     **07–CV–3881 (SAS)**

AUSTRIAN NATIONAL TOURIST OFFICE, et al  :
                 **Defendants.**  :

-------------------------------------------------------- X

```
-------------------------------------------------------------X
FERK , et al,                      Plaintiffs,    :
                                                  :
      - and -                                     :         Civil Action #
                                                  :         07–CV–4104 (SAS)
OMNIGLOW CORPORATION, et al                       :
                                   Defendants.  :
------------------------------------------------------------- X
```

====================================================================

### DECLARATION OF ROBERT J. PEARL IN SUPPORT OF MOTION TO FIX AND ENFORCE AN ATTORNEYS CHARGING LIEN PURSUANT TO NEW YORK JUDICIARY LAW §475

====================================================================

Robert J. Pearl, hereby declares and says as follows:

1.      I am an attorney duly admitted to practice before this Court and serve as counsel in the above referenced matter for James F. Lowy, Esq., individually and on behalf of James F. Lowy Esq. P.A., and International Law Group, LLC, and Robert J. Hantman, individually and on behalf of Hantman & Associates ("The Applicants").

2.      The purpose of this Motion is to fix and enforce the Applicants' attorneys fees and costs arising out of their service as co-counsel for the foreign (non-American) survivor families and survivors (the "Foreign Plaintiffs") before this Court and in ancillary proceedings and matters related to the above-referenced multi-jurisdictional litigation, which litigation stems from the November 11, 2000 Kaprun, Austria ski train fire, which claimed the lives of 155 people with only 2 survivors. (The "Kaprun ski train fire case").

3.      Applicant James F. Lowy ("Mr. Lowy") has recently been retained to represent ten (10) of the Kaprun victims who wish to renounce the Kaprun Commission Settlement and seek redress in the courts of the United States, before this Court and the Second Circuit Court of

Appeals. The purpose of this Motion is to fix the Applicants' attorneys fees and costs for those of Applicants' clients who chose to accept the results of the Kaprun Commission Settlement and to participate in the Kaprun Commission Settlement Fund in Austria.

4.       From February, 2006 until October, 2007, Applicants served as co-counsel to 247 victims' family members and 10 survivors of the Kaprun ski train fire in proceedings before this Court as well as in proceedings before the United States District Court for the Middle District of Florida, and the Panel on Multidistrict Litigation in Washington, DC (MDL). Mr. Hantman's representation of the same clients during that period was restricted to proceedings before this Court and proceedings in Austria.

5.       Mssrs. Lowy and Hantman were introduced to this case by Edward Fagan who requested Applicants' assistance in prosecuting these claims. Mr. Fagan obtained powers of attorney and related agreements from Foreign Plaintiffs to act on their behalf. Mr. Fagan agreed to in writing to pay Mr. Lowy a share of any fees earned by Mr. Fagan as counsel for the Foreign Plaintiffs (see Exhibit A).

6.       Applicants provided hundreds of hours of legal services and expended many thousands of dollars of costs for nearly two years at Mr. Fagan's behest and with the consent and approval of foreign cooperating counsel and the Foreign Plaintiffs.   Additionally, Mr. Lowy originated an action in Florida and served as lead counsel for that case, transferred the case to this Court via the MDL, and posted a costs bond in the amount of $25,700 with this Court on behalf of the Foreign Plaintiffs. The Applicants, together with Mr. Fagan, also attended a meeting with the Kaprun Commission in Austria in May 2006 in order to discuss settlement options.

7.       The case against certain defendants, Gletscherbahnen Kaprun ("GBK") and the Republic of Austria ("Austria"), was dismissed by this Court jurisdictional grounds and the cases

against the remaining Defendants were dismissed on *forum non conveniens* grounds by this Court

by Order dated June 30, 2007. These Orders are being challenged on appeal to the United States

Court of Appeals, Second Circuit, which has issued various orders of recent vintage. The

gravamen of the pending mandamus proceeding in that Court is that defendants GBK and Austria

intentionally destroyed and disposed of the remains of the subject ski trains, and deposited them

in a garbage dump outside of Salzburg, Austria, in a deliberate attempt to escape justice.

8.       Foreign Plaintiffs contend in the mandamus that the jurisdiction issue should be

revisited, as the Foreign Plaintiffs' ability to examine the trains, to prove GBK's connections to

the United States, and to allow their experts to comprehensively examine the wreckage in order

to prove any sort of case for liability, or to even to have a fair trial in Austria, has been forever

compromised. Additionally, Austria's disinterest in punishing GBK for destroying evidence,

and its status as a party defendant, serves as an additional reminder that Foreign Plaintiffs would

have never received a fair trial in Austria, and that the Court could have exercised supplemental

jurisdiction over GBK if the cases for the foreign plaintiffs had moved forward in the NY courts.

9.       As the Court knows, Mr. Fagan was disqualified by this Court by Order of August

16, 2007. However, until recently, Mr. Fagan continued to purport to represent all of the Foreign

Plaintiffs, challenging the disqualification Order, all the while claiming to the Foreign Plaintiffs

that he could pursue all appellate issues which were then pending. Until Mr. Fagan's final

disqualification before the Second Circuit on April 2, 2008, Applicants could not communicate

with the Foreign Plaintiffs to determine which of them would be settling their claims through the

Kaprun Commission and which intended to pursue their litigation options before this Court and

the Second Circuit.

10.     The Second Circuit has agreed to hear the mandamus against GBK, Austria and Omniglow/St. Paul Travelers now, despite the fact that Edward Fagan has been disqualified as counsel of record, and despite the fact that plaintiffs had to either seek new counsel or continue *pro se*. The appellate court rejected Fagan's assertion that his disqualification was an abuse of discretion, rejected his attempt to reinstate himself, required plaintiffs to obtain new counsel for the appeal, but at the same time accepted the mandamus for immediate consideration as an issue for determination.

11.     Applicants are informed that, on or about April 30, 2008, a majority of the Kaprun foreign victims (over 90%) and 85 defendants entered into a settlement (the "Kaprun Commission Settlement") for 13.4 million Euros (E 13,400,000) via the Kaprun Commission in Vienna, Austria.  The Kaprun Commission settlement required a global release of liability and dismissal of all pending lawsuits against all defendants.  All but 19 of the litigants accepted the settlement and elected to discontinue the appeal.  Applicants have been informed by certain Foreign Plaintiffs that only three defendants to this proceeding are paying into the Kaprun Commission Settlement Fund (GBK, its insurer, and Austria), even though the release required to be signed by the settling claimants releases all parties, including the non-paying defendants to this proceeding.

12.     Applicants believe they are entitled to compensation either derivatively as a percentage of the amount which Mr. Fagan was entitled to by contract, or in the alternative, on a *quantum meruit* basis.

13.     At the direction of the Court, Applicants will file a detailed time and costs accounting to support this application.

14.    Applicants have placed all defendants, including paying GBK and Austria on notice of their claims for fees and expenses before the Kaprun Commission Settlement was accepted by defendants and payments were disbursed to the Foreign Plaintiffs. (See Exhibit B) Applicants have received notice from counsel to the defendants that they do not recognize Applicants' rights to assert such claims. (See Exhibit C)

15.    It is respectfully submitted that this Court has ancillary jurisdiction over all defendants for the purposes of determining attorneys fees. In accordance with the principles underlying NY Judiciary Law Section 475, and the authorities presented in Applicants' accompanying Memorandum of Law, Applicants submit that fees and expenses advanced for the benefit of the Foreign Plaintiffs are due and owing to them and should be paid by defendants. The lump sum payment generated through the Kaprun Commission, although apparently furnished by only three parties, is for the benefit of all 85 defendants. After hearing, this Court will be in a position to determine which of the defendants should be responsible for the fees and costs owed to Applicants. Applicants believe that MDL cases were part and parcel of the overall resolution process by which the Kaprun Commission Fund was created and that the Applicants' participation in the litigation conducted in the United States was instrumental in causing a settlement to be effectuated in an amount which would otherwise have been less generous to the victims. That is why the Kaprun Commission and the settling defendants required the dismissal of *all* litigation, including that pending before this Court.

16.    Until Applicants became involved in this litigation, the cases brought in this country were languishing as of late 2005/early 2006, and were revived through Applicants' efforts. These cases would not have been able to proceed in the manner they were conducted

(e.g., trips to Austria, evidence collection, expert witnesses retention, extensive motion practice, multi-state approach, payment of expenses, etc.) without Applicants' participation.

17.     The foregoing statements are true to the best of my knowledge information and belief.

Dated: July 16, 2008                        /s/ electronically signed

Naples, Florida                             Robert J. Pearl

# EXHIBIT A

## CO-COUNSEL AGREEMENT

This Agreement, dated September 7, 2006, by and between **Edward Fagan (Fagan), Edward Fagan, P.A. (Fagan), International Law Group, LLC** and **James F. Lowy, Esq., P.A.** and associated entities (collectively **Lowy**), specifies terms and conditions for Fagan and Lowy to work as co-counsel in the Kaprun litigation and in other cases which Fagan and Lowy wish to pursue.

This Agreement updates the prior Agreement from January, 2006 between Fagan and Lowy as to Lowy's involvement in the Kaprun cases.

1.     **Lowy and Fagan to work as Co-Counsel in all aspects of the Kaprun Litigation. Lowy and Fagan** will continue to work on the cases and do what is necessary to successfully prosecute the cases in federal and state court in NY, Florida and elsewhere, including all claims of Kaprun Victims and survivors before the Kaprun Commission, subject to the agreements with the European Cooperating lawyers representing survivors and the victims' families.

2.     **Additional Monies to Fagan and for Kaprun Cases.**

        a.     Fagan has invested over 5 years of his time and hundreds of thousands in out of pocket expenses, and has incurred other costs associated with bringing the Kaprun Case to the point where Lowy and others can benefit. These monies and work has substantially reduced the risk to Lowy and enhanced the potential recovery.

        b.     Lowy has already provided $27,500 in funding for the Kaprun case and is committed to providing an additional $22,500 to Fagan and the case, and the parties will agree on a budget and division and use of monies, including monies raised.

        c.     Fagan and Lowy will work together to get additional monies necessary to provide partial reimbursement to Fagan for monies he expended to date and monies that he will not earn from other sources as he is devoting a substantial portion of his time to the Kaprun case (and other cases in which Lowy has an interest) and which monies will be used for the ongoing prosecution of the Kaprun case. Fagan and Lowy will work together to raise between $250 – 400,000. In the event Fagan and Lowy are not able to raise any additional monies, and so long as the cases are progressing, Lowy will make an additional contribution of up to $25,000 to Fagan and the case, as it may be needed.

        d.     Fagan and Lowy will agree upon the budget for the case related expenses and Lowy shall be responsible for maintaining the accounting of all case expenses, and Lowy will also monitor, provide escrow services for, otherwise safeguard, and distribute any monies raised.

4.     **Fagan and Lowy Work**. Lowy and Fagan will work as needed on the cases until conclusion. All parties will keep their billable hours and expense records, in case the parties to this agreement mutually decide an adjustment is necessary, in case a fee

petition must be submitted to the Court or the Commission, or in case of a fee dispute between the parties.

5. **Division of Fees & Reimbursment of Expenses**.

a.      Lowy shall be entitled to a priority position for the reimbursement of the monies he has invested in the case since January 2006.

b.      Fagan and Lowy's fees are entirely separate and distinct based upon the work that they have each performed to date and the work that each is going to be performed in the future.  Lowy shall serve as Lead Local Counsel in the actions to be filed in Florida.

c.      In exchange for all the support Lowy has given to date and is committed to give in the future, as well as the unlimited commitment to prosecute the cases to conclusion (and/or settlement) and for Lowy's agreement to serve as Lead Local Counsel, Lowy shall receive 30 to 40 % of the net attorneys fees from the entire Kaprun litigation.  Said percentage depends in part on the reasonable amount that needs to be paid to Hantman and Associates for their services to date and in the future.  The resulting net percentage shall be calculated after deduction of reasonable out of pocket expenses and payment of up to 25 % to the European Cooperating Counsel.

d.      The parties will decide how to treat monies paid to directly to Fagan by way of advances in order to deduct from his share and be repaid to Lowy.

6. **Fagan's Portion of Kaprun Fees & Expense Reimbursement Deposited into NJ Superior Court Trust Fund.**  Fagan has informed Lowy that Fagan's portion of fees and expense reimbursement will be deposited into the Trust Fund of the NJ Superior Court, pursuant to an Order and Judgment of the Divorce Court.  Fagan has also informed Lowy of the attempts to place Fagan into "Involuntary Bankruptcy" by several of Fagan's creditors.  To the extent that there is a dispute between Lowy and Fagan over treatment or reimbursement of expenses or a dispute over fees, Lowy recognizes that none of Fagan's monies will be paid out until there is an Order of the Matrimonial Court and Fagan agrees to cooperate with Lowy in helping Lowy come before the NJ Matrimonial Court to make whatever arguments or claims to Fagan's individual fees or reimbursement of expenses.

7. **Kaprun Case Fees and Costs Calculations.**  Any litigation costs paid by Fagan and owed to Fagan, and paid to Fagan out of the Kaprun Litigation Proceeds or Costs Reimbursements, will be demonstrated by Fagan and accepted by Lowy and if necessary by the Court.

8. **Non-Assignability of Agreement** – This is a specific performance agreement and it is expressly understood that Lowy and Fagan will each perform their duties and obligations under this agreement, themselves and personally.  Fagan and Lowy may not assign their duties or obligations to any third party without prior written consent of the other.

9. **Time of the Essence** – The financing to be provided and the work to be done must be done in a timely fashion, as time is of the essence in this agreement.

10.    Accepted and Agreed:

_____
Edward Fagan, individually and for    James Lowy for James F. Lowy, Esq., P.A. and
Edward Fagan, Esq.                    International Law Group, LLC,
                                      Individually and for ILC and JFL Esq. P.A.

# EXHIBIT B



# *International Law Group, L.L.C.*
### Attorneys and Counselors at Law

---

# FACSIMILE COVER SHEET

TO:    Kaprun Fee Claims        NUMBER:    See Below
       Fax Service List
FROM:   James F. Lowy, Esquire *FL*  NUMBER:    (813) 282-0384

DATE:   May 31, 2008            TIME:

Mr. Robert Weiner
Fax: 212-547-5444
*Gletscherbahnen Kaprun (GBK)*
*Kaprun Commission Participant, Vienna, Austria*

Mr. Arnd Von Waldow
Fax: 412-288-3063
*Robert Bosch Corporation, Bosch Rexroth Corporation*

Mr. Brant Bishop
*Siemens Transportation Systems, Inc.*
Fax: 202-879-5200

Mr. Robert Littleton
Fax: 212-~~404-5778~~ 212 – 0058
*Siemens Transportation Systems, Inc.*

Mr. Charles Moerdler
Fax: 212-806-6006
*Republic of Austria*

Mr. John Tully
Fax: 212 318 ~~3000~~ 3400
*Exxon Mobil Corp.*

Audrey Cumming, Esq.
Fax 713 651-5246
*Exxon Mobil Corp.*



# INTERNATIONAL LAW GROUP, L.L.C.
### Attorneys and Counselors at Law

Nancy Ledy-Gurren
Fax: 212-447-6686
*Hydac Corporation*
*Hydac Technology Corporation*

Eileen McCabe
Fax: 212-261-8750
*Wika Instrument Corporation*

Gordon Haesloop
Fax: 516-877-0732
*Omniglow Corporation et al*
*St. Paul/Travelers*

# pages including cover: 7

---

*If you are having difficulty receiving this facsimile transmission or you do not receive the number of pages listed above, please call (813) 288-9525.*

**THE INFORMATION CONTAINED IN THIS TRANSMISSION MAY BE PRIVILEGED AND CONFIDENTIAL ATTORNEY WORK PRODUCT. IT IS INTENDED EXCLUSIVELY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPY OF THIS COMMUNICATION IS STRICTLY PROHIBITED BY LAW. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US AT THE ABOVE REFERENCED TELEPHONE NUMBER AT YOUR EARLIEST CONVENIENCE.**



# *INTERNATIONAL LAW GROUP, L.L.C.*
### Attorneys and Counselors at Law

May 31, 2008

**VIA FAX and MAIL**

**IN RE: SKI TRAIN**
**FIRE IN KAPRUN, AUSTRIA**
MDL: 01-1428

Mr. Robert Weiner
McDermott, Will & Emery, LLP
340 Madison Avenue
New York, NY
Fax: 212-547-5444
*Gletscherbahnen Kaprun (GBK)*
*Kaprun Commission Participant, Vienna, Austria*

Mr. Arnd Von Waldow
Reed Smith, LLP
435 Sixth Ave.
Pittsburgh, PA 15219
Fax: 412-288-3063
*Robert Bosch Corporation*
*Bosch Rexroth Corporation*

Mr. Brant Bishop
Kirkland, Ellis, LLP
635 Fifteenth St. NW
Washington, DC 20015
*Siemens Transportation Systems, Inc.*
Fax: 202-879-5200.

Mr. Robert Littleton
Littleton Joyce Ughetta, LLP
39 Broadway, 34th Floor
New York, NY 10006
Fax: 212-404-5778
*Siemens Transportation Systems, Inc.*

Mr. Charles Moerdler
Stroock, Stroock, Lavan
180 Maiden Lane
New York, NYY 10038-4892
Fax: 212-806-6006
*Republic of Austria*

3907 Henderson Blvd., Suite 200, Tampa, Florida 33629
Telephone: (813) 288-9525  •  Toll-Free: (877) 350-4300  •  Facsimile: (813) 282-0384

1



# INTERNATIONAL LAW GROUP, L.L.C.
### Attorneys and Counselors at Law

Mr. John Tully
Fulbright and Jaworski
666 Fifth Ave.
New York, NY 10103
Fax: 212 318 3000
*Exxon Mobil Corp.*

Audrey Cumming, Esq.
Fulbright & Jaworksi, LLP
1301 McKinney Ave.
Houston, TX 77010
Fax 713 651-5246
*Exxon Mobil Corp.*

Nancy Ledy-Gurren
Ledy Gurren, PA
475 Park Ave. South, 8th Fl.
New York, NY 10016
Fax: 212-447-6686
*Hydac Corporation*
*Hydac Technology Corporation*

Eileen McCabe
Mendes and Mount, LLP
750 Seventh Ave.
New York, NY 10019
Fax: 212-261-8750
*Wika Instrument Corporation*

Gordon Haesloop
Bartlett, Mcdonough, Bastone & Monaghan
300 Old Country Rd.
Mineola, NY 11501
Fax: 516-877-0732
*Omniglow Corporation et al*
*St. Paul/Travelers*

3907 Henderson Blvd., Suite 200, Tampa, Florida 33629
Telephone: (813) 288-9525 • Toll-Free: (877) 350-4300 • Facsimile: (813) 282-0384

2



# INTERNATIONAL LAW GROUP, L.L.C.
### Attorneys and Counselors at Law

Dear Counsel,

Under NY Judiciary Law Section 475, Robert Hantman and I assert attorneys fees and costs claims against your clients, including defendant Gletscherbahnen Kaprun (GBK) (and all other defendants on the Service List, for example, Siemens Transportation Systems, Inc.). We also assert claims by on behalf of Bernd Geier for work done for the US legal team and for the plaintiffs, and against your clients -- all Defendants in In Re: Ski Train Fire in Kaprun, Austria, MDL 01-1428 in the Southern District of New York. Our claims result from representation of 257 plaintiffs in litigation in New York, Florida and the MDL Panel in Washington, DC (see Client List and supporting documents, Exhibit A, sent by under separate cover).

Via Kaprun Commission settlement negotiations in Vienna, settlements were offered and accepted by and between most of the foreign victims and their families, and some 85 defendants, including your clients. The global settlement agreement and release, containing an April 30, 2008 deadline, was executed by former clients in the related cases of: In Re: Ski Train Fire in Kaprun, Austria, MDL 01-1428 in the Southern District of New York. Your client was a defendant in these and other cases. Your client participated in the Kaprun Commission settlement negotiations. Your client is being released by the Kaprun Commission settlement documents. Your client may have contributed to The Kaprun Settlement Fund in Austria. Whether or not contributing, your client is receiving a global release from the plaintiffs, our former clients, and now shares responsibility for attorneys fees owed to plaintiffs' counsel.

The Kaprun Settlement Fund is reportedly paying 13,400,000 Euros to victims' families and survivors so long as they sign a global settlement agreement and release, and forever terminate litigation everywhere, including in the United States (See Sample Settlement Agreement -- Exhibit B under separate cover). These actions on your clients' part result in fee awards for the American lawyers, and in fact, for all the plaintiffs' lawyers who worked for these victims. We seek to collect a fair determination or portion of those fees from your client and from the Kaprun Commission Settlement Fund. This letter places your client and the Kaprun Commission on notice of the Lowy and Hantman claims and the Geier Claims.

From February, 2006 until October, 2007, Mr. Lowy represented 247 victims' family members and 10 survivors of the November, 2000 Kaprun, Austria ski train fire before the United States District Court for the Southern District of New York and Hon. Shira Scheindlin (MDL 01-1428), the United States District Court for the Middle District of Florida, and the Panel on Multidistrict Litigation in Washington, DC (MDL).

From February, 2006 until October, 2007, Mr. Hantman represented 247 victims' family members and 10 survivors of the November, 2000 Kaprun, Austria ski train fire before the United States District Court for the Southern District of New York and Hon. Shira Scheindlin (MDL 01-1428). See Exhibit A.

**3907 Henderson Blvd., Suite 200, Tampa, Florida 33629**
**Telephone: (813) 288-9525 • Toll-Free: (877) 350-4300 • Facsimile: (813) 282-0384**

3



# INTERNATIONAL LAW GROUP, L.L.C.
### Attorneys and Counselors at Law

The cases settled on April 30, 2008, between the majority of Plaintiffs and 85 defendants for 13.4 million Euros (E 13,400,000) via the Kaprun Commission in Vienna, Austria. The settlement required the global dismissal by plaintiffs of all actions against those 85 defendants, including your clients.

Mssrs. Lowy and Hantman were brought into the case via powers of attorney and related agreements held with Plaintiffs by Edward Fagan (see attached retainer agreements, Exhibit C, submitted under separate cover) on behalf of the foreign plaintiffs. In exchange for work to be performed and financial support, Fagan promised to pay Lowy and Hantman a substantial share of any fees earned. Lowy and Hantman worked on the cases with the knowledge and consent of the foreign plaintiffs and their European and Japanese counsel for 18 months. Lowy also originated an action for plaintiffs in Florida, transferred the case to NY via the MDL, and posted a costs bond with the New York federal district court on behalf of the plaintiffs.

The Kaprun Commission settlement required a global release of liability and dismissal of all pending lawsuits. It has been reported that virtually all of the foreign or non-American litigants accepted the settlement and elected to discontinue the appeals and cases elsewhere. We will present our client list to you so you know which plaintiffs we represented.

Under the principles of NY Judiciary Law Section 475, and *Chesney v. Union Carbide* and related cases, Lowy and Hantman submit that fees and costs are due and owing. Lowy claims attorneys fees in an amount equal to "30 to 40% of Fagan's fee", (see Lowy and Fagan agreements, Exhibit D, submitted under separate cover), or in the alternative, a *quantum meruit* amount for fees and costs.

Hantman claims repayment of sums advanced to Fagan and on behalf of the clients to support the litigation, and for fees and costs via a *quantum meruit* determination of the value of his services rendered in the cases. Lowy and Hantman will submit time and costs billing statements as needed to the defendants and to the Kaprun Commission. If necessary, we will petition the district court for a determination in the event that the parties fail to reach a settlement of this matter.

Bernd Geier, whose father Hermann Geier survived the disaster, performed contract consulting and litigation support services for Lowy, Hantman and the US Legal Team. Geier performed services over a period of several years, and also contributed and expended significant sums of money to support the litigation. The Defendants must reimburse these expenditures by Geier and on behalf of the US Legal Team and the foreign plaintiffs. Bernd Geier has requested that we make and present these claims for him as part of the US Legal Team.

3907 Henderson Blvd., Suite 200, Tampa, Florida 33629
Telephone: (813) 288-9525 • Toll-Free: (877) 350-4300 • Facsimile: (813) 282-0384

4

# INTERNATIONAL LAW GROUP, L.L.C.
## Attorneys and Counselors at Law

Please allow this letter to serve as notice of Lowy and Hantman's intent to claim attorneys fees and costs. Any attempt by the defendants to avoid paying fees and costs will risk subsequent litigation in this regard.

Please contact us to discuss a reasonable resolution to our valid attorneys fees and costs claims, so that further litigation can be avoided. Thank you.

Sincerely,

James F. Lowy
Former US Counsel for Foreign Plaintiffs
Counsel for Robert Hantman and Bernd Geier

cc: Bernd Geier, European and Japanese counsel for Foreign Plaintiffs and
Herr Klaus Liebscher and Dr. Thomas Frad
*Kaprun Commission, Vienna Austria*
By Mail only

**3907 Henderson Blvd., Suite 200, Tampa, Florida 33629**
**Telephone: (813) 288-9525 ● Toll-Free: (877) 350-4300 ● Facsimile: (813) 282-0384**

5

TRANSMISSION VERIFICATION REPORT

```
                                    TIME  : 06/10/2008 01:41
                                    NAME  : FLORIDA LAW GROUP L
                                    FAX   : 8132820304
                                    TEL   : 8132889525
                                    SER.# : 000A7J798906
```

```
        DATE,TIME              06/10  01:37
        FAX NO./NAME           12125475444
        DURATION               00:03:55
        PAGE(S)                15
        RESULT                 OK
        MODE                   STANDARD
                               ECM
```

TRANSMISSION VERIFICATION REPORT

```
TIME   : 06/10/2008 01:46
NAME   : FLORIDA LAW GROUP L
FAX    : 8132820384
TEL    : 8132889525
SER.#  : 000A7J798906
```

```
DATE,TIME           06/10  01:42
FAX NO./NAME         14122883063
DURATION             00:03:56
PAGE(S)              15
RESULT              OK
MODE                STANDARD
                    ECM
```

TRANSMISSION VERIFICATION REPORT

```
TIME    : 06/10/2008 01:56
NAME    : FLORIDA LAW GROUP L
FAX     : 8132820384
TEL     : 8132889525
SER.#   : 000A7J798906
```

```
DATE,TIME           06/10  01:53
FAX NO./NAME        12028795200
DURATION            00:03:34
PAGE(S)             15
RESULT              OK
MODE                STANDARD
                    ECM
```

TRANSMISSION VERIFICATION REPORT

```
                                    TIME  : 06/10/2008 02:01
                                    NAME  : FLORIDA LAW GROUP L
                                    FAX   : 8132820384
                                    TEL   : 8132889525
                                    SER.# : 000A7J798906
```

```
        DATE,TIME              06/10  01:57
        FAX NO./NAME           12122320088
        DURATION               00:03:39
        PAGE(S)                15
        RESULT                 OK
        MODE                   STANDARD
                               ECM
```

```
TRANSMISSION VERIFICATION REPORT
```

```
                              TIME  : 06/10/2008 02:05
                              NAME  : FLORIDA LAW GROUP L
                              FAX   : 8132820384
                              TEL   : 8132889525
                              SER.# : 000A7J798906
```

```
DATE,TIME                06/10  02:01
FAX NO./NAME             15168770732
DURATION                 00:04:05
PAGE(S)                  15
RESULT                   OK
MODE                     STANDARD
```

```
TRANSMISSION VERIFICATION REPORT
```

```
                                  TIME : 06/10/2008 02:10
                                  NAME : FLORIDA LAW GROUP L
                                  FAX  : 8132820384
                                  TEL  : 8132889525
                                  SER.# : 000A7J798906
```

```
        DATE,TIME              06/10  02:06
        FAX NO./NAME           12120066006
        DURATION               00:03:33
        PAGE(S)                15
        RESULT                 OK
        MODE                   STANDARD
                               ECM
```

```
TRANSMISSION VERIFICATION REPORT
```

```
                              TIME : 06/10/2008 02:15
                              NAME : FLORIDA LAW GROUP L
                              FAX  : 8132820304
                              TEL  : 8132889525
                              SER.# : 000A7J798906
```

```
     DATE,TIME            06/10  02:11
     FAX NO./NAME         17136515246
     DURATION            00:03:30
     PAGE(S)             15
     RESULT              OK
     MODE                STANDARD
                         ECM
```

```
TRANSMISSION VERIFICATION REPORT
```

```
                              TIME  : 06/10/2008 02:19
                              NAME  : FLORIDA LAW GROUP L
                              FAX   : 8132820384
                              TEL   : 8132889525
                              SER.# : 000A7J798906
```

```
DATE,TIME              06/10  02:15
FAX NO./NAME           12124476686
DURATION               00:03:32
PAGE(S)                15
RESULT                 OK
MODE                   STANDARD
                       ECM
```

TRANSMISSION VERIFICATION REPORT

```
                                   TIME : 06/10/2008 02:23
                                   NAME : FLORIDA LAW GROUP L
                                   FAX  : 8132820384
                                   TEL  : 8132809525
                                   SER.# : 000A7J798906
```

```
DATE,TIME          06/10  02:20
FAX NO./NAME       12122618750
DURATION           00:03:45
PAGE(S)            15
RESULT             OK
MODE               STANDARD
                   ECM
```

TRANSMISSION VERIFICATION REPORT

```
                                          TIME  : 06/10/2008 02:27
                                          NAME  : FLORIDA LAW GROUP L
                                          FAX   : 8132020304
                                          TEL   : 8132009525
                                          SER.# : 000A7J798906
```

```
        DATE,TIME                  06/10  02:24
        FAX NO./NAME               12123183400
        DURATION                   00:03:32
        PAGE(S)                    15
        RESULT                     OK
        MODE                       STANDARD
                                   ECM
```

# EXHIBIT C

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Brant W. Bishop
To Call Writer Directly
(202) 879-5067
bbishop@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200
Dir. Fax: (202) 879-5200

June 6, 2008

## VIA FACSIMILE AND U.S. MAIL

James F. Lowy
International Law Group, L.L.C.
3907 Henderson Boulevard, Suite 200
Tampa, FL 33629

Re:    *In re Ski Train Fire in Kaprun Austria on Nov. 11, 2000* (MDL-1428)

Dear Mr. Lowy:

I have represented Siemens Transportation Systems, Inc. in the Kaprun-related litigation and write to respond to your May 31, 2008 letter. Nothing in New York Judiciary Law Section 475 -- or other New York law -- entitles you, Mr. Hantman or Mr. Geier to fees and costs from Siemens Transportation Systems, Inc. As for the case you cite, *Chesley v. Union Carbide Corp. and the Union of India*, 927 F.2d 60 (2d Cir. 1991), makes crystal clear that your claim under Section 475 is frivolous. *See id.* at 67-68 (denying American attorneys' Section 475 claim where settlement fund established and supervised by foreign jurisdiction). Accordingly, should you choose to proceed with the legal action contemplated in your letter, Siemens Transportation Systems, Inc. or any other Siemens entity you pursue will move for appropriate sanctions.

In addition to many other reasons, you, Mr. Hantman, and Mr. Geier are not entitled to fees and costs from Siemens Transportation Systems, Inc. (or any Siemens entity) because Siemens companies did not pay any moneys to plaintiffs or into the Austrian Commission fund. Section 475 only allows attorneys to collect fees and costs from defendants who "knowingly paid . . . proceeds to the client" and did so "to deprive the attorney of an earned fee." *Harley & Browne v. Ressler & Ressler*, 957 F. Supp. 44, 50 (S.D.N.Y. 1997), quoting *Kaplan v. Reuss*, 495 N.Y.S.2d 404, 406 (2d Dep't 1985).

We cannot imagine how you are entitled to any fee from anyone, as the American litigation -- which in 6 years never progressed beyond preliminary motions and which has now been dismissed -- accomplished nothing but obstructing the Austrian Commission's resolution of this matter. Nonetheless, to the extent that you wish to be paid fees and costs from anyone, we suggest you contact your alleged clients or co-counsel. *See, e.g., Chesley, supra* ("[I]t would be inequitable, and an abuse of discretion, to . . . allow petitioners to proceed directly against UCC here without first seeking to recover in India either from the fund or from the plaintiffs there whom they claim to represent.").

Chicago        Hong Kong        London        Los Angeles        Munich        New York        San Francisco

KIRKLAND & ELLIS LLP

James F. Lowy
June 6, 2008
Page 2


     Finally, be advised that we have not received the various "exhibits" and "supporting documentation" you claim substantiates your entitlement to fees and costs.  Your letter of May 31, 2008 indicates that such exhibits and documentation were "sent by under [sic] separate cover."  Although we do not believe they will have any bearing on our position, please immediately send us the "exhibits" and "supporting documentation" referred to in your letter of May 31, 2008.

                                                 Sincerely,

                                                 Brant W. Bishop

BWB:ved

cc:     Service List (attached) -- via facsimile

# KIRKLAND & ELLIS LLP
# SERVICE LIST

Edward D. Fagan
Five Penn Plaza, 23rd Floor
New York, NY 10001
Fax: (646) 417-5558

Robert Pearl
Pearl Malarney Smith, PC
141 Sully's Trail, Suite 1
Pittsford, New York 14534
Fax: 585-381-3886

Nancy Ledy Gurren
Ledy-Gurren Bass & Siff, LLP
475 Park Avenue South, 8th Floor
New York, NY 10016
Fax: (212) 447-6686
*Counsel for Hydac Technology Corporation*

Eileen McCabe
Mendes & Mount LLP
750 Seventh Avenue
New York, NY 10019
Fax: (212) 261-8750
*Counsel for Wika Instrument Corporation*

E. Gordon Haesloop
Bartlett, McDonough, Bastone & Monaghan
300 Old Country Road
Mineola, NY 11501
Fax: (516) 877-0732
*Counsel for Omniglow Corporation*

Robert Weiner
McDermott, Will & Emery
340 Madison Avenue
New York, NY
*Counsel for Gletscherbahnen Kaprun (GBK)*

Charles Moerdler
Stroock, Stroock, Lavan
180 Maiden Lane
New York, NY 10038-4892
Fax: 212-806-6006
*Counsel for Republic of Austria*

Neil S. Rosolinsky, Esq.
Reed Smith, LLP
599 Lexington Avenue, 29th Floor
New York, NY 10022-7650
Fax: (212) 521-5450
*Counsel for Bosch Rexroth Corporation*

Arnd N. von Waldow
Reed Smith, LLP
435 Sixth Avenue
Pittsburgh, PA 15219
Fax: (412)288-3063
*Counsel for Robert Bosch Corporation*

Audrey Cumming
Fulbright & Jaworski LLP
1301 McKinney Avenue
Houston, TX 77010
Fax: (713) 651-5246

John F. Tully
Robert Owen
Fulbright & Jaworski LLP
666 Fifth Avenue
New York, NY 10103
Fax: (212) 318-3000
*Counsel for Exxon Mobil Corporation*

Arthur Liederman
Morrison, Mahoney & Miller LLP
17 State Street, Suite 1110
New York, NY 10004
Fax: (212) 825-1313
*Counsel for Bosch Rexroth AG*

Kenneth P. Nolan
Speiser Krause
140 East 45th Street
New York, New York 10017
Fax: (212) 953-6483
*Counsel for Goodridge Intervenors*

# McDermott Will&Emery

Boston Brussels Chicago Düsseldorf Houston London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

## FACSIMILE

**Date:** June 4, 2008                                      **Time Sent:**

| To: | Company: | Facsimile No: | Telephone No: |
|-----|----------|---------------|---------------|
| James F. Lowy, Esq. | Intl. Law Group, L.L.C. | 813.282.0384 | 813.288.9525 |
| Arnd Von Waldow, Esq. | Robert Bosch Corporation | 412.288.3063 | |
| Brant Bishop, Esq. | Siemens Transportation Systems, Inc | 202.879.5200 | |
| Robert Littleton, Esq. | Siemens Transportation Systems, Inc | 212.404.5778 | |
| Charles Moerdler, Esq. | Republic of Austria | 212.806.6006 | |
| John Tully, Esq. | Exxon Mobil Corp. | 212.318.3000 | |
| Audrey Cumming, Esq. | Exxon Mobil Corp. | 713.651.5246 | |
| Nancy Ledy-Gurren, Esq. | Hydac Corporation | 212.447.6686 | |
| Eileen McCabe, Esq. | Wika Instrument corporation | 212.261.8750 | |
| Gordon Haesloop, Esq. | Omniglow Corporation et al. | 516.877.0732 | |

| From: | Robert A. Weiner | *Direct Phone:* | 212.547.5408 |
|-------|------------------|-----------------|--------------|
| *E-Mail:* | rweiner@mwe.com | *Direct Fax:* | 212.547.5444 |
| *Sent By:* | Jean Alston | *Direct Phone:* | 212.547.5429 |
| *Client/Matter/Tkpr:* | 060905/0011/1403 | *Original to Follow by Mail:* | NO |
| | | *Number of Pages, Including Cover:* | 3 |

**Re:** In Re: Ski Train Fire In Kaprun, Austria

**Message:**

The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copy of this facsimile is strictly prohibited. If you have received this facsimile in error, please notify us immediately by telephone and return the original message to us at the below address by mail. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL JEAN ALSTON AT 212-547-5429 AS SOON AS POSSIBLE.

Main Facsimile: 212.547.5444      Facsimile Operator: 212.547.5400

U.S. practice conducted through McDermott Will & Emery LLP.
340 Madison Avenue      New York, New York 10173-1922      Telephone: 212.547.5400

# McDermott
# Will&Emery

Boston Brussels Chicago Düsseldorf Houston London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Robert A. Weiner
Attorney at Law
rweiner@mwe.com
212.547.5400

June 4, 2008

<u>VIA FACSIMILE</u>

James F. Lowy, Esq.
International Law Group, L.L.C.
3907 Henderson Blvd., Suite 200
Tampa, Florida 33629

Re:   <u>In re: Ski Train Fire in Kaprun, Austria (MDL 01-1428)</u>

Dear Mr. Lowy.

We were surprised to receive your letter of May 31, 2008. As set forth below, our client, Gletscherbahnen Kaprun AG ("GBK") categorically rejects your request for attorneys fees and costs.

As a threshold matter, your identification of me as a "Kaprun Commission Participant" in your letter's address block is incorrect. I have never appeared as counsel in the Kaprun Commission. Moreover, as you are well aware, GBK was dismissed from the above-captioned United States action on December 8, 2003, *years* before you or Mr. Hantman appeared as counsel in the matter. For that reason alone, your assertion of a claim for attorneys fees and costs against GBK pursuant to New York Judiciary Law § 475 (which applies only to counsel that "appears for a party") must be rejected.

As an aside, I am mystified by your contention that the American lawsuits helped to settle the Austrian lawsuit. It is my understanding that efforts by plaintiffs' counsel (including Mr. Hantman and you) in the above-captioned litigation after GBK's dismissal actually frustrated and hindered the Kaprun Commission's settlement efforts.

I must also point out that even if New York Judiciary Law § 475 is somehow applicable, any efforts to assert such a claim against GBK would be futile as your client has no cause of action in New York or anywhere else in the United States against GBK. Moreover, GBK neither does business nor has assets in the United States.

Even more startling is your attempt to stretch the application of New York Judiciary Law § 475 to Bernd Geier. As you well know, Mr. Geier is not even a New York attorney and merely provided "contract consulting and litigation support services for Lowy, Hantman and the US Legal Team."

U.S. practice conducted through McDermott Will & Emery LLP

340 Madison Avenue  New York, New York 10173-1922  Telephone: 212.547.5400  Facsimile: 212.547.5444  www.mwe.com

James F. Lowy, Esq.
June 4, 2008
Page 2

Please be advised that if you assert your claims for attorneys fees and costs against GBK in a United States court, GBK reserves all of its defenses and rights, including but not limited to its right to move for sanctions.

Very truly yours,

Robert A. Weiner

Robert A. Weiner

cc:    Arnd Von Waldow, Esq.
       Brant Bishop, Esq.
       Robert Littleton, Esq.
       Charles Moerdler, Esq.
       John Tully, Esq.
       Audrey Cumming, Esq.
       Nancy Ledy-Gurren, Esq.
       Eileen McCabe, Esq.
       Gordon Haesloop, Esq.
       (*above via facsimile*)
       Chryssa Valletta, Esq.

NYK 1163365-1.060905.0011

# LEDY-GURREN BASS & SIFF, L.L.P.

### ATTORNEYS AT LAW
### 475 PARK AVENUE SOUTH • NEW YORK, NY 10016
### (212) 447-1111 • FAX: (212) 447-6686

### <u>Facsimile Transmission</u> (2 Pages)

**DATE:**   June 6, 2008

**TO:**

| | |
|---|---|
| Edward D. Fagan Esq. | (646) 417-5559 |
| James F. Lowy Esq | (813) 282-0384 |
| Kenneth P. Nolan | (212) 953-6483 |
| E. Gordon Haesloop, Esq. | (516) 877-0732 |
| Neil S. Rosolinsky, Esq. | (212) 521-5450 |
| Arthur Liederman, Esq. | (212) 825-1313 |
| Robert A. Weiner, Esq. | (212) 547-5444 |
| Eileen McCabe, Esq. | (212) 262-8750 |
| Charles Moerdler, Esq. | (212) 806-6006 |
| Brant W. Bishop, Esq. | (202) 879-5200 |
| Arnd N. Von Waldow | (412) 288-3063 |
| Audrey Cumming | (713) 651-5246 |
| John F. Tully<br>Robert Owen | (212) 318-3400 |
| Robert Pearl | (585) 381-3886 |

**FROM:**   Nancy Ledy Gurren

**RE:**   Kaprun Ski Fire

NO. of Pages (Including Cover): 6

-------------------------------------------------------------------------------------------------

MESSAGE:

**FOR YOUR REVIEW.**

## THE ORIGINAL OF THE TRANSMITTED DOCUMENT WILL BE SENT BY:
### [ ] ORDINARY MAIL  [ ] OVERNIGHT MAIL  [ ] CERTIFIED MAIL
### [x ] THIS WILL BE THE ONLY FORM OF DELIVERY OF THE TRANSMITTED DOCUMENT

#### • • • PRIVACY & CONFIDENTIALITY NOTICE • • •

The information in the facsimile is intended for the named recipients only. It may contain privileged and confidential information. If you have received this facsimile in error, please notify us immediately by a collect telephone call at **(212) 447-1111** and return the original to the sender by mail. We will reimburse you for the postage. Thank you.

## LEDY-GURREN BASS & SIFF, L.L.P.

ATTORNEYS AT LAW

475 PARK AVENUE SOUTH • NEW YORK, NY 10016

(212) 447-1111

FAX: (212) 447-6686

NANCY LEDY-GURREN
(212) 447-1108
EMAIL: NLEDYGURREN@LGB-LAW.COM

June 6, 2008

James F. Lowy, Esq.
International Law Group
3907 Henderson Boulevard
Suite 200
Tampa, Florida

**Re:** *In Re Ski Train Fire in Kaprun, Austria (MDL 01-1428)*

Dear Mr. Lowy:

We are the attorneys for Hydac Technology Corp. (Hydac Corp. was never named in any lawsuit) and are in receipt of your letter dated May 31, 2008 which purports to assert a claim against my client for attorneys fees under the New York Judiciary Law §475. Let this serve as notice to you that we believe your claim to be frivolous in all respects.

Given the thoughtful and legally accurate responses to your letter by co-defendants' counsel, I shall not reiterate the many arguments that have been documented and serve to establish your claim as groundless. In this regard, we particularly adopt all of the arguments set forth in Brant W. Bishop's letter to you dated June 6, 2008, and affirm that Hydac Technology will similarly respond to any proposed litigation with an application for appropriate sanctions. Like Siemens, Hydac Technology was not part of the Austrian Commission resolution (and, indeed, was not a part of any case involving the Ski Train until it was improperly joined in this now dismissed action).

Thank you for your attention to the foregoing.

Very truly yours,

NANCY LEDY GURREN

NLG: smr
cc: Service List

## Kaprun Ski Fire MDL#1428

### SERVICE LIST

Edward D. Fagan Esq.
Law Offices
80 Broad Street, 5th Floor
New York, NY 10004
Phone: (212) 837-7836


James F. Lowy Esq
Florida Law Group, LLC
3907 Henderson Blvd. Suite, 200
Tampa, FL 33629
Phone: (813) 288-9525
Fax: (813) 282-0384

Kenneth P. Nolan
Speiser Krause
140 East 45th Street
Suite 1110
New York, New York 10103
Fax: 212-953-6483
*Counsel for Goodridge Intervenors*

E. Gordon Haesloop, Esq.
Bartlett McDonough, Bastone and Monaghan
300 Old Country Road
Mineola, NY 11501
Phone: (516) 877-2900
Fax: 516-877-0732
*Defendants American Cyanamid Inc., Marlyco Inc. and Omniglow Corporation*

Neil S. Rosolinsky, Esq.
Reed Smith, LLP
599 Lexington Avenue, 29th Floor
New York, NY 10022
Phone: (212) 521-5400
Fax: (212)521-5450
*Defendant Bosch Rexroth Corporation*

Arthur Liederman, Esq.
Morrison Mahoney, LLP

17 State Street, Suite 1110
New York, NY 10004
Phone: (212) 428-2480
Fax: 212-825-1313
*Defendant Bosch Rexroth AG*

Robert A. Weiner, Esq.
McDermott Will & Emery, LLP
340 Madison Avenue
New York, NY 10173
(212) 547-5408
Fax: 212-547-5444
*Defendant Gletscherbahnen Kaprun Aktiengesellschaft*

Eileen McCabe
Mendes & Mount, LLP
750 Seventh Avenue
New York, New York 10019
Phone: (212) 261-8000
Fax: 212-262-8750
*Defendant Wika Instrument Corporation*

Charles Moerdler, Esq.
Stroock, Stroock & Lavan L.L.P.
180 Maiden Lane
New York, New York, NY 10038
Phone: (212) 806-5400
Fax: 212-806-6006
*Defendant Osterreichische Elektrizitatswirtschafts AG*

Brant W. Bishop, Esq.
Robert B. Gilmore, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street N.W., Suite 1200
Washington, DC 20005
Fax: (202) 879-5200
*Defendant Siemens Transportation Systems Corp.*

Arnd N. Von Waldow
Reed Smith, LLP
435 Sixth Avenue
Pittsburgh, PA 15219
Fax: 713-651-5246
*Counsel for Robert Bosch Corporation*

Robert Pearl
Pearl Malarney Smith PC
141 Sully's Trail, Suite 1
Pittsford, New York 14534
Fax: (585) 381-3886
*Defendant Exxon Mobile Corporation*

Audrey Cumming
Fulbright & Jaworski L.L.P.
1301 Mckinney, Suite 5100
Houston, TX 77010-3095
phone: (713) 651 - 5151
fax: (713) 651 - 5246

John F. Tully
Robert Owen
Fulbright & Jaworski, LLP
666 Fifth Avenue
New York, New York 10103
phone: (212) 318-3000
fax: (212) 318-3400

# STROOCK

FACSIMILE

| DATE | June 4, 2008 | | |

| TO | COMPANY NAME | FAX NO. | PHONE NO. |
|---|---|---|---|
| James F. Lowy, Esq. | International Law Group | 813-282-0384 | 813-288-9525 |
| Arnd Von Waldow, Esq. | Robert Bosch Corporation | 412-288-3063 | |
| Brant Bishop, Esq. | Siemens Transportation Systems, Inc. | 202-879-5200 | |
| Robert Littleton, Esq. | Siemens Transportation Systems, Inc. | 212-404-5778 | |
| John Tully, Esq. | Exxon Mobil Corp. | 212-318-3000 | |
| Audrey Cumming, Esq. | Exxon Mobil Corp. | 713-651-5246 | |
| Nancy Ledy-Gurren, Esq. | Hydac Corporation | 212-447-6686 | |
| Eileen McCabe, Esq. | Wika Instrument Corporation | 212-261-8750 | |
| Gordon Haesloop, Esq. | Omniglow Corporation, et al. | 516-877-0732 | |
| Robert A. Weiner, Esq. | McDermott Will & Emery | 212-547-5444 | 212-547-5408 |

| TOTAL NO. OF PAGES | 6 |
|---|---|
| FROM | Charles G. Moerdler |
| SENDER'S FAX NO. | 212-806-2648 |
| SENDER'S PHONE NO. | 212-806-5648 |
| SENDER'S EMAIL | cmoerdler@stroock.com |
| ROOM NO. | 3379 |
| ATTORNEY NO. | 0490 |
| CLIENT/MATTER NAME | |
| CLIENT/MATTER NO. | 662046/0902 |

CONFIDENTIAL    The information contained in this facsimile is privileged and confidential, and is intended only for the use of the individual named above and others who have been specially authorized to receive such. If the recipient is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, or if any problems occur with this transmission, please notify us by telephone at 212-806-6102.

STROOCK & STROOCK & LAVAN LLP • NEW YORK • LOS ANGELES • MIAMI
180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212.806.5400 FAX 212.806.6006 WWW.STROOCK.COM

# STROOCK

Charles G. Moerdler
Direct Dial  212-806-5648
Direct Fax  212-806-2648
cmoerdler@stroock.com

June 4, 2008

James F. Lowy, Esq.
International Law Group, LLC
3907 Henderson Blvd.    Suite 200
Tampa, Florida 33629

Re:    **In Re: Ski Train Fire In Kaprun, Austria (MDL 01-1428)**

Dear Mr. Lowy:

Robert Weiner's June 4, 2008 fax has been received.  Its essential points apply
as well to my clients.  We do not represent the Republic of Austria, though you
state otherwise.  Our clients were dismissed from the case on the merits long
before you entered the litigation.  Finally, I know nothing about any Austrian
lawsuits, and very much doubt that any efforts by you or your colleagues
contributed to any settlement.

Mr. Weiner's conclusional paragraph is adopted.

Very truly yours,

Charles G. Moerdler

CGM:hv

For Mendes & Mount, LLP Use Only F/N:   392,019

# MENDES & MOUNT, LLP

750 SEVENTH AVENUE
NEW YORK, NY 10019-6829
TELEPHONE: (212) 261-8000
FACSIMILE: (212) 261-8750

LOS ANGELES OFFICE
725 SOUTH FIGUEROA STREET
NINETEENTH FLOOR
LOS ANGELES, CA 90017-5419
TELEPHONE: (213) 955-7700
FACSIMILE: (213) 955-7725

NEW JERSEY OFFICE
ONE NEWARK CENTER
NEWARK, NJ 07102-5259
TELEPHONE: (973) 639-7300
FACSIMILE: (973) 639-7350

## FAX TRANSMISSION

| | |
|---|---|
| Edward D. Fagan | 646-417-5558 |
| Edward D. Fagan. | 646-304-6446 |
| Robert Pearl | 585-381-3886 |
| Nancy Ledy Gurren | 212-447-6886 |
| Robert Weiner | 212-547-5444 |
| Neil S. Rosolinsky, Esq.. | 212-521-5450 |
| Arnd N. von Waldow | 412-288-3063 |
| Audrey Cumming | 713-651-5246 |
| John F. Tully | 212-318-3400 |
| Arthur Liederman | 212-825-1313 |
| Kenneth P. Nolan | 212-953-6483 |
| Charles Moerdler | 212-806-6006 |
| Brant W. Bishop | 202-879-5200 |
| James F. Lowy | 813-282-0384 |
| E. Gordon Haesloop | 516-877-0732 |

**FROM:**   Eileen T. McCabe

**DATE:**   6/16/2008        **TIME:**   4:38 PM

**NUMBER PAGES:**   2        (INCLUDING COVER PAGE)

**MESSAGE:**

IF YOU HAVE NOT RECEIVED TOTAL NUMBER OF PAGES OR NEED ASSISTANCE, PLEASE CALL (212) 261-8283.

**Transmitted By:**

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL (S) OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IN STRICTLY PROHIBITED IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

464881.1 All Counsel Fax.doc  06/16/2008 04:38 PM

# MENDES & MOUNT, LLP

750 SEVENTH AVENUE
NEW YORK, NY 10019-6829
TELEPHONE: (212) 261-8000
FACSIMILE: (212) 261-8750

LOS ANGELES OFFICE
445 SOUTH FIGUEROA STREET
THIRTY-EIGHTH FLOOR
LOS ANGELES, CA 90071-1601
TELEPHONE: (213) 955-7700
FACSIMILE: (213) 955-7725

NEW JERSEY OFFICE
ONE NEWARK CENTER
NEWARK, NJ 07102-5259
TELEPHONE: (973) 639-7300
FACSIMILE: (973) 639-7350

Direct Dial: (212) 261-8283
E-mail: eileen.mccabe@mendes.com

June 16, 2008

## VIA FACSIMILE AND U.S. MAIL

James F. Lowy, Esq.
International Law Group, LLC
3907 Henderson Blvd. - Suite 200
Tampa, Florida 33629

RE:  In Re Ski Train Fire in Kaprun Austria on Nov. 11, 2000 (MDL No. 1428)
Our File: 392,019

Dear Mr. Lowy:

We represent Wika Instrument Corporation in connection with the Kaprun-related litigation and write in response to your letter of May 31, 2008.  Please be advised that we view any claim for fees under New York Judiciary Law Section 475 or otherwise as baseless and frivolous.

Counsel for a number of other defendants have set forth in detail the many reasons your claim has no merit.  We accordingly join in the points and arguments they have made, particularly the letter from Brant W. Bishop dated June 6, 2008.  Like Siemens Transportation Systems, Inc., and Hydac Technology, Wika Instrument Corporation did not pay (nor did any "Wika" entity for that matter) any moneys to plaintiffs or the Austrian Commission fund.  Should  you initiate any litigation with regard to this issue we would likewise seek the appropriate sanctions.

Faithfully yours,

MENDES & MOUNT

Eileen T. McCabe

ETM/cdlc

# BARTLETT, McDONOUGH, BASTONE & MONAGHAN, LLP

ATTORNEYS AT LAW

300 OLD COUNTRY ROAD
MINEOLA, NEW YORK 11501-4112
TELEPHONE: (516) 877-2900
FAX: (516) 877-0732

WHITE PLAINS OFFICE
81 MAIN STREET
WHITE PLAINS, NEW YORK 10601-1711
TELEPHONE: (914) 448-0200
FAX: (914) 448-0215

NEW YORK CITY OFFICE
230 PARK AVENUE
NEW YORK, NEW YORK 10169-1099
TELEPHONE: (212) 983-2900
FAX: (212) 983-2901

June 11, 2008

James F. Lowy
International Law Group, L.L.C.
3907 Henderson Boulevard, Suite 200
Tampa, Florida 33629

Re:    In re: Ski Train Fire Kaprun, Austria on November 11, 2000  (MDL 1428)(SAS)
       BMBM File No.: 242-0046

Dear Mr. Lowy:

I have with great curiosity reviewed your letter of May 31, 2008 requesting attorneys fees and costs for yourself, Mr. Hantman and Mr. Geier. I will not repeat all of the arguments that were raised by the other defendants who have made very cogent arguments why such a claim is meritless.

Please be advised that none of the plaintiffs that you represented in the Southern District of New York are prevailing claimants under any stretch of the law. In fact, those cases have been dismissed which is a rendering in favor of the defendants.

Also, Section 475 of the Judiciary Law does not allow for you to proceed in the fashion contemplated by your letter. Furthermore, there are other statutory and regulatory obstructions to your collection of a fee even if one had been generated by the litigation. With respect to the Austrian cases, please be advised that Omniglow has never participated in the Commission, nor was it named in any litigation in Austria. If you, for some reason, believe that you are entitled to fees for representing the plaintiffs who have been in Austria who have granted global releases to all of the defendants in return for accepting an award from the Commission, then it must be necessary for you to proceed with Mr. Fagan. Your letter specifically indicates some agreement, written or otherwise, for you to share the fees of Mr. Fagan. I would suggest that your only remedy, if any, is to determine whether or not Mr. Fagan has received any fees from any of the clients in Austria, which is doubtful since he is not an Austrian or German attorney as was noted by Judge Seiss early on in this litigation when he attempted to sanction Mr. Fagan for practicing law in Austria without an appropriate license.

Therefore, Omniglow Corporation and any of its related companies hereby formally rejects your application for attorneys fees and costs for the reasons stated by the other defendants and those contained herein.

Very truly yours,

*E. Gordon Haesloop*

E. Gordon Haesloop

EGH/jm