```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IN RE: SKI TRAIN FIRE IN KAPRUN AUSTRIA      :    MDL # 1428 (SAS)
      ON NOVEMBER 11, 2000                   :    (pending in Southern
-----------------------------------------------------------X    District of New York)
This document relates to the following cases:
-----------------------------------------------------------X
BLAIMAUER, et al,              Plaintiffs,   :
                                             :
      - and -                                :    Civil Action #
                                             :    03–CV–8960 (SAS)
OMNIGLOW CORPORATION, et al                  :
                               Defendants.   :
----------------------------------------------------------- X
-----------------------------------------------------------X
GEIER, et al,                  Plaintiffs,   :
      - and -                                :    Civil Action #
                                             :    03–CV–8961 (SAS)
OMNIGLOW CORPORATION, et al                  :
                               Defendants.   :
----------------------------------------------------------- X
-----------------------------------------------------------X
MITSUMOTO, et al,              Plaintiffs,   :
                                             :
      - and -                                :    Civil Action #
                                             :    06–CV–2811 (SAS),
REPUBLIC OF AUSTRIA, et al                   :
                               Defendants.   :
----------------------------------------------------------- X
-----------------------------------------------------------X
MITSUMOTO, et al,              Plaintiffs,   :
      - and -                                :    Civil Action #
                                             :    07–CV–0935 (SAS)
ROBERT BOSCH CORP., et al                    :
                               Defendants.   :
----------------------------------------------------------- X
-----------------------------------------------------------X
STADMAN, et al,                Plaintiffs,   :
                                             :
      - and -                                :    Civil Action #
                                             :    07–CV–3881 (SAS)
AUSTRIAN NATIONAL TOURIST OFFICE, et al      :
                               Defendants.   :
----------------------------------------------------------- X
```

```
-------------------------------------------------------X
FERK, et al,                          Plaintiffs,   :
                                                    :
     - and -                                        :     Civil Action #
                                                    :     07–CV–4104 (SAS)
OMNIGLOW CORPORATION, et al                         :
                                     Defendants.    :
------------------------------------------------------ X
```

=================================================================
**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO FIX AND ENFORCE AN ATTORNEYS CHARGING LIEN
PURSUANT TO NEW YORK JUDICIARY LAW §475**
=================================================================

**1.  Introduction**

This Memorandum of Law is submitted in support of the pending Motion by attorneys James F. Lowy and Robert J. Hantman (the "Applicants"), pursuant to New York Judiciary Law Section 475, for an Order fixing and enforcing an attorneys charging lien, in an amount to be determined by this Court, to compensate the Applicants for their legal fees and expenses incurred in the representing of the Foreign Plaintiffs in this MDL case.

**2.  Background**

This litigation stems from the November 11, 2000 Kaprun, Austria ski train fire, which tragically claimed the lives of 155 people, with only 2 survivors. (The "Kaprun ski train fire case"). Although Applicant James F. Lowy ("Mr. Lowy") was recently retained directly to represent ten (10) of the Kaprun victims who are Foreign Plaintiffs and who wish to renounce the Kaprun Commission Settlement (described below) and seek redress in the courts of the United States, the purpose of the instant motion is to fix and enforce the Applicants' attorneys fees and costs for those of Applicants' clients who chose to accept the results of the Kaprun Commission Settlement and to participate in the Kaprun Commission Settlement Fund in Austria. Those

Foreign Plaintiffs have not paid any legal fees or expenses to the Applicants and are beyond the jurisdiction of this Court and the Courts of the United States.

From February, 2006 until October, 2007, Applicants served as co-counsel to 247 victims' family members and 10 survivors of the Kaprun ski train fire in proceedings before this Court as well as in proceedings before the United States District Court for the Middle District of Florida, and the Panel on Multidistrict Litigation in Washington, DC (MDL). Applicant Robert J. Hantman's representation of the same clients in the United States during that period was restricted to proceedings before this Court.

The Applicants both appeared before this Court on numerous occasions, serving as co-counsel to Edward Fagan. Mr. Fagan agreed to pay Applicants a share of any fees earned by Mr. Fagan pursuant to Fagan's contingency retainer agreement with the Foreign Plaintiffs.

Applicants provided hundreds of hours of legal services and expended many thousands of dollars of costs for nearly two years at Mr. Fagan's behest and with the consent and approval of foreign cooperating counsel and the Foreign Plaintiffs. Additionally, Mr. Lowy originated an action in Florida and served as lead counsel for that case, transferred the case to this Court via the MDL, and posted a costs bond with this Court in the amount of $25,700 on behalf of the Foreign Plaintiffs. The Applicants, together with Mr. Fagan, also attended a meeting with the Kaprun Commission in Austria in May 2006 in order to discuss settlement options.

The case against certain defendants, Gletscherbahnen Kaprun ("GBK") and the Republic of Austria ("Austria"), was dismissed by this Court on jurisdictional grounds. The cases against the remaining Defendants were dismissed on *forum non conveniens* grounds by this Court by Order dated June 30, 2007. These Orders are being challenged on appeal to the United States Court of Appeals, Second Circuit, which has issued various orders of recent vintage. The

gravamen of the pending mandamus proceeding in that Court is that defendants GBK and Austria intentionally destroyed and disposed of the remains of the subject ski trains, and deposited them in a garbage dump outside of Salzburg, Austria, in a deliberate attempt to escape justice.

Although Mr. Fagan was disqualified by this Court by Order of August 16, 2007, which Order sanctioned Mr. Fagan for certain activities in connection with his representation of the Foreign Plaintiffs, the Court declined to sanction the Applicants, despite motions to that effect filed by defendants.

Except for the ten Foreign Plaintiffs now represented by Mr. Lowy and nine (9) others represented by other plaintiff's counsel in this case, Applicants are informed that all or practically all of the remaining Foreign Plaintiffs accepted a settlement on or about April 30, 2008 with 85 defendants (the "Kaprun Commission Settlement") for 13.4 million Euros (E 13,400,000) via the Kaprun Commission in Vienna, Austria. The Kaprun Commission Settlement required a global release of liability and dismissal of all pending lawsuits against all defendants. Applicants have been informed by certain Foreign Plaintiffs that only three defendants to this proceeding are paying into the Kaprun Commission Settlement Fund (GBK, its insurer, and Austria), even though the release required to be signed by the settling claimants releases all parties, including the non-paying defendants to this proceeding.

Applicants believe they are entitled to compensation, either derivatively as a percentage of the amount which Mr. Fagan was entitled to by contract, or in the alternative, on a *quantum meruit* basis. The lump sum payment through the Kaprun Commission, although made by only three parties, is for the benefit of all 85 defendants. Therefore, fees and costs owed to the Applicants are by law due from the all the defendants who benefitted from the releases required of the Foreign Plaintiffs. Applicants believe that MDL cases were part and parcel of the overall

resolution process by which the Kaprun Commission Fund was created and that their participation in the litigation conducted in the United States was instrumental in causing a settlement to be effectuated in an amount which would otherwise have been less generous to the victims. That is why the Kaprun Commission and the settling defendants required the dismissal of *all* litigation, including that pending before this Court. Until Applicants became involved in this litigation, the cases brought in this country were languishing as of late 2005/early 2006, and were revived through Applicants' efforts. These cases would not have been able to proceed in the manner they were conducted (e.g., trips to Austria, evidence collection, expert witnesses retention, extensive motion practice, multi-state approach, payment of expenses, etc.) without Applicants' participation.

The instant motion asks the Court to direct, at the appropriate time, the filing of detailed time and costs accounting to support this application.

Applicants have previously placed certain defendants on notice of their claim to attorneys fees and costs, which claims have been expressly rejected.

## ARGUMENT

## POINT ONE

### FEDERAL COURTS HAVE JURISDICTION TO FIX AND DETERMINE ATTORNEYS FEES PURSUANT TO NEW YORK JUDICIARY LAW SECTION 475

In accordance with the principles underlying New York Judiciary Law Section 475, Applicants submit that fees and expenses advanced for the benefit of the Foreign Plaintiffs are due and owing to them.

New York Judiciary Law Section 475 provides as follows:

> Attorney's lien in action, special or other proceeding. From the commencement of
> an action, special or other proceeding in any court or before any state, municipal

or federal department, except a department of labor, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, judgment or final order in his client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien.

Applicants seek an order from this Court fixing and determining the amount of a lien on the settlement proceeds and enforcing the lien against the defendants who benefitted from the Kaprun Commission Settlement by reason of receiving releases from the Foreign Plaintiffs.

According to the Second Circuit Court of Appeals in *Markakis, v. The S.S. Mparmpa Christos*, 26 F. 2d 926, 1959):

> Under New York Judiciary Law, McKinney's Consol.Laws, c. 30, § 475, an attorney is given a charging lien upon the recovery obtained upon his client's cause of action. The lien attaches upon the commencement of the action and covers compensation for services thereafter rendered during the pendency of the action. This state statute creates an equitable right and remedy cognizable in the federal courts. Woodbury v. Andrew Jergens Co., 2 Cir., 69 F.2d 49; Nic Projector Corp. v. Movie-Jecktor Co., D. C.S.D.N.Y., 16 F.Supp. 605, and cases there cited.

Thus, this Court certainly has jurisdiction to entertain this application and award the relief requested.

### POINT TWO

### DESPITE THE PREVIOUS DISMISSAL OF THIS ACTION, THIS COURT HAS ANCILLARY JURISDICTION TO CONSIDER THIS APPLICATION

There can be little doubt that Federal Courts have ancillary jurisdiction over all defendants for the purposes of determining attorneys fees upon applications such as that brought herein. That is true, even where the proceeding has been previously dismissed.

"We agree that the *forum non conveniens* dismissal did not operate as an automatic bar to the district court's exercise of ancillary jurisdiction regarding appellants' applications." *Chesley v. Union Carbide*, 927 F.2d 60 (2nd Cir. 1991).

In *Chesley, supra*, involving the 1984 Bhopal, India disaster, the Second Circuit stated as follows:

> Under the doctrine of ancillary jurisdiction, a federal court may exercise jurisdiction over a claim for which no subject matter jurisdiction independently obtains if the claim is sufficiently related to an initial claim properly before the court. *See Baylis v. Marriott Corp.*, 843 F.2d 658, 663 (2d Cir. 1988); *Stamford Bd. of Educ. v. Stamford Educ. Ass'n*, 697 F.2d 70, 72 (2d Cir. 1982); cf. *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 70-71 (2d Cir. 1990) (ancillary equitable jurisdiction). The decision to hear an ancillary claim is discretionary, however, and turns upon "whether the policies of 'judicial economy, convenience, and fairness to litigants' are furthered by the assumption of jurisdiction." *Stamford Bd. of Education*, 697 F.2d at 72 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966)).
> "'It is well settled that "[a] federal court may, in its discretion, exercise ancillary jurisdiction to hear fee disputes . . . between litigants and their attorneys when the dispute relates to the main action . . . ."'" *Cluett, Peabody & Co. v. CPC Acquisition Co.*, 863 F.2d 251, 256 (2d Cir. 1988) (quoting *Petition of Rosenman Colin Freund Lewis & Cohen*, 600 F.Supp. 527, 531 (S.D.N.Y. 1984) (quoting *Marrero v. Christiano*, 575 F.Supp. 837, 839 (S.D.N.Y. 1983))).

In *Chesley, supra*, the defendants contended that previous dismissal of the action deprived the court of ancillary jurisdiction over the fee dispute. The Second Circuit described that position as an "erroneous contention," citing *Rosenman Colin*, 600 F.Supp. at 531, *aff'd*, 872 F.2d 1021 (2d Cir. 1989) and stating, "As a general rule, furthermore, a federal court's ancillary jurisdiction to resolve fee disputes 'extends to disputes that arise after the initial litigation is no longer before the court.'"

Furthermore, this rule has been applied in cases where, as here, there has been a settlement. *See, e.g., Cluett, Peabody*, 863 F.2d at 253; *Grimes*, 565 F.2d at 842-44; *Schmidt v. Zazzara*, 544 F.2d 412, 413-14 (9th Cir. 1976); *Kamerman*, 278 F.2d at 412-13 & n. 1; *cf.*

*Woodbury v. Andrew Jergens Co.*, 69 F.2d 49, 51 (2d Cir. 1934) ("it would be a matter of entire indifference to the incidental jurisdiction of the District Court if the main suit had been completely settled").

In this Circuit, therefore, it is the "general rule that ancillary jurisdiction to resolve fee disputes continues after the initial litigation is no longer before the court. . ." *Chesley, supra*, at p. 65.

### POINT THREE

### APPLICANTS' LIEN MAY BE ENFORCED BY JUDGMENT DIRECTLY AGAINST DEFENDANTS

According to New York's Court of Appeals, Judiciary Law § 475 is a device to protect counsel against "the knavery of his client," giving the attorney a direct interest in the client's cause of action. *In re City of New York*, 5 N.Y.2d 300, 307 (1959).

Furthermore, New York precedent governs attorney's charging liens issued by federal courts in New York. See, *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 448-49 (2d Cir. 1998); *United States v. Bosurgi*, 750 F.2d 216, 219 (2d Cir. 1984); *Markakis v. The S.S. Mparmpa Christos*, 267 F.2d 926, 927 (2d Cir. 1959); *McChesney v. Sims*, 267 F.2d 215, 217 (2d Cir. 1959); *Petition of Rosenman & Colin*, 674 F.Supp. 107, 108 (S.D.N.Y. 1987).

Under relevant New York authority, where, as here, a defendant makes a settlement directly with a party represented by counsel, the defendant is liable for the attorneys fees unless provision has been made therefore in the settlement. *Fischer-Hansen v. Brooklyn Heights R.R. Co.*, 173 N.Y. 492, 66 N.E. 395 (1903). According to the Second Circuit in *Chesley, supra*, "We have long recognized that the lien created by section 475, which attaches by its terms in an action or proceeding 'in any court or before any . . . federal department,' is enforceable in

federal courts in accordance with its interpretation by New York courts... *Fischer-Hansen* establishes that where a defendant settles with a plaintiff without making provision for the fee of the plaintiff's attorney, that attorney can in a proper case proceed directly against the defendant pursuant to section 475." *Chesley, supra*, at p. 67.

In other words, the attorney's lien upon the "was not defeated by payment to his client, for the defendant paid at its peril. It had both actual and constructive notice of the lien, and while it does not appear that it knew the share of the fund that the plaintiff was entitled to receive, its duty was to ascertain the amount and retain it for him. *Fischer-Hansen, supra*, at p. 501.

Interestingly, in *Fischer-Hansen,* as here, the client was beyond the jurisdiction of the court at the time of the proceeding, thereby rendering direct collection efforts against the client unavailable. Under those circumstances, the New York Court of Appeal allowed the attorney to proceed directly against the defendant. Since Applicants are in no position to seek compensation from the Foreign Plaintiffs who agreed to participate in the Kaprun Commission Settlement, Applicants are in precisely the same position as described in *Fischer-Hansen, supra,* and should be able to enforce their attorneys fees and expenses claims against the defendants in this proceeding.

## CONCLUSION

For the foregoing reasons, Applicants are entitled to have this Court fix an attorneys charging lien pursuant to New York Judiciary Law §475 and enforce said lien against defendants herein.

DATED: July 16, 2008

Respectfully Submitted:


_____/s/_____
Robert Pearl
Pearl Malarney Smith, PC
649 5th Ave. South
Naples, FL 34102
Tel. 239-659-1005
Fax 239-659-1007
Robert@pearlsmithlaw.com
Southern District#:  RP 6302

Service to all counsel of record via CM-ECF