UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
In Re:  Ski Train Fire in Kaprun          :         01-md-1428 (SAS)
         Austria On November 11, 2000     :
------------------------------------------------------------X
This document relates to the following actions:
------------------------------------------------------------X
Blaimauer et al              Plaintiffs,  :
         - v -                            :         03-cv-8960 (SAS)
Omniglow et al,              Defendants   :
------------------------------------------------------------X
------------------------------------------------------------X
Geier et al                  Plaintiffs,  :
         - v -                            :         03-cv-8961 (SAS)
Omniglow et al               Defendants   :
------------------------------------------------------------X
------------------------------------------------------------X
Mitsumoto et al              Plaintiffs,  :
         - v -                            :         06-cv-2811 (SAS)
The Republic of Austria et al,            :
                             Defendants   :
------------------------------------------------------------X
------------------------------------------------------------X
Mitsumoto et al              Plaintiffs,  :
         - v -                            :         07-cv-935 (SAS)
Robert Bosch Corporation et al            :
                             Defendants   :
------------------------------------------------------------X
------------------------------------------------------------X
Stadman et al                Plaintiffs,  :
         - v -                            :         07-cv-3881 (SAS)
Austrian National Tourist Office Inc. et al :
                             Defendants   :
------------------------------------------------------------X
------------------------------------------------------------X
Ferk et al                   Plaintiffs,  :
         - v -                            :         07-cv-4104 (SAS)
Omniglow Corporation et al                :
                             Defendants   :
------------------------------------------------------------X

===================================================================
**Notice of Filing of Limited Letter Opposition / Request for Miscellaneous Relief by Edward D. Fagan to July 16, 2008 Motions of James Lowy and Robert Hantman to Fix Attorneys' Charging Lien pursuant to New York Judiciary Law § 475.**
===================================================================

Notice is hereby given that Edward D. Fagan ("Fagan") hereby files[1] the attached July 17, 2008 Letter to The Hon. Shira A. Scheindlin USDJ *(Exhibit 1)* requesting certain relief in relation and/or in opposition to the July 16, 2008 Motions filed by James Lowy and Robert Hantman and as noted in the Dockets as:

- *Doc # 185 & 186 in the matter entitled Blaimauer/ Mitsumoto et al v Omniglow et al 03-cv-8960 (SAS);*

- *Doc # 81 in the matter entitled Geier et al v Omniglow et al 03-cv-8961(SAS);*

- *Doc # 74 in the matter entitled Mitsumoto et al v Republic of Austria et al 06-CV-2811 (SAS);*

- *Doc # 79 in the matter entitled Mitsumoto et al v Robert Bosch Corp. et al, 07-cv-935(SAS);*

- *Doc # 30 in the matter entitled Stadman et al v Austrian National Tourist Office et al, 07-cv-3881(SAS); and*

- *Doc # 30 in the matter entitled Ferk et al v Omniglow Corp. et al, 07-cv-4104 (SAS).*

The relief sought include:

a.  the Court's *sua sponte* recusal, pursuant to 28 USC § 455 (a), and in accordance with the Court's position that it will not hear or consider matters in which I am involved as an interested party and/or as counsel. *See*

---

[1] This letter is being rather than faxed to the Court in accordance with and to respect the Court's prior directions that there be no further communications by Fagan to Chambers related to The Kaprun Matter. However, since Fagan has an interest in The July 16, 2008 Motions, a letter that Fagan would normally have faxed to Chambers, is instead being filed and the opposition are matters of record in the case and to the extent that the Motion relates to Fagan's personal or professional interests.

*December 28, 2007 Order entered in case entitled Fagan v. Lowy et al 1:07-cv-10293 (Doc. # 7);*

b. a Stay of The Motions filed by Messrs. Lowy and Hantman, pending the Court's determination of its *sua sponte* recusal pursuant to 28 USC § 455 (a);

c. a Stay of the requirement to file any responsive pleadings, by any interested parties, to The Motions, pending the Court's determination of its *sua sponte* recusal pursuant to 28 USC § 455 (a);

d. direction that Messrs. Lowy and Hantman serve all interested parties and persons, including but not limited to Cooperating Counsel and other persons/entities who have an interest in legal fees and/or expense reimbursement related to The Kaprun Cases; and

e. convening a Conference at which time certain of these issues can be addressed in open Court.

Dated: July 17, 2008

                                                                                                */s/ Edward D. Fagan*
Edward D. Fagan Esq.
5 Penn Plaza, 23rd Floor
New York, NY  10001
Tel (646) 378-2225
Email: faganlaw.kaprun@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused the within Notice of Limited Opposition and For Miscellaneous Relief to be filed with the Clerk of the Court and a courtesy hard copy is being served upon all counsel of record in this case as per the attached service list.

A courtesy copy of the papers is being forwarded to the Hon. Shira A. Scheindlin USDJ.

Additional courtesy copies are being electronically, faxed and/or served and to counsel of record.

Dated: July 17, 2008        /s/ Edward D. Fagan (electronically signed)
New York, NY

## **Defendants' Counsel of Record in All Cases**

Counsel for Defendant Bosch Rexroth AG
Arthur Liederman Esq. - Morrison Mahoney
17 State Street, Suite 1110, New York, NY  10004
Tel: (212) 428-2480 / Fax: (212) 825-1313
Email: aliederman@morrisonmahoney.com

------------------------

Counsel for Defendant Bosch Rexroth Corporation
Arnd von Waldow Esq. -  Reed Smith
435 Sixth Avenue, Pittsburgh, PA  15219
Tel: (412) 288-1313 / Fax: (412) 288-3063
Email: avonwaldow@reedsmith.com

------------------------

Counsel for Defendants Siemens
Brant Bishop Esq. -  Kirkland & Ellis
655 Fifteenth Street N.W., Suite 1200
Washington, DC  20005
Tel: (202) 879-5299 / Fax: (202) 879-5200
Email: bbishop@kirkland.com

---------------------------

Counsel for Defendants Omniglow & Cyalume
E. Gordon Haesloop Esq. - Bartlett McDonough, Bastone and Monaghan
300 Old Country Road,  Mineola, NY 11501
Tel: (516) 877-2900 /  Fax: (516) 877-0732
Email: egordon.haesloop@bmbmlaw.com

---------------------------

Counsel for Defendant GBK
Robert A. Weiner Esq. -  McDermott Will & Emory
340 Madison Ave,  New York, NY  10173
Tel: (212) 547-5408 /  Fax: (212) 547-5444
Email: rwe@mwe.com

---------------------------

Counsel for Verbund
Charles Moerdler Esq. – Stroock, Stroock & Lavan
180 Maiden Lane, New York, NY  10013
Tel (212) 806-5400 / Fax (212) 806-6006
Email: cmoerdler@stroock.com

---------------------------

Counsel for WIKA Instruments
Eileen McCabe Esq. -  Mendes & Mount
750 Seventh Avenue, New York, NY
Tel: (212) 261-8000 / Fax: (212) 261-8750
Email: Eileen.mccabe@mendes.com

------------------------
Counsel for Defendants HYDAC
Nancy Ledy-Gurren Esq. - Ledy-Gurren, Bass & Siff
475 Park Avenue South, New York, NY
Tel: (212) 447-1105 / Fax: (212) 447-6686
Email: nledygurren@lgb-law.com

------------------------
Counsel for Defendants Exxon
John Sullivan Esq. - Fulbright & Jaworski
1301 McKinney Avenue, Fulbright Tower
Houston, TX 77010
Tel: (713) 651-5637 / Fax: (713) 651-5246
Email: jsullivan@fulbright.com


------------------------------------------------------------------------------------------------

### Notice to Certain Plaintiffs' Counsel of Record and/or Movants in July 16, 2008 Motion

James F. Lowy Esq. - International Law Group LLC & Florida Law Group LLC
3907 Henderson Blvd. # 200 , Tampa, FL 33629-5761
Tel # (813) 288-8525 / Fax # (813) 288-0324
Email: jameslowy@gmail.com and jameslowy@floridalawgroup.com

------------------------
Robert J. Hantman Esq. - Hantman & Associates
1414 Avenue of the Americas, Suite 406 New York, NY 10019
Tel # (212) 684-3933 / Fax # (212) 755-1989
Email: hantmanrj@aol.com

------------------------
Robert J. Pearl Esq. - Pearl Malarney Smith PC
649 5th Avenue South, Naples, FL 34102
Tel # 239-659-1005 / Fax # 239-659-1007
Email: Robert@pearlsmithlaw.com

# EXHIBIT 1

# EDWARD D. FAGAN ESQ.
5 Penn Plaza, 23rd Floor, New York, NY 10001
Tel. (646) 378-2225 & Email: faganlawintl@aim.com

Thursday 17 July 2008

Honorable Shira A. Scheindlin USDJ
United States District Court
Southern District of New York
500 Pearl Street, Chambers, Room 1620
New York, NY   10007

Re:   *In Re: Ski Train Fire in Kaprun Austria on Nov. 11, 2000, 01-md-1428(SAS); Blaimauer/ Mitsumoto et al v Omniglow et al 03-cv-8960(SAS); Geier et al v Omniglow et al 03-cv-8961(SAS); Mitsumoto et al v Republic of Austria et al 06-CV-2811 (SAS); Mitsumoto et al v Robert Bosch Corp. et al, 07-cv-935(SAS); Stadman et al v Austrian National Tourist Office et al, 07-cv-3881(SAS); and Ferk et al v Omniglow Corp. et al, 07-cv-4104 (SAS)* <u>(collectively "The Kaprun Cases").</u>

Honorable Judge:

I write this letter opposition mindful of the Court's prior directives that it would not consider submissions by me in The Kaprun Cases. This letter is written in opposition and to address the June 16, 2008 filing of Motions by James Lowy and Robert Hantman related to legal fees and expense reimbursement. As explained below, I have a personal interest in those Motions, as do other professionals. And, I respectfully submit I, and others, have right to be heard in relation to those Motions. However, due to the circumstances by which the Motions have been presented to the Court, and the Court's prior directives related to me, I have no recourse other than to address Your Honor through this letter filing.   Allow me to explain the issues as I see them.

<u>**Issues Presented & Relevant Facts**</u>

The issues arise from multiple filings made on July 16, 2008 by Robert Pearl Esq.. Mr. Pearl entered his appearance for James Lowy and Robert Hantman and filed Motions he styled as *"Motion to Fix and Enforce an Attorneys Charging Lien Pursuant to New York Judiciary Law § 475"* ("The Motions").

The Motions do not appear to have been made or filed in the Master Docket 01-md-1428. However, The Motions were filed in each of the above referenced individual cases. For ease of reference, The Motions were filed as the following document number:

- *Doc # 185 & 186 in Blaimauer/ Mitsumoto et al v Omniglow et al 03-cv-8960(SAS);*
- *Doc # 81 in Geier et al v Omniglow et al 03-cv-8961(SAS);*
- *Doc # 74 in Mitsumoto et al v Republic of Austria et al 06-CV-2811 (SAS);*
- *Doc # 79 in Mitsumoto et al v Robert Bosch Corp. et al, 07-cv-935(SAS);*
- *Doc # 30 in Stadman et al v Austrian National Tourist Office et al, 07-cv-3881(SAS); and*
- *Doc # 30 in Ferk et al v Omniglow Corp. et al, 07-cv-4104 (SAS).*

The Motions appear to seek a judgment against certain defendants based upon an alleged entitlement to, and/or a lien against, certain legal fees and/or reimbursement of expenses. Any such entitlement is derived from (i) contingent fee agreements in my name with and former representation of Kaprun victims and survivors and/or (ii) work allegedly performed and/or expenses allegedly incurred through Cooperation agreements with me.

**EDWARD D. FAGAN ESQ.**

*Hon. Shira A. Scheindlin USDJ – 17 July 2008 Letter – Page 2*
*In Re: Ski Train Fire in Kaprun Austria on Nov. 11, 2000, 01-md-1428(SAS); Blaimauer/ Mitsumoto et al v. Omniglow et al 03-cv-8960(SAS); Geier et al v Omniglow et al 03-cv-8961(SAS); Mitsumoto et al v Republic of Austria et al 06-CV-2811 (SAS); Mitsumoto et al v Robert Bosch Corp. et al, 07-cv-935(SAS); Stadman et al v Austrian Naional Tourist Office et al 07-cv-3881(SAS); & Ferk et al v Omniglow Corp. et al, 07-cv-4104 (SAS).*

---------------

The July 16, 2008 Declaration of Robert J. Pearl *("Pearl Declaration") (Doc. 82 in Case 03-cv-8961 and identical in other cases)* submitted in support of The Motions is a problem. Mr. Pearl has no first hand knowledge of the case, the parties, the claims, the evidence, the relevant facts, the theories of liability, the prior or present procedural history or posture of the case, the matters before the Court of Appeals, or the issues related to or involving the Kaprun Commission. Notably there is no Declaration from Messrs. Lowy and/or Hantman who purport to have knowledge and who claim to have been directly involved with these matters so as to justify some application for fees and/or expense reimbursement.

However, The Pearl Declaration contains inaccuracies and/or misrepresentations related to facts, evidence, plaintiffs, defendants and other issues related to the procedural posture of the cases. These will have to be addressed at a later time.

The Pearl Declaration does reference my powers of attorney and/or contingent fee agreements with Kaprun victims, survivors and/or family representatives, as well as certain agreements between Movants and me and/or agreements with Foreign Cooperating Counsel.

The Pearl Declaration also confirms that, among other things:

a. The Motions affect the rights and interests of other of my former team members, known to Movants yet whose rights Movants seem to ignore;

b. The Motions affect the rights and interests of persons whose services were requested by but who have yet to be paid by Movants, and whose rights Movants seem to ignore;

c. The Motions affect the rights and interests of other entities who provided funding for the case separate and apart from Movants and whose rights Movants seem to ignore; and

d. The Motions affect my rights and interests.

If Movants insist on pursuing The Motions at this time, all interested parties, myself included, should be given an opportunity to be heard and to have responsive declarations and evidence submitted prior to the Court's ultimate consideration of Movants' claims.

### *Sua Sponte* Recusal Required Pursuant to 28 USC § 455 (a)

As Your Honor may recall, it is the Court's position that it will not hear or consider matters in which I am involved as an interested party and/or as counsel. *See December 28, 2007 Order entered in case entitled Fagan v. Lowy et al 1:07-cv-10293 (Doc. # 7).*

Therefore, I am sorry to have to request this, but given the present circumstances, I must respectfully request that, pursuant to 28 USC 455 (a), Your Honor should recuse herself *sua sponte* from consideration of The Motions filed by Mr. Pearl for Messrs. Lowy and Hantman.

**EDWARD D. FAGAN ESQ.**

*Hon. Shira A. Scheindlin USDJ – 17 July 2008 Letter – Page 3*
*In Re: Ski Train Fire in Kaprun Austria on Nov. 11, 2000, 01-md-1428(SAS); Blaimauer/ Mitsumoto et al v.*
*Omniglow et al 03-cv-8960(SAS); Geier et al v Omniglow et al 03-cv-8961(SAS); Mitsumoto et al v Republic*
*of Austria et al 06-CV-2811 (SAS); Mitsumoto et al v Robert Bosch Corp. et al, 07-cv-935(SAS); Stadman et al*
*v Austrian Naional Tourist Office et al 07-cv-3881(SAS); & Ferk et al v Omniglow Corp. et al, 07-cv-4104 (SAS).*

---------------

### Rights Affected, Equities, Priorities & Other Issues Related to The Motions

As explained above, The Motions affect the rights of my former Kaprun victims, survivor and/or family representative clients and/or Foreign Cooperating Counsel on whose behalf Messrs. Lowy and Hantman purport or claim to have provided valuable services and/or expended monies. The Motions also appear to seek to gain an advantage over others *(known to Messrs. Lowy and Hantman, who provided services and expended monies other than and/or in some instances at Mr. Lowy's or Mr. Hantman's request)*. However, there is no evidence that these persons were served with a copy of The Motions. *(See Certificate of Service - Doc. #84 in Case 03-cv-8961)*.

I submit there are certain equitable issues that should have been considered before making any such claim alleging entitlement to legal fees and reimbursement of costs. I shall leave those issues, as well as any response to the inaccurate assertions of facts, claims, evidence, procedural posture of cases and other statements, set forth in the Pearl Declaration *(Doc. #84 in Case 03-cv-8961)*, for the opposition that may ultimately be filed in response to The Motions.

However at this point, I respectfully submit that there is a threshold question that should be considered and that is: *Should The Motions have been made in the first place at this time and especially under these circumstances?* For reasons different than what have been or may yet to be suggested by Defendants, I submit that the answer to the question is – No !

I submit that the better course of action would have been to hold The Motions until after the following matters were resolved:

   a. the pending application for Writ of Mandamus;

   b. the June 30th Motion for Reconsideration filed by Mr. Lowy;

   c. the July 16th Notice of Appeal filed by Mr. Lowy; and

   d. the challenges to validity and/or enforceability of the Settlement Agreement & Release through the Kaprun Commission in Austria (which I submit is in fact subject to attack but which has not yet been addressed by a US Court).

Even assuming The Motions have merit and Movants can prevail on their legal arguments against these Defendants, there does not seem to be a legitimate concern that if the Motions are not ruled upon now, the Movants will be prejudiced in any way. Defendants are multi-national companies and/or have other interests or assets in the US from which any judgment Movants may obtain can be satisfied. Therefore, there does not seem to be anything gained by making The Motions at this time.

With that in mind, one must question the motives behind The Motions. Were I still in the case, I would not have made The Motions at this time.

**EDWARD D. FAGAN ESQ.**

*Hon. Shira A. Scheindlin USDJ – 17 July 2008 Letter – Page 4*
*In Re: Ski Train Fire in Kaprun Austria on Nov. 11, 2000, 01-md-1428(SAS); Blaimauer/ Mitsumoto et al v. Omniglow et al 03-cv-8960(SAS); Geier et al v Omniglow et al 03-cv-8961(SAS); Mitsumoto et al v Republic of Austria et al 06-CV-2811 (SAS); Mitsumoto et al v Robert Bosch Corp. et al, 07-cv-935(SAS); Stadman et al v Austrian Naional Tourist Office et al 07-cv-3881(SAS); & Ferk et al v Omniglow Corp. et al, 07-cv-4104 (SAS).*

-----------

I believe that the better course of action would have been to first secure a determination and/or resolution of (i) the application for Writ of Mandamus in the Court of Appeals that has been pending since January 2008 and as to which Mr. Lowy has entered his appearance, (ii) the June 30, 2008 Motion for Reconsideration[1] of Your Honor's June 10, 2008 Order filed by Mr. Lowy, and (iii) the July 16, 2008 Appeal of Your Honor's June 10, 2008 Order filed by Mr. Lowy. In that way, there will at least be clarity on issues such as what claims remain, what claims can be prosecuted, against which Defendants can claims be prosecuted and what, if any, offsets might Defendants receive for *ex-gratia* monies paid by or through The Kaprun Commission and/or Generali Insurance Company.

After those issues have been resolved, the issues in The Motions, can be addressed, if necessary.

### Relief Sought

In view of the foregoing, I therefore urge the Court to (i) Stay The Motions filed by Messrs. Lowy and Hantman and (ii) Stay the filings of any responsive pleadings to the Motions, by interested persons, myself included, pending the Court's determination of its recusal pursuant to 28 USC 455 (a) and reassignment to a Different District Judge of The Motions and (iii) directing Messrs. Lowy and Hantman to serve the Motion on all persons and/or entities, including but not limited to Foreign Cooperating Counsel and others, who have interests in attorneys fees and/or reimbursement of expenses.

In the meantime, however, the Court can and should direct Mr. Pearl, Mr. Lowy and Mr. Hantman to serve all interested persons and/or parties including but not limited to Foreign Cooperating Counsel with a copy of The Motions and all supporting documents.

### Conclusion

In closing, I wish to apologize to the Court for certain things that have occurred in the past.

If the Court took offense with my prior conduct or if the Court believed that I was ever disrespectful, I do apologize. I meant no disrespect to Your Honor or to the institution of the Court. What has driven me in this case from November 2000 to present was the fight to hold those government and/or corporate entities responsible for what they did to the victims and survivors of the Kaprun disaster. In that regard, it was the wishes and directions and interests of the victims and survivors and/or their family representatives that led me. I believe that I always put their wishes, desires and interests ahead of my own. And, the multiple Declarations of Kaprun victims, survivors and/or their legal representatives, including Dr. Bernd Geier, Prof. Dr. Toichiro Kigawa, Nanae & Masatoshi Mitsumoto, Dr. Gerhard Podovsovnik, Dr. Ulrich Schwab and others, demonstrate this and also demonstrated that there were no conflicts between me and them.

---

[1] In checking the Docket, I note that there is no entry in the Docket for the Memorandum of Law in support of the Motion for Reconsideration, as required by the Local Rules and Your Honors Individual Rules.

Case 1:07-cv-03881-SAS   Document 35   Filed 07/17/2008   Page 12 of 12

# EDWARD D. FAGAN ESQ.

*Hon. Shira A. Scheindlin USDJ – 17 July 2008 Letter – Page 5*
*In Re: Ski Train Fire in Kaprun Austria on Nov. 11, 2000, 01-md-1428(SAS); Blaimauer/Mitsumoto et al v. Omniglow et al 03-cv-8960(SAS); Geier et al v Omniglow et al 03-cv-8961(SAS); Mitsumoto et al v Republic of Austria et al 06-CV-2811 (SAS); Mitsumoto et al v Robert Bosch Corp. et al, 07-cv-935(SAS); Stadman et al v Austrian Naional Tourist Office et al 07-cv-3881(SAS); & Ferk et al v Omniglow Corp. et al, 07-cv-4104 (SAS).*

---------------

I tried to fight for justice for the Kaprun victims, survivors and their family representatives. That fight for justice also meant accountability for the governmental and corporate defendants involved with the disaster. I had hoped to complete that task last year. I would still like to be involved in whatever way I can, if, as and when Your Honor's Disqualification and Sanctions Order is reversed or modified.

The Kaprun victims, survivors and their family representatives and I believed the Court made certain factual and legal errors and erred in some of its rulings. They and I also believed the Court was misled by persons other than me.

I did not enjoy being in a position where I had to move for certain relief in response to or in order to challenge those of the Court rulings that we believed were wrong.

I had hoped that the disposition of the July 31, 2007 Motion for Reconsideration would have resolved the issues so that the cases could have gone on and been concluded for the benefit of the Kaprun victims, survivors and their family representatives. I still hope that the issues presently pending in the Court of Appeals can achieve these results.

I would have liked, and would still like, to have the opportunity to address these and other issues to the Court in person.

With that in mind, and notwithstanding the past differences and/or issues that led to my recusal or the issues in the pending Appeal filed by me related to Your Honor's June 10, 2008 Order, I would welcome the opportunity to appear before Your Honor, to explain the circumstances and to perhaps purge myself of and/or resolve whatever concerns the Court previously had about me personally, professionally, or about the discharge of my duties to Kaprun victims, survivors and family representatives, or my conduct in this or other cases.

If Your Honor will give permit me the opportunity to appear before the Court at a Rule 16 Conference for the limited purpose of discussing these matters in open Court, I would be prepared to do so.

For now, however, and given the present circumstances, this letter submission will have to suffice.

As always, thank you for Your Honor's time and consideration.

Respectfully submitted,

Edward D. Fagan

*EDF/lsf*