## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------ X
                                                 :
IN RE: SKI TRAIN FIRE IN KAPRUN AUSTRIA          :
     ON NOVEMBER 11, 2000                        :
------------------------------------------------ X
                                                 :
This document relates to the following cases:    :
------------------------------------------------ X
                                                 :
BLAIMAUER , et al,              Plaintiffs,      :
                                                 :
      - and -                                    :
                                                 :
OMNIGLOW CORPORATION, et al     Defendants.      :
------------------------------------------------ X
------------------------------------------------ X
                                                 :
GEIER , et al,                  Plaintiffs,      :
      - and -                                    :
                                                 :
OMNIGLOW CORPORATION, et al     Defendants.      :
------------------------------------------------ X
------------------------------------------------ X
                                                 :
MITSUMOTO, et al,               Plaintiffs,      :
      - and -                                    :
                                                 :
REPUBLIC OF AUSTRIA, et al      Defendants.      :
------------------------------------------------ X
------------------------------------------------ X
                                                 :
MITSUMOTO, et al,               Plaintiffs,      :
      - and -                                    :
                                                 :
ROBERT BOSCH CORP., et al       Defendants.      :
------------------------------------------------ X
------------------------------------------------ X
                                                 :
STADMAN, et al,                 Plaintiffs,      :
      - and -                                    :
                                                 :
AUSTRIAN NATIONAL TOURIST OFFICE, et al,         :
                                Defendants.      :
------------------------------------------------ X
------------------------------------------------ X
                                                 :
FERK, et al,                    Plaintiffs,      :
      - and -                                    :
                                                 :
OMNIGLOW CORPORATION, et al,                     :
                                Defendants.      :
------------------------------------------------ X
```

Civil Action #
03–CV–8960 (SAS)

Civil Action #
03–CV–8961 (SAS)

Civil Action #
06–CV–2811 (SAS)

Civil Action #
07–CV–935 (SAS)

Civil Action #
07-CV-3881 (SAS)

Civil Action #
07-CV-4104 (SAS)

RECEIVED
JUL 2 3 2008
U.S.D.C. S.D. N.Y.
CASHIERS

============================================================

## Notice of Motion for Recusal Pursuant to 28 USC § 455 (a) Related to July 17, 2008 Motion by James Lowy & Robert Hantman for Attorneys' Fees

============================================================

1

**PLEASE TAKE NOTICE** that Edward D. Fagan will move this Honorable Court, on a date as set by the Court, as soon as counsel can be heard, at the United States District Court for the Southern District of New York, located at 500 Pearl Street, New York, NY 10007, Courtroom 15 C, before the Honorable Shira A. Scheindlin for the following relief:

a.    the Court's *sua sponte* recusal, pursuant to 28 USC § 455 (a), and in accordance with the Court's position that it will not hear or consider matters in which I am involved as an interested party and/or as counsel. *See December 28, 2007 Order entered in case entitled Fagan v. Lowy et al 1:07-cv-10293 (Doc. # 7);*

b.    a Stay of The Motions filed by Messrs. Lowy and Hantman, pending the Court's determination of its *sua sponte* recusal pursuant to 28 USC § 455 (a);

c.    a Stay of the requirement to file any responsive pleadings, by any interested parties, to The Motions, pending the Court's determination of its *sua sponte* recusal pursuant to 28 USC § 455 (a); and

d.    convening a Conference at which time issues can be addressed in open Court.

**PLEASE TAKE FURTHER NOTICE** that in support of this Edward Fagan will rely upon the annexed Declaration and Memorandum of Authorities.

2

**PLEASE TAKE FURTHER NOTICE** that opposition, if any, shall be filed in accordance with the Federal Rules of Civil Procedure, the Local Rules for the Southern District and such other date as may be set by the Court.

Dated: July 23, 2008

Edward D. Fagan Esq.
5 Penn Plaza, 23rd Floor
New York, NY  10001
Tel (646) 378-2225
Email: faganlaw.kaprun@gmail.com

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused the within Notice of Motion For Miscellaneous Relief to be filed with the Clerk of the Court and a courtesy hard copy is being served upon all counsel of record in this case as per the attached service list.

A courtesy copy of the papers is being forwarded to the Hon. Shira A. Scheindlin USDJ.

Additional courtesy copies are being electronically, faxed and/or served and to counsel of record.

Dated:  July 23, 2008          /s/ Edward D. Fagan (electronically signed)
        New York, NY

## Defendants' Counsel of Record in All Cases

Counsel for Defendant Bosch Rexroth AG
Arthur Liederman Esq. - Morrison Mahoney
17 State Street, Suite 1110, New York, NY 10004
Tel: (212) 428-2480 / Fax: (212) 825-1313
Email: aliederman@morrisonmahoney.com
----------------------------

Counsel for Defendant Bosch Rexroth Corporation
Arnd von Waldow Esq. - Reed Smith
435 Sixth Avenue, Pittsburgh, PA 15219
Tel: (412) 288-1313 / Fax: (412) 288-3063
Email: avonwaldow@reedsmith.com
----------------------------

Counsel for Defendants Siemens
Brant Bishop Esq. - Kirkland & Ellis
655 Fifteenth Street N.W., Suite 1200
Washington, DC 20005
Tel: (202) 879-5299 / Fax: (202) 879-5200
Email: bbishop@kirkland.com
----------------------------

Counsel for Defendants Omniglow & Cyalume
E. Gordon Haesloop Esq. - Bartlett McDonough, Bastone and Monaghan
300 Old Country Road, Mineola, NY 11501
Tel: (516) 877-2900 / Fax: (516) 877-0732
Email: egordon.haesloop@bmbmlaw.com
----------------------------

Counsel for Defendant GBK
Robert A. Weiner Esq. - McDermott Will & Emory
340 Madison Ave, New York, NY 10173
Tel: (212) 547-5408 / Fax: (212) 547-5444
Email: rwe@mwe.com
----------------------------

Counsel for Verbund
Charles Moerdler Esq. – Stroock, Stroock & Lavan
180 Maiden Lane, New York, NY 10013
Tel (212) 806-5400 / Fax (212) 806-6006
Email: cmoerdler@stroock.com
----------------------------

Counsel for WIKA Instruments
Eileen McCabe Esq. - Mendes & Mount
750 Seventh Avenue, New York, NY
Tel: (212) 261-8000 / Fax: (212) 261-8750
Email: Eileen.mccabe@mendes.com

-----------------------
Counsel for Defendants HYDAC
Nancy Ledy-Gurren Esq. -  Ledy-Gurren, Bass & Siff
475 Park Avenue South, New York, NY
Tel: (212) 447-1105 / Fax: (212) 447-6686
Email: nledygurren@lgb-law.com
-----------------------
Counsel for Defendants Exxon
John Sullivan Esq. -  Fulbright & Jaworski
1301 McKinney Avenue, Fulbright Tower
Houston, TX  77010
Tel: (713) 651-5637 / Fax: (713) 651-5246
Email: jsullivan@fulbright.com


-------------------------------------------------------------------------------------------------------

### Notice to Certain Plaintiffs' Counsel of Record and/or Movants in July 16, 2008 Motion

James F. Lowy Esq. - International Law Group LLC & Florida Law Group LLC
3907 Henderson Blvd. # 200 , Tampa, FL  33629-5761
Tel # (813) 288-8525 / Fax # (813) 288-0324
Email: jameslowy@gmail.com and jameslowy@floridalawgroup.com
-------------------------
Robert J. Hantman Esq. - Hantman & Associates
1414 Avenue of the Americas, Suite 406 New York, NY 10019
Tel # (212) 684-3933 / Fax # (212) 755-1989
Email: hantmanrj@aol.com
-------------------------
Robert J. Pearl Esq. - Pearl Malarney Smith PC
649 5th Avenue South, Naples, FL  34102
Tel # 239-659-1005 / Fax # 239-659-1007
Email: Robert@pearlsmithlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ------------------------------------------------ X | | |
| IN RE: SKI TRAIN FIRE IN KAPRUN AUSTRIA : | | MDL # 1428 (SAS) |
| ON NOVEMBER 11, 2000 : | | |
| ------------------------------------------------ X | | |

This document relates to the following cases:

------------------------------------------------ X

| | | |
|---|---|---|
| BLAIMAUER , et al, | Plaintiffs, | |
| | : | |
| - and - | : | Civil Action # |
| | : | 03–CV–8960 (SAS) |
| OMNIGLOW CORPORATION, et al | Defendants. : | |
| ------------------------------------------- X | | |
| ------------------------------------------- X | | |
| GEIER , et al, | Plaintiffs, | |
| - and - | : | Civil Action # |
| | : | 03–CV–8961 (SAS) |
| OMNIGLOW CORPORATION, et al | Defendants. : | |
| ----------------------------------------------- X | | |
| ----------------------------------------------- X | | |
| MITSUMOTO, et al, | Plaintiffs, | |
| - and - | : | Civil Action # |
| | : | 06–CV–2811 (SAS) |
| REPUBLIC OF AUSTRIA, et al | Defendants. : | |
| -------------------------------------------- X | | |
| -------------------------------------------- X | | |
| MITSUMOTO, et al, | Plaintiffs, | |
| - and - | : | Civil Action # |
| | : | 07-CV-935 (SAS) |
| ROBERT BOSCH CORP., et al | Defendants. : | |
| -------------------------------------------- X | | |
| -------------------------------------------- X | | |
| STADMAN, et al, | Plaintiffs, | |
| - and - | : | Civil Action # |
| | : | 07-CV-3881 (SAS) |
| AUSTRIAN NATIONAL TOURIST OFFICE, et al, | : | |
| | Defendants. : | |
| ---------------------------------------------- X | | |
| ---------------------------------------------- X | | |
| FERK, et al, | Plaintiffs, | |
| - and - | : | Civil Action # |
| | : | 07-CV-4104 (SAS) |
| OMNIGLOW CORPORATION, et al, | : | |
| | Defendants. : | |
| ---------------------------------------------- X | | |

====================================================

## Declaration in Support of Motion for Court's Recusal Pursuant to 28 USC § 455 (a) of Consideration of Lowy Hantman Fee Motion and for Other Relief

====================================================

I, Edward D. Fagan, hereby declare and say:

1.  I am former Plaintiffs'' counsel in this matter.  I submit this Declaration in support of the Motion for the Court's Recusal pursuant to 28 USC § 455 (a) from consideration of The July 17, 2008 Motion filed by James Lowy and Robert Hantman for Fees ("The Lowy Hantman Motion") in the above matters and for other relief.  I submit that the following facts are relevant to the issues in this Motion and in relation to The Lowy Hantman Motion.

2.  The Court entered a Disqualification and Sanctions Order against me in August 2007.

3.  From August 2007 to present, I have requested the Court's reconsideration and other relief and have presented the Court with objective evidence to demonstrate that the Disqualification and Sanctions Order as well as the Court's June 19, 2007 Forum Non Conveniens Decision should be reversed.

4.  In December 2007 and then again in January 2008, I presented the Court with independent confirmation that its prior Orders should be reversed.

5.  The Court declined to accept or consider any submissions by me.

6.  In December 2007, the Court accepted a case entitled Fagan v. Lowy et al 08-cv-10293.

7.  Immediately after receipt of the Court's acceptance of that case, I was forced to file a Motion for the Court's Recusal.  *See Exhibit 1.*

8.  After reviewing that Motion, the Court recused itself from hearing matters in which I was involved.  *See Exhibit 2.*

2

9. Messrs. Lowy and Hantman were parties in the matter where the Court recused itself pursuant to 28 USC § 455 (a) from consideration involving the three of us.

10. The Lowy Hantman Motion may again involve issues with Messrs. Lowy and Hantman on the one side and me on the other side.

11. The Lowy Hantman Motion for Attorneys fees is supported by statements of Robert Pearl – a person who has no first hand knowledge – but which facts were apparently given to him by James Lowy and/or Robert Hantman. Statements in Mr. Pearl's Declaration are inaccurate or misrepresent the facts or procedural history of the case. The statements were clearly made to help Messrs. Lowy and/or Hantman to enhance their stature with the Court so they could be in a position to earn a percentage of fees. And as they recognize, Messrs. Lowy and/or Hantman claim to fees is predicated and/or derived from my contingent fee and/or other relationships with clients for whom I was counsel of record since November 2000 or clients who were referred to them by me.

12. I submit that it was inappropriate for Mr. Pearl to make (and for Messrs. Lowy and Hantman to allow) many of the statements made in his July 17, 2008 Declaration. I further submit that it would be inappropriate for me to respond to those facts or procedural issues to which I take exception.

13. However, I respectfully submit that I must be permitted to respond to these statements and others at the appropriate time. It is only a question of in what form my response should be presented and what Judge will or should ultimately resolve these issues.

14. The Lowy Hantman Motion affects my rights to fees and expense reimbursement. [1] A neutral and non-biased Judge must consider my response and evidence. Unfortunately, given the history which includes unintended invective and *ad hominem* attacks against me by the Court, or actions by me to which the Court took offense, this Motion should be considered by another Judge. [2]

15. Assuming the basic relief sought in The Lowy Hantman Motion, which I support in principle, is granted and there is an adjudication that Defendants are liable to pay fees and expense reimbursement for those of my former clients who accepted settlements and do not intend to continue litigation in the US, there will have to be a determination made as the entitlement of Messrs. Lowy and/or Hantman. There will also have to be determination made as to (i) whether or not Lowy complied with the provisions of the agreement he attached as an Exhibit to his Motion to which claims for or entitlement to fees may attach and be based, (ii) whether or not Hantman complied with the oral agreements between him and me to which claims for or entitlement to fees may attach and be based and (iii) what if any independent entitlement exists based on work performed in the case to which claims for or entitlement to fees may attach . There will also have to be an accounting of monies allegedly paid into the case to which claims for or

[1] The Court should that it will be my position that there should be an allocation from my portion of fees and/or expense reimbursements that may result from this application so that outstanding sanctions can be paid or a bond posted pending the disposition of the pending Appeal.
[2] For the benefit of the Kaprun victims and survivors for whom I submit some claims remain, I pray that the Court recognize the necessity for me to also include in my further submissions issues in which I was personally involved (i) related to the August 16, 2007 Disqualification and Sanctions Order, (ii) discovery of spoliation of evidence and extent of the spoliation, (iii) new evidence issues related to the September 2007 German Prosecutor's Report and the relevance to the Whistleblowers evidence and the December 2007 Declaration of Former Omniglow Owner Stan Hollander, and (iv) the July 2007 & 2008 Motions for Reconsideration, which issues bear on the ultimate disposition of The Lowy & Hantman July 17, 2008 Fee Motion, potential entitlement to fees and reimbursement of expenses and related issues.

4

entitlement to reimbursement of expenses may attach. As Messrs. Lowy and Hantman are aware, pursuant to a 2002 Order and Judgment of the New Jersey Matrimonial Court *(referenced in par. 6 of Exhibit A to The Lowy Hantman Motion – See Exhibit 3 attached hereto for ease of reference)* my fees and expense reimbursements from the Kaprun case are to be deposited into the Trust Account of the Superior Court of New Jersey. And, any person who wishes to make a claim against those fees will be able to do so in the Superior Court of New Jersey before the Hon. James B. Convery JSC.

16. I submit that there are also facts and evidence that I must be permitted to submit for consideration on determining the merits of the application the persons to which it applies and other aspects related to the "Settlement" which should also be considered as they to relate to The Lowy Hantman Motion and the ultimate determination of what defendants should pay to whom and for what.

17. I am sorry to have to raise the issues related to Recusal or to remind the Court of its December 2007 Recusal in the matter entitled Fagan v Lowy Hantman 07-cv-10293.

18. I pray that the Court grant the relief sought in the accompanying Motion in its entirety.

## Declaration pursuant to 28 USC § 1746

The facts and statements contained above *(as well as in my July 17, 2008 letter a copy of which is attached as Exhibit 4 and incorporated herein by reference)* are true and accurate to the best of my knowledge information and belief

Dated: 23 July 2008

_____
Edward D. Fagan

5

# EXHIBIT   1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X

FAGAN, et al,

       **PLAINTIFFS**  :  **CIVIL ACTION**
              :  **07-CV-10293 (SAS)**

  -   vs -         :

LOWY, et al          :

       **DEFENDANTS.**  :

------------------------------------------------X

## MOTION (i) TO SEAL, (ii) FOR EXTENSION OF TIME TO FILE MOTIONS FOR REMAND AND FOR RECUSAL, (iii) FOR EXPEDITED PRE-MOTION CONFERENCE RELATED TO MOTIONS and (iv) FOR OTHER RELIEF

   **PLEASE TAKE NOTICE** that the below referenced Plaintiff will move this Honorable Court, on a date as set by the Court, as soon as counsel can be heard, at the United States District Court for the Southern District of New York, located at 500 Pearl Street, New York, NY  10007, Courtroom 15 C, before the Honorable Shira A. Scheindlin, for, among other things, and Order

   (i)  To seal certain papers in this case;

   (ii)  For Extension of Time to File Motions for Remand and for Recusal;

   (iii)  For Expedited Pre-Motion Conference Related to Motions; and

   (iv)  For such other relief as is just and equitable.

1

PLEASE TAKE FURTHER NOTICE that Plaintiff make this Motion under the following specific provisions of the Federal Rules of Civil Procedure, Local Rules of the Southern /Eastern Districts of New York

PLEASE TAKE FURTHER NOTICE that in support of this Motion, Plaintiff will rely upon Declaration and Statement of Authorities of Edward D. Fagan, together with supporting Exhibits.

PLEASE TAKE FURTHER NOTICE that opposition, if any, in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District and/or at such other date as may be set by the Court.

Dated:  December 13, 2007
      New York, NY

/s/ Edward D. Fagan (electronically signed)
Edward D. Fagan, Esq.
5 Penn Plaza, 23rd Floor
New York, NY  10001
Tel. (646) 378-2225
Fax (646) 304-6446
Plaintiff

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused the foregoing

**MOTION (i) TO SEAL, (ii) FOR EXTENSION OF TIME TO FILE MOTIONS FOR REMAND AND FOR RECUSAL, (iii) FOR EXPEDITED PRE-MOTION CONFERENCE RELATED TO MOTIONS and (iv) FOR OTHER RELIEF**

to be electronically filed with the Clerk of the Court and served upon counsel of record.

A courtesy copy of the papers with the moving papers have been forwarded to the Honorable Shira A. Scheindlin, USDJ.

An additional copy is electronically, faxed and/or served and to Defendants' counsel of record.

Dated:  December 13, 2007          /s/ Edward D. Fagan (electronically signed)
        New York, NY                   Edward D. Fagan, Esq.

3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------X
FAGAN, et al,                            :
                        PLAINTIFF        :       CIVIL ACTION
                                         :       07-CV-10293 (SAS)
        - vs -                           :
                                         :
LOWY, et al                              :
                                         :
                        DEFENDANTS.      :
-----------------------------------------X
```

## AFFIDAVIT AND STATEMENT OF AUTHORITIES IN SUPPORT OF MOTION MOTION (i) TO SEAL, (ii) FOR EXTENSION OF TIME TO FILE MOTIONS FOR REMAND AND FOR RECUSAL, (iii) FOR EXPEDITED PRE-MOTION CONFERENCE RELATED TO MOTIONS and (iv) FOR OTHER RELIEF

Edward D. Fagan, hereby declares and says:

1. I am listed as Plaintiff in the above referenced matter.

## RELEVANT FACTS

2. This Motion is filed because Mr. Lowy and his counsel Mr. Perle are improperly disclosing Confidential, Attorney Client, Work Product and other privileged communications in which Litigation Strategy, appellate strategy, strategy as to how to deal with this Court in the matters entitled *In Re: Ski Train Fire in Kaprun Austria on November 11, 2000, MDL # 1428 (SAS)(THK); Blaimauer et al v. Omniglow et al, 03-CV-8960 (SAS)(THK); Geier et al v. Omniglow et al, 03-CV-8961 (SAS)(THK); Mitsumoto et al v. Republic of Austria et al, 06-CV-2811 (SAS)(THK); Mitsumoto et al v. Robert Bosch Corp et al 07-CV-935 (SAS)(THK); Stadman et al v. Austrian National Tourist Office et al 07-cv-3881 (THK)(THK);*

1

and *Ferk et al v. Omniglow Corporation et al 07-cv-4104 (SAS)(THK)*

*(hereinafter collectively referred to as "The Kaprun Cases").*

3.  Such disclosure has and continues to prejudice innocent Kaprun victims and

    survivors claims in this Court and appeals.

4.  Further, Mr. Lowy and Mr. Perle have misrepresented to Your Honor and to

    named Defendants Robert Hantman and Hantman & Associates[1] certain matters

    in Notice of Removal as originally filed and statements made in the Case

    Information Statement.

5.  Kaprun victims and survivors objected to Mr. Lowy's actions from Sept. – Oct.

    2007, which led to the filing of the original complaint.  Those communications

    contain confidential information and samples of them will be provided in support

    of Plaintiffs' Motion for Recusal, if such a Motion is necessary[2].

6.  When Messrs. Lowy and Perle improperly disclosed the Confidential and

    Privileged Communications, certain Kaprun victims and survivors and I

    commenced an independent action against them in New York State Court entitled

    *Edward D. Fagan, Dr. Bernd Geier and Dr. Gerhard Podovsovnik v. James F.*

    *Lowy Esq., International Law Group LLC, Florida Law Group LLC, Michael R.*

    *Perle Esq. and Michael R. Perle PC*, Index # 07-115473 (filed November 19,

---

[1] I have obtained independent verification from Mr. Hantman that he was not informed of Messrs. Lowy and Perle's intention to disclose Confidential and Privileged Information, he did not agree with or believe that this matter relates to the Kaprun litigation. *Copies of communications between Mr. Hantman and me confirming this are being submitted for the Court's in camera inspection and should be sealed are marked as Exhibit 1.* Mr. Hantman and I have agreed that once this case is remanded to the State Court, where it belongs, he and his firm will be voluntarily dismissed.

[2] Under separate submission, Kaprun victims and survivor plaintiffs, their European and Japanese Cooperating Counsel and/or representatives and I are moving the Court in The Kaprun Cases for Relief Pursuant to FRCP 60 (b) (2) (3) and (6) – to vacate the Court's Aug. 16, 2007 Opinion & Order, and 28 USC §§ 144 and 455 – to have the Court disqualify itself, as well as pursuant to Local Rule 50.4. *A copy of the Pre-Motion Conference letter is attached as Exhibit 2.*

2007). The Summons and Complaint are out for service and it should be served within the next few days. *See a copy attached as Exhibit 3.*

7. The complaint is predicated upon negligence and malpractice, including unauthorized disclosures of confidential and privileged materials, with reckless disregard to the consequences and the damages caused to clients, former clients and persons to whom Messrs. Perle and Lowy and their firms owed duties of care. The causes of action are as follows: Count I - Negligence, Count II - Breach of Contract or Fiduciary Duty, Count III – Malpractice and Count IV – Injunction. *See Exhibit 3.*

8. Neither this Complaint, nor the newly filed Complaint belong in Federal Court and they certainly do not belong before Your Honor.  And they certainly do not belong in front of any Judge who will ultimately be responsible for the adjudication of the future Motions and claims related to The Kaprun Cases.

9. The proofs and evidence that will be disclosed in support of these claims and which need to be considered by the Judge who presides over and ultimately hear the instant case, and who will direct the ultimate triers of fact, i.e. the jury, will require disclosure of additional Confidential, Attorney Client, Work Product, Settlement and Litigation documents as they relate to The Kaprun Cases, and which should never be reviewed by the Judge who presides over and ultimately hears the future Motions and Claims, and who will direct the ultimate triers of fact, i.e. the jury, in the Kaprun Cases.

3

10. Your Honor's acceptance of the instant action as "related" to The Kaprun Cases forms a part of the Motion for Your Honor to Recuse Yourself from both cases and from consideration on all Motions in these cases.

11. The need to seal and/or mark as *"Confidential - Attorneys Eyes Only"* is necessary to protect the innocent Kaprun victims and survivor plaintiffs whose cases continue in the District Court and the Court of Appeals and which can be prejudiced if Defendants in The Kaprun Cases were to be able to access these documents.

12. The request for a reasonable extension of time to file the Motions for Remand and the Motion for Recusal is appropriate and should be granted because it will serve to promote conservation of judicial economy and avoid what I respectfully submit will be unnecessary Motion practice that may in fact be obviated through the Pre-Motion Conferences and the Court's consideration of the separate submissions demonstrating the authority and need for the Court's recusal in The Kaprun Case.

13. For purposes of this Motion, and as set forth in *Exhibit 2*, the ones who are suffering as a result of Messrs. Lowy and Perle's actions are innocent Kaprun victims and survivors.

14. The evidence will show that Mr. Lowy misrepresented his authority to Your Honor from mid-September 2007 to present in relation to The Kaprun Case and then when his improper and unauthorized actions were discovered he embarked on a campaign to protect himself at the expense of the Kaprun victims and survivors. Those documents should only be submitted under seal after the Court has granted this Motion.

4

## STATEMENT OF AUTHORITY

15. The right of public access to court records is firmly entrenched and well supported by policy and practical considerations, the right is not absolute.

16. In limited circumstances, courts must deny access to judicial documents — generally where open inspection may be used as a vehicle for improper purposes. *See, e.g., Nixon, 435 U.S. at 597, 98 S.Ct. at 1311-12 (citing to In re Caswell, 18 R.I. 835, 29 A. 259 (1893) (court can insure that its records are not used to promote public scandal), Schmedding v. May, 85 Mich. 1, 48 N.W. 201, 202 (1891) (court refused to permit its records to be used as sources of business information that might harm litigant's competitive standing).*

17. The public's right of access is *"not absolute"* and must be weighed against the litigants interest in secrecy. *See Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 165 (3d Cir. 1993).*

18. The Court must determine the nature of the materials at issue, the legitimate private or public interest which warrants sealing, the clearly defined and serious injury that would result if the materials were not sealed, and why any less restrictive alternative to sealing is not available. *See Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994).*

19. The issues and facts related to this motion are extremely sensitive and should not be discussed in open court or in filings available to the public.

20. Public access to this information would be detrimental to innocent clients claims in The Kaprun Cases.

5

21. The Defendants in The Kaprun Cases are not entitled to see the documents that will be produced as it would be prejudicial to pending cases, resolution of motions and disposition of appeals.

22. The issues related to this Motion should be ruled upon quickly because the disposition of this Motion relates to and will impact the outcome of the pending motions, affects my ability to file the necessary Stipulations of Dismissal, file additional responses, replies, documents and evidence and other matters.

23. FRCP 16 provides the Court with broad authority upon which to convene a Conference to consider Movants' application.

24. The Notice of Removal was filed on November 13, 2007.

25. Pursuant to *28 USC § 1447 (a) In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise . . . and . . . (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days.*

26. The time within which to move to remand expires on December 13, 2007.

27. There is good cause to remand the case to the State Court. The claims themselves are predicated on negligence or tortious interference or malpractice. Plaintiffs are not seeking to impose any criminal penalty and the interference with mail or the interception of electronic data was part of the wrongful state acts not Federal causes of action. In addition, the new claims show that the claims between me and Mr. Lowy and his firm belong in State Court and they certainly do not belong before this Court. The Court's accepting this case as being related

6

to The Kaprun Case demonstrates the Court's bias and prejudice and creates further conflicts and problems in and for The Kaprun Cases.

28. Pursuant to FRCP 6 (b) the Court may – for good cause shown - extend the time prescribed by the rule or statute so long as the request is made "before the expiration of the period originally prescribed".

29. The time within which to move to remand the Case expires on December 13, 2007, Plaintiffs' Motion and request for an extension of time and for other relief was made before the expiration of the time pursuant to Local Rule 6.1 (b) and in accordance with FRCP 6 (b).

30. This is the first request for an extension of time by Plaintiff and there is no prejudice to Defendants if the Court grants Plaintiffs' extension or the relief requested.  On the contrary in light of the newly filed State Court action, and the issues raised in the Pre-Motion letter being submitted in relation to The Kaprun Case, the evidence as submitted by Defendant Hantman demonstrating the Messrs. Lowy and Perle's improper actions and unauthorized disclosures, the extension of time will promote judicial expedition and economy and avoids prejudice to the parties, counsel, the Court and innocent third parties in The Kaprun Case.

### CONCLUSION

31. For these reasons, Plaintiff requests the Court grant the Motion in its entirety.

Dated:    December 13, 2007            /s/ Edward D. Fagan (electronically signed)
          New York, NY                     Edward D. Fagan, Esq.

7

# EXHIBIT  2

Activity in Case 1:07-cv-10293-SAS Edward D. Fagan, Esq. v. James F. Lowy, Esq. et al Order

7/16/08 11:10 PM

**From:** NYSD_ECF_Pool@nysd.uscourts.gov

**To:** deadmail@nysd.uscourts.gov

**Subject:** Activity in Case 1:07-cv-10293-SAS Edward D. Fagan, Esq. v. James F. Lowy, Esq. et al Order

**Date:** Wed, 2 Jan 2008 1:56 pm

---

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

#### U.S. District Court

### United States District Court for the Southern District of New York

## Notice of Electronic Filing

The following transaction was entered on 1/2/2008 at 1:54 PM EST and filed on 12/28/2007

**Case Name:**    Edward D. Fagan, Esq. v. James F. Lowy, Esq. et al

**Case Number:**    1:07-cv-10293

**Filer:**

**Document Number:** 7(No document attached)

**Docket Text:**
**ORDER that I hereby recuse myself sua sponte with respect to any future proceedings in this action pursuant to 28 USC 455(a). A stay of all proceedings is ordered pending reassignment of this matter. The Clerk of the Court is directed to reassign this action, and to refer all further proceedings to the Judge to whom this action shall be reassigned. (Signed by Judge Shira A. Scheindlin on 12/26/07) (die)**

**1:07-cv-10293 Notice has been electronically mailed to:**

Edward Davis Fagan  faganlawintl@aim.com

Michael Richard Perle  m.perle@earthlink.net

Robert J Hantman  hantmanri@aol.com

**1:07-cv-10293 Notice has been delivered by other means to:**

# EXHIBIT  3

## CO-COUNSEL AGREEMENT

This Agreement, dated September 7, 2006, by and between **Edward Fagan (Fagan), Edward Fagan, P.A. (Fagan), International Law Group, LLC and James F. Lowy, Esq., P.A.** and associated entities (collectively **Lowy**), specifies terms and conditions for Fagan and Lowy to work as co-counsel in the Kaprun litigation and in other cases which Fagan and Lowy wish to pursue.

This Agreement updates the prior Agreement from January, 2006 between Fagan and Lowy as to Lowy's involvement in the Kaprun cases.

1.    **Lowy and Fagan to work as Co-Counsel in all aspects of the Kaprun Litigation.** Lowy and Fagan will continue to work on the cases and do what is necessary to successfully prosecute the cases in federal and state court in NY, Florida and elsewhere, including all claims of Kaprun Victims and survivors before the Kaprun Commission, subject to the agreements with the European Cooperating lawyers representing survivors and the victims' families.

2.    **Additional Monies to Fagan and for Kaprun Cases.**

    a.    Fagan has invested over 5 years of his time and hundreds of thousands in out of pocket expenses, and has incurred other costs associated with bringing the Kaprun Case to the point where Lowy and others can benefit. These monies and work has substantially reduced the risk to Lowy and enhanced the potential recovery.

    b.    Lowy has already provided $27,500 in funding for the Kaprun case and is committed to providing an additional $22,500 to Fagan and the case, and the parties will agree on a budget and division and use of monies, including monies raised.

    c.    Fagan and Lowy will work together to get additional monies necessary to provide partial reimbursement to Fagan for monies he expended to date and monies that he will not earn from other sources as he is devoting a substantial portion of his time to the Kaprun case (and other cases in which Lowy has an interest) and which monies will be used for the ongoing prosecution of the Kaprun case. Fagan and Lowy will work together to raise between $250 – 400,000. In the event Fagan and Lowy are not able to raise any additional monies, and so long as the cases are progressing, Lowy will make an additional contribution of up to $25,000 to Fagan and the case, as it may be needed.

    d.    Fagan and Lowy will agree upon the budget for the case related expenses and Lowy shall be responsible for maintaining the accounting of all case expenses, and Lowy will also monitor, provide escrow services for, otherwise safeguard, and distribute any monies raised.

4.    **Fagan and Lowy Work.** Lowy and Fagan will work as needed on the cases until conclusion. All parties will keep their billable hours and expense records, in case the parties to this agreement mutually decide an adjustment is necessary, in case a fee

petition must be submitted to the Court or the Commission, or in case of a fee dispute between the parties.

5.    **Division of Fees & Reimbursement of Expenses**.

     a.     Lowy shall be entitled to a priority position for the reimbursement of the monies he has invested in the case since January 2006.

     b.     Fagan and Lowy's fees are entirely separate and distinct based upon the work that they have each performed to date and the work that each is going to be performed in the future. Lowy shall serve as Lead Local Counsel in the actions to be filed in Florida.

     c.     In exchange for all the support Lowy has given to date and is committed to give in the future, as well as the unlimited commitment to prosecute the cases to conclusion (and/or settlement) and for Lowy's agreement to serve as Lead Local Counsel, Lowy shall receive 30 to 40 % of the net attorneys fees from the entire Kaprun litigation. Said percentage depends in part on the reasonable amount that needs to be paid to Hantman and Associates for their services to date and in the future. The resulting net percentage shall be calculated after deduction of reasonable out of pocket expenses and payment of up to 25 % to the European Cooperating Counsel.

     d.     The parties will decide how to treat monies paid to directly to Fagan by way of advances in order to deduct from his share and be repaid to Lowy.

6.    **Fagan's Portion of Kaprun Fees & Expense Reimbursement Deposited into NJ Superior Court Trust Fund**. Fagan has informed Lowy that Fagan's portion of fees and expense reimbursement will be deposited into the Trust Fund of the NJ Superior Court, pursuant to an Order and Judgment of the Divorce Court. Fagan has also informed Lowy of the attempts to place Fagan into "Involuntary Bankruptcy" by several of Fagan's creditors. To the extent that there is a dispute between Lowy and Fagan over treatment or reimbursement of expenses or a dispute over fees, Lowy recognizes that none of Fagan's monies will be paid out until there is an Order of the Matrimonial Court and Fagan agrees to cooperate with Lowy in helping Lowy come before the NJ Matrimonial Court to make whatever arguments or claims to Fagan's individual fees or reimbursement of expenses.

7.    **Kaprun Case Fees and Costs Calculations**. Any litigation costs paid by Fagan and owed to Fagan, and paid to Fagan out of the Kaprun Litigation Proceeds or Costs Reimbursements, will be demonstrated by Fagan and accepted by Lowy and if necessary by the Court.

8.    **Non-Assignability of Agreement** – This is a specific performance agreement and it is expressly understood that Lowy and Fagan will each perform their duties and obligations under this agreement, themselves and personally. Fagan and Lowy may not assign their duties or obligations to any third party without prior written consent of the other.

9.    **Time of the Essence** – The financing to be provided and the work to be done must be done in a timely fashion, as time is of the essence in this agreement.

10.    Accepted and Agreed:


_____    _____
Edward Fagan, individually and for    James Lowy for James F. Lowy, Esq., P.A. and
Edward Fagan, Esq.    International Law Group, LLC,
        Individually and for ILC and JFL Esq. P.A.

# EXHIBIT  4

# EDWARD D. FAGAN ESQ.

5 Penn Plaza, 23rd Floor, New York, NY 10001
Tel. (646) 378-2225 & Email: faganlawintl@aim.com

Thursday 17 July 2008

Honorable Shira A. Scheindlin USDJ
United States District Court
Southern District of New York
500 Pearl Street, Chambers, Room 1620
New York, NY  10007

Re:    *In Re: Ski Train Fire in Kaprun Austria on Nov. 11, 2000, 01-md-1428(SAS); Blaimauer/*
       *Mitsumoto et al v Omniglow et al 03-cv-8960(SAS); Geier et al v Omniglow et al 03-cv-*
       *8961(SAS); Mitsumoto et al v Republic of Austria et al 06-CV-2811 (SAS); Mitsumoto et*
       *al v Robert Bosch Corp. et al, 07-cv-935(SAS); Stadman et al v Austrian National Tourist*
       *Office et al, 07-cv-3881(SAS); and Ferk et al v Omniglow Corp. et al, 07-cv-4104 (SAS)*
       <u>*(collectively "The Kaprun Cases")*.</u>

Honorable Judge:

I write this letter opposition mindful of the Court's prior directives that it would not consider
submissions by me in The Kaprun Cases.  This letter is written in opposition and to address the
June 16, 2008 filing of Motions by James Lowy and Robert Hantman related to legal fees and
expense reimbursement.  As explained below, I have a personal interest in those Motions, as do
other professionals.  And, I respectfully submit I, and others, have right to be heard in relation to
those Motions.  However, due to the circumstances by which the Motions have been presented
to the Court, and the Court's prior directives related to me, I have no recourse other than to
address Your Honor through this letter filing.    Allow me to explain the issues as I see them.

### <u>Issues Presented & Relevant Facts</u>

The issues arise from multiple filings made on July 16, 2008 by Robert Pearl Esq..  Mr. Pearl
entered his appearance for James Lowy and Robert Hantman and filed Motions he styled as
*"Motion to Fix and Enforce an Attorneys Charging Lien Pursuant to New York Judiciary Law §*
*475" ("The Motions")*.

The Motions do not appear to have been made or filed in the Master Docket 01-md-1428.
However, The Motions were filed in each of the above referenced individual cases.  For ease of
reference, The Motions were filed as the following document number:

- *Doc # 185 & 186 in Blaimauer/ Mitsumoto et al v Omniglow et al 03-cv-8960(SAS);*
- *Doc # 81 in Geier et al v Omniglow et al 03-cv-8961(SAS);*
- *Doc # 74 in Mitsumoto et al v Republic of Austria et al 06-CV-2811 (SAS);*
- *Doc # 79 in Mitsumoto et al v Robert Bosch Corp. et al, 07-cv-935(SAS);*
- *Doc # 30 in Stadman et al v Austrian National Tourist Office et al, 07-cv-3881(SAS); and*
- *Doc # 30 in Ferk et al v Omniglow Corp. et al, 07-cv-4104 (SAS).*

The Motions appear to seek a judgment against certain defendants based upon an alleged
entitlement to, and/or a lien against, certain legal fees and/or reimbursement of expenses.  Any
such entitlement is derived from (i) contingent fee agreements in my name with and former
representation of Kaprun victims and survivors and/or (ii) work allegedly performed and/or
expenses allegedly incurred through Cooperation agreements with me.

# EDWARD D. FAGAN ESQ.

*Hon. Shira A. Scheindlin USDJ – 17 July 2008 Letter – Page 2*
*In Re: Ski Train Fire in Kaprun Austria on Nov. 11, 2000, 01-md-1428(SAS); Blaimauer/ Mitsumoto et al v. Omniglow et al 03-cv-8969(SAS); Gaier et al v Omniglow et al 03-cv-8961(SAS); Mitsumoto et al v Republic of Austria et al 06-CV-3811 (SAS); Mitsumoto et al v Robert Bosch Corp. et al. 07-cv-935(SAS); Stedman et al v Austrian National Tourist Office et al 07-cv-3881(SAS); & Park et al v Omniglow Corp. et al. 07-cv-4104 (SAS).*
--------------

The July 16, 2008 Declaration of Robert J. Pearl ("*Pearl Declaration*") (Doc. 82 in Case 03-cv-8961 and identical in other cases) submitted in support of The Motions is a problem. Mr. Pearl has no first hand knowledge of the case, the parties, the claims, the evidence, the relevant facts, the theories of liability, the prior or present procedural history or posture of the case, the matters before the Court of Appeals, or the issues related to or involving the Kaprun Commission. Notably there is no Declaration from Messrs. Lowy and/or Hantman who purport to have knowledge and who claim to have been directly involved with these matters so as to justify some application for fees and/or expense reimbursement.

However, The Pearl Declaration contains inaccuracies and/or misrepresentations related to facts, evidence, plaintiffs, defendants and other issues related to the procedural posture of the cases. These will have to be addressed at a later time.

The Pearl Declaration does reference my powers of attorney and/or contingent fee agreements with Kaprun victims, survivors and/or family representatives, as well as certain agreements between Movants and me and/or agreements with Foreign Cooperating Counsel.

The Pearl Declaration also confirms that, among other things:

a.  The Motions affect the rights and interests of other of my former team members, known to Movants yet whose rights Movants seem to ignore;

b.  The Motions affect the rights and interests of persons whose services were requested by but who have yet to be paid by Movants, and whose rights Movants seem to ignore;

c.  The Motions affect the rights and interests of other entities who provided funding for the case separate and apart from Movants and whose rights Movants seem to ignore; and

d.  The Motions affect my rights and interests.

If Movants insist on pursuing The Motions at this time, all interested parties, myself included, should be given an opportunity to be heard and to have responsive declarations and evidence submitted prior to the Court's ultimate consideration of Movants' claims.

## Sua Sponte Recusal Required Pursuant to 28 USC § 455 (a)

As Your Honor may recall, it is the Court's position that it will not hear or consider matters in which I am involved as an interested party and/or as counsel. *See December 28, 2007 Order entered in case entitled Fagan v. Lowy et al 1:07-cv-10293 (Doc. # 7).*

Therefore, I am sorry to have to request this, but given the present circumstances, I must respectfully request that, pursuant to 28 USC 455 (a), Your Honor should recuse herself *sua sponte* from consideration of The Motions filed by Mr. Pearl for Messrs. Lowy and Hantman.

# EDWARD D. FAGAN ESQ.

*Hon. Shira A. Scheindlin USDJ – 17 July 2008 Letter – Page 3*
*In Re: Ski Train Fire in Kaprun Austria on Nov. 11, 2000, 01-md-1428(SAS); Blaimauser/ Mitsumoto et al v.*
*Omniglow et al 03-cv-8960(SAS); Gatter et al v Omniglow et al 03-cv-8961(SAS); Mitsumoto et al v Republic*
*of Austria et al 06-CV-2811 (SAS); Mitsumoto et al v Robert Bosch Corp. et al, 07-cv-935(SAS); Studnezn et al*
*v Austrian National Tourist Office et al 07-cv-3881(SAS); & Fark et al v Omniglow Corp. et al, 07-cv-4164 (SAS)*
_____

### Rights Affected, Equities, Priorities & Other Issues Related to The Motions

As explained above, The Motions affect the rights of my former Kaprun victims, survivor and/or
family representative clients and/or Foreign Cooperating Counsel on whose behalf Messrs. Lowy
and Hantman purport or claim to have provided valuable services or expended monies. The
Motions also appear to seek to gain an advantage over others *(known to Messrs. Lowy and
Hantman, who provided services and expended monies other than and/or in some instances at
Mr. Lowy's or Mr. Hantman's request)*. However, there is no evidence that these persons were
served with a copy of The Motions. *(See Certificate of Service - Doc. # 84 in Case 03-cv-8961)*.

I submit there are certain equitable issues that should have been considered before making any
such claim alleging entitlement to legal fees and reimbursement of costs. I shall leave those
issues, as well as any response to the inaccurate assertions of facts, claims, evidence, procedural
posture of cases and other statements, set forth in the Pearl Declaration *(Doc. # 84 in Case 03-cv-
8961)*, for the opposition that may ultimately be filed in response to The Motions.

However at this point, I respectfully submit that there is a threshold question that should be
considered and that is:   *Should The Motions have been made in the first place at this time and
especially under these circumstances ?*   For reasons different than what have been or may yet
to be suggested by Defendants, I submit that the answer to the question is — No !

I submit that the better course of action would have been to hold The Motions until after the
following matters were resolved:

    a.  the pending application for Writ of Mandamus;

    b.  the June 30th Motion for Reconsideration filed by Mr. Lowy;

    c.  the July 16th Notice of Appeal filed by Mr. Lowy; and

    d.  the challenges to validity and/or enforceability of the Settlement Agreement & Release
       through the Kaprun Commission in Austria (which I submit is in fact subject to attack but
       which has not yet been addressed by a US Court).

Even assuming The Motions have merit and Movants can prevail on their legal arguments
against these Defendants, there does not seem to be a legitimate concern that if the Motions are
not ruled upon now, the Movants will be prejudiced in any way. Defendants are multi-national
companies and/or have other interests or assets in the US from which any judgment Movants
may obtain can be satisfied. Therefore, there does not seem to be anything gained by making
The Motions at this time.

With that in mind, one must question the motives behind The Motions. Were I still in the case, I
would not have made The Motions at this time.

## EDWARD D. FAGAN ESQ.

*Hon. Shira A. Scheindlin USDJ – 17 July 2008 Letter – Page 4*
*In Re: Ski Train Fire in Kaprun Austria on Nov. 11, 2000, 01-md-1428(SAS); Blaimauer/ Mitsumoto et al v.*
*Omniglow et al 03-cv-8966(SAS); Geier et al v Omniglow et al 03-cv-8961(SAS); Mitsumoto et al v Republic*
*of Austria et al 06-CV-2811 (SAS); Mitsumoto et al v Robert Bosch Corp. et al. 07-cv-935(SAS); Stedman et al*
*v Austrian National Tourist Office et al 07-cv-3881(SAS); A. Park et al v Omniglow Corp. et al. 07-cv-4104 (SAS).*
————

I believe that the better course of action would have been to first secure a determination and/or
resolution of (i) the application for Writ of Mandamus in the Court of Appeals that has been
pending since January 2008 and as to which Mr. Lowy has entered his appearance, (ii) the June
30, 2008 Motion for Reconsideration[1] of Your Honor's June 10, 2008 Order filed by Mr. Lowy,
and (iii) the July 16, 2008 Appeal of Your Honor's June 10, 2008 Order filed by Mr. Lowy. In
that way, there will at least be clarity on issues such as what claims remain, what claims can be
prosecuted, against which Defendants can claims be prosecuted and what, if any, offsets might
Defendants receive for *ex-gratia* monies paid by or through The Kaprun Commission and/or
Generali Insurance Company.

After those issues have been resolved, the issues in The Motions, can be addressed, if necessary.

## Relief Sought

In view of the foregoing, I therefore urge the Court to (i) Stay The Motions filed by Messrs.
Lowy and Hantman and (ii) Stay the filings of any responsive pleadings to the Motions, by
interested persons, myself included, pending the Court's determination of its recusal pursuant to
28 USC 455 (a) and reassignment to a Different District Judge of The Motions and (iii) directing
Messrs. Lowy and Hantman to serve the Motion on all persons and/or entities, including but not
limited to Foreign Cooperating Counsel and others, who have interests in attorneys fees and/or
reimbursement of expenses.

In the meantime, however, the Court can and should direct Mr. Pearl, Mr. Lowy and Mr.
Hantman to serve all interested persons and/or parties including but not limited to Foreign
Cooperating Counsel with a copy of The Motions and all supporting documents.

## Conclusion

In closing, I wish to apologize to the Court for certain things that have occurred in the past.

If the Court took offense with my prior conduct or if the Court believed that I was ever
disrespectful, I do apologize. I meant no disrespect to Your Honor or to the institution of the
Court. What has driven me in this case from November 2000 to present was the fight to hold
those government and/or corporate entities responsible for what they did to the victims and
survivors of the Kaprun disaster. In that regard, it was the wishes and directions and interests of
the victims and survivors and/or their family representatives that led me. I believe that I
always put their wishes, desires and interests ahead of my own. And, the multiple Declarations
of Kaprun victims, survivors and/or their legal representatives, including Dr. Bernd Geier, Prof.
Dr. Toichiro Kigawa, Nanae & Masatoshi Mitsumoto, Dr. Gerhard Podovsovnik, Dr. Ulrich
Schwab and others, demonstrate this and also demonstrated that there were no conflicts between
me and them.

---

[1] In checking the Docket, I note that there is no entry in the Docket for the Memorandum of Law
in support of the Motion for Reconsideration, as required by the Local Rules and Your Honors
Individual Rules.

## EDWARD D. FAGAN ESQ.

*Hon. Shira A. Scheindlin USDJ – 17 July 2008 Letter – Page 5*
*In Re: Ski Train Fire in Kaprun Austria on Nov. 11, 2000, 01-md-1428(SAS); Blaimauer/ Mitsumoto et al v.
Omniglow et al 03-cv-8960(SAS); Geier et al v Omniglow et al 03-cv-8961(SAS); Mitsumoto et al v Republic
of Austria et al 06-CV-2811 (SAS); Mitsumoto et al v Robert Bosch Corp. et al. 07-cv-935(SAS); Stedman et al
v Austrian National Tourist Office et al 07-cv-380(SAS); & Park et al v Omniglow Corp. et al. 07-cv-4104 (SAS).*

I tried to fight for justice for the Kaprun victims, survivors and their family representatives. That
fight for justice also meant accountability for the governmental and corporate defendants
involved with the disaster. I had hoped to complete that task last year. I would still like to be
involved in whatever way I can, if, as and when Your Honor's Disqualification and Sanctions
Order is reversed or modified.

The Kaprun victims, survivors and their family representatives and I believed the Court made
certain factual and legal errors and erred in some of its rulings. They and I also believed the
Court was misled by persons other than me.

I did not enjoy being in a position where I had to move for certain relief in response to or in
order to challenge those of the Court rulings that we believed were wrong.

I had hoped that the disposition of the July 31, 2007 Motion for Reconsideration would have
resolved the issues so that the cases could have gone on and been concluded for the benefit of the
Kaprun victims, survivors and their family representatives. I still hope that the issues presently
pending in the Court of Appeals can achieve these results.

I would have liked, and would still like, to have the opportunity to address these and other issues
to the Court in person.

With that in mind, and notwithstanding the past differences and/or issues that led to my recusal
or the issues in the pending Appeal filed by me related to Your Honor's June 10, 2008 Order, I
would welcome the opportunity to appear before Your Honor, to explain the circumstances and
to perhaps purge myself of and/or resolve whatever concerns the Court previously had about me
personally, professionally, or about the discharge of my duties to Kaprun victims, survivors and
family representatives, or my conduct in this or other cases.

If Your Honor will give permit me the opportunity to appear before the Court at a Rule 16
Conference for the limited purpose of discussing these matters in open Court, I would be
prepared to do so.

For now, however, and given the present circumstances, this letter submission will have to
suffice.

As always, thank you for Your Honor's time and consideration.

Respectfully submitted,

Edward D. Fagan

*EDF/lsf*