# EDWARD D. FAGAN ESQ.
Five Penn Plaza, 23rd Floor, NY, NY 10001
Tel. (646) 378-2225 & Email: faganlawl@gmail.com

Wednesday 23 July 2007

Honorable Shira A. Scheindlin USDJ
United States District Court
Southern District of New York
500 Pearl Street, Chambers 1620
New York, NY 10007

Re: *In Re: Ski Train Fire in Kaprun Austria on Nov. 11, 2000, 01-md-1428 (SAS); Blaimauer et al v. Omniglow et al 03-cv-8960 (SAS), Geier et al v. Omniglow et al, 03-cv-8961 (SAS); Mitsumoto et al v. Republic of Austria et al 06-cv-2811 (SAS); Mitsumoto et al v. Robert Bosch Corp. Et al 07-cv-935 (SAS); Stadman et al v. Austrian National Tourist Office et al 07-cv-3881 (SAS); and Ferk et al v Cyalume et al 07-cv-4104 (SAS)*

Honorable Judge:

This Memorandum of Authorities and Letter Brief is submitted in support of the July 23, 2008 Motion for Recusal and other relief related to the July 17, 2008 Motion filed by James Lowy and Robert Hantman ("The Lowy Hantman Motion") in support of an application for fees.

## Summary of Relief Sought

The relief sought is that the Hon. Shira A. Scheindlin USDJ ("The Court") should recuse herself from consideration of any issues related to and/or involving me or related to facts and evidence to be submitted by me, including but not limited to issues related to The Lowy Hantman Motion.

## Relevant Facts

The relevant facts are set forth in my accompanying July 23, 2008 Declaration and attachments thereto. They are incorporated in this Letter Memorandum by reference.

This Motion is made for the purpose of insuring that my submissions related to applications for fees or reimbursement of expenses made by me or any one else (in this case James Lowy and Robert Hantman) be considered by a neutral and un-biased Judge.

The Court has already recused itself pursuant to 28 USC § 455 (a) from matters involving James Lowy and Robert Hantman (on the one hand) and me (on the other hand).

The Court should now recuse itself from consideration of The Lowy Hantman Motion.

## Authority for Recusal

The Court's August 16, 2007 Disqualification and Sanctions Order, together with The Court's rulings thereafter related to me, as well as statements and/or comments made by the Court on the record against me, demonstrate bias and prejudice & hostility, which come from extrajudicial source and reveal such a high degree of favoritism or antagonism as to make fair judgment impossible, which require recusal. *See US v Berger, 225 US. 21, 28 (1921) and Liteky v US, 510 U.S. 540, 555-556 (1994).*

# EDWARD D. FAGAN ESQ.

*Hon. Shira A. Scheindlin USDJ – July 23, 2008 Memorandum & Letter Brief – Page 2*
  *Re: In Re: Ski Train Fire in Kaprun Austria on Nov. 11, 2000, 01-md-1428 (SAS); Blaimauer et al v. Omniglow et al 03-cv-8960 (SAS), Geier et al v. Omniglow et al, 03-cv-8961 (SAS); Mitsumoto et al v. Republic of Austria et al 06-cv-2811 (SAS); Mitsumoto et al v. Robert Bosch Corp. Et al 07-cv-935 (SAS); Stadman et al v. Austrian National Tourist Office et al 07-cv-3881 (SAS); and Ferk et al v Cyalume et al 07-cv-4104 (SAS)*

-------------

The Court's expression of negative views about me and the merits of arguments I have made in the past in this case make it impossible for The Court to render fair judgment on The Lowy Hantman Motion or any other matter in which I am involved, or in which I have an interest or in which credibility issues related to evidence I may need or be called upon to present exist.

The Court has confirmed that it should not sit on matters involving me or in which I would be a witness. *See Doc. 7 in Fagan v Lowy Hantman 07-cv-10293 – Dec. 2007 Recusal.*

With these facts, a reasonable person knowing the facts and circumstances of this case, would harbor doubts about Judge Scheindlin's impartiality and ability to objectively consider matters related to me and Judge Scheindlin should remove herself or she should be removed under 28 USC §455 (a). See also *US v. Amico 486 F. 3d (2nd Cir. 2007); Liteky v US 510 US 540 (1994); In Re International Business Machines Corp. 45 F. 3d 641 (2nd Cir. 1995); Liljeberg v. Health Services Acquisition Corp. 486 US 847 (1988); US v Lovaglia 954 F.2d 811 (2nd Cir. 1992)* and *In Re: Kensington Intern. Ltd 368 F.3d 289 (3rd Cir. 2004)*

## Conclusion

The Court should recuse itself from consideration of any issues related to and/or involving me or related to facts and evidence to be submitted by me, including but not limited to The Lowy Hantman Motion.

Respectfully submitted,

*[signature]*
Edward D. Fagan

Cc: All counsel of record