USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/1/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IN RE: SKI TRAIN FIRE IN KAPRUN   :
AUSTRIA ON NOVEMBER 11, 2000     :      MDL # 1428 (SAS)[1]
-----------------------------------------------------------X

SHIRA A. SCHEINDLIN, U.S.D.J.:

By motion dated July 16, 2008, James F. Lowy and Robert J. Hantman (the "Applicants") – who purportedly now represent certain plaintiffs in the above-captioned actions – moved to fix and enforce an attorney's charging lien pursuant to New York Judiciary Law § 475 to compensate them for legal fees and costs incurred during their representation. By Opinion and Order dated August 16, 2007 (the "August 16 Order"), the Court disqualified Edward D. Fagan as plaintiffs' counsel and expressly noted that should the Applicants assume representation of plaintiffs, they were to enter appearances within thirty days of the Order and submit copies of all retainer agreements. They failed to do so.

Subsequent to the Court's dismissal of the above-captioned cases on the ground of forum non conveniens, a majority of the plaintiffs settled their suits pursuant to proceedings in Austria. The Applicants contend that they are "entitled to compensation, either derivatively as a percentage of the amount which [] Fagan

---

[1] This document relates to the following actions: 01 Civ. 264, 266, 6554, 7242, 7245, 7881, 10776, 10777, 10778; 02 Civ. 2491, 2492, 3101, 4892; 03 Civ. 5324, 6351, 7507, 7552, 8813, 8960, 8961; 04 Civ. 1403, 06 Civ. 172, 2811; 07 Civ. 3881, 4101.

1

was entitled to by contract, or in the alternative, on a *quantum meruit* basis."[2] Further, they argue that the "lump sum [settlement] payment . . . is for the benefit of all [eighty-five] defendants. Therefore, fees and costs owed to [the Applicants] are by law due from [] all [of] the defendants who benefitted from the releases required of all of the [f]oreign [p]laintiffs."[3]

In support, the Applicants cite to the Second Circuit's decision in *Chesley v. Union Carbide Corp* ("*Chesley*").[4] The Applicants are correct that the Court's prior dismissal of these actions on the basis of forum non conveniens does not automatically bar the Court's exercise of ancillary jurisdiction over claims for fees and expenses.[5]

---

[2]  Memorandum of Law in Support of Motion to Fix and Enforce An Attorney's Charging Lien Pursuant to New York Judiciary Law § 475 ("App. Mem.") at 4.

[3]  *Id.* The Applicants specify that "the purpose of the instant motion is to fix and enforce the Applicants' attorney[']s fees and costs for those of Applicants' clients who chose to accept the results of the Kaprun Commission Settlement and to participate in the Kaprun Commission Settlement Fund in Austria." *Id.* at 2.

[4]  927 F.2d 60 (2d Cir. 1991).

[5]  *See id.* at 65-66 ("[W]e conclude that the forum non conveniens dismissal in the instant case did not *eo ipso* preclude subsequent exercise by the district court of ancillary jurisdiction to consider appellants' fee applications. We decide, we hasten to add, only that no *automatic* bar resulted.") (emphasis in original).

However, the Applicants conveniently neglect to note that in *Chesley*, the Second Circuit held that *first*, "the determination whether to exercise ancillary jurisdiction is *discretionary*, and is informed by considerations of judicial economy, convenience, and fairness to litigants," as well as the interests of comity;[6] *second*, that such interests militated heavily in favor of declining to exercise jurisdiction either directly or indirectly with respect to a settlement fund on deposit in a foreign country – in that case, India;[7] and *third*, it would be inequitable and an abuse of discretion to allow the petitioning attorneys to proceed directly against defendant Union Carbide where "petitioners never appeared [on] behalf of any party in the [foreign] litigation or made any application for fees therein," and where the litigation proceeded in the foreign country based on the "explicit determination by this court that [the country] is the proper forum for the case."[8]

Here, the Court adopts the reasoning of the Second Circuit in *Chesley* and exercises its discretion to decline ancillary jurisdiction over the Applicant's motion to fix and enforce an attorney's charging lien. In the interests of judicial

---

[6] *Id.* at 66 (emphasis in original) (stating that the interests of comity "weigh[] heavily in the balance").

[7] *Id.* at 66 ("It is hard to imagine any more direct affront to comity than the relief sought herein with respect to the settlement fund in India.").

[8] *Id.* at 68.

3

economy, fairness, convenience, and significantly, comity, the Court will not exercise jurisdiction over claims to amounts from the "Kaprun Commission Settlement Fund."[9] Moreover, it would be "inequitable . . . to allow [the Applicants] to proceed directly against [defendants] here without first seeking to recover" in Austria "either from the [settlement] fund or from the plaintiffs there whom they claim to represent."[10] Accordingly, the Applicants' motion is denied.

By motion dated July 23, 2008, Edward D. Fagan, former counsel to plaintiffs in the above-captioned actions, again moved for the Court's sua sponte recusal pursuant to 28 U.S.C. § 455(a). The motion was premised on the ground that the Applicants' motion to fix and enforce a charging lien implicates Fagan's interests and this Court, according to and with respect to Fagan, cannot be impartial. Fagan further moved to stay the Court's decision on the Applicants' motion pending its *sua sponte* recusal. By motion dated July 25, 2008, Fagan also moved on his own behalf for attorney's fees and expenses stemming from his former representation of plaintiffs.

Because I decline to exercise ancillary jurisdiction over the Applicants' motion, Fagan's motions to stay and recuse are deemed moot. To the extent Fagan's motion seeks fees stemming from his prior involvement with the

---

[9]   App. Mem. at 4.

[10]   *Chesley*, 927 F.2d at 68.

4

representation of both foreign plaintiffs and the American plaintiffs – *i.e.*, those plaintiffs who are United States citizens and who have also settled their claims – such disputes arise under agreements, to the extent they exist, between Fagan and former co-counsel.  As such, Fagan's motion essentially raises a fee dispute between himself and former co-counsel.  While Fagan is free to file suit based on fee disputes, that suit would not be assigned to this Court, as I have previously sanctioned and disqualified Fagan, and would not accept a case in which he appears as a plaintiff.

For the foregoing reasons, the motions made by the Applicants and Fagan are denied.  The Clerk of the Court is directed to close the following motions [document nos. 366 and 372 for 01 MDL 1428; no. 46 for 01 Civ. 264; no. 25 for 01 Civ. 266; no. 94 for 01 Civ. 6554; no. 13 for 01 Civ. 7242; no. 8 for 01 Civ. 7881; no. 13 for 02 Civ. 2492; no. 47 for 02 Civ. 3101; no. 25 for 03 Civ. 8813; no. 194 for 03 Civ. 8960; no. 87 for 03 Civ. 8961; no. 7 for 04 Civ. 1403; no. 7 for 06 Civ. 172; nos. 74 and 79 for 06 Civ. 2811; and nos. 30, 36, and 37 for

07 Civ. 3881; and nos. 36 and 37 for 07 Civ. 3881; and no. 37 for 07 Civ. 4104].

SO ORDERED:

*[signature]*

Shira A. Scheindlin
U.S.D.J.

Dated:  New York, New York
        August 1, 2008

6

- **Appearances** -

Robert Pearl, Esq.
Pearl Malarney Smith, P.C.
649 5th Ave. South
Naples, FL 34102
(239) 659-1005

Edward D. Fagan, Esq.
Five Penn Plaza, 23rd Floor
New York, NY  10001
(646) 378-2225

*For Plaintiffs*:

Jay J. Rice, Esq.
Nagel Rice, LLP
103 Eisenhower Parkway
Roseland, NJ 07068
(973) 618-0400

*For Defendant Bosch Rexroth Corp., Robert Bosch Corp.*:

Neil Rosolinsky, Esq.
Reed Smith LLP
599 Lexington Avenue, 28th Floor
New York, NY 10022
(212) 549-0391

*For Defendant Siemens Transportation Systems, Inc. and as Liaison Counsel for all Defendants:*

Brant W. Bishop, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000

Ryan M. Morettini, Esq.