UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

IN RE: SKI TRAIN FIRE IN KAPRUN
AUSTRIA ON NOVEMBER 11, 2000

-------------------------------------------------------

This document relates to:

-------------------------------------------------------

*Geier, et al. v. Omniglow Corporation, et al.*, 03 Civ. 8961

-------------------------------------------------------

*Stadman, et al. v. Austrian National Tourist Office, Inc.*, 07 Civ. 3881

-------------------------------------------------------

*Mitsumoto, et al. v. Robert Bosch Corp.*, 07 Civ. 0935

-------------------------------------------------------

*Batori, et al. v. American Perm., et al.*, 03 Civ. 8960

-------------------------------------------------------

*Mitsumoto, et al. v. Republic Osterreich*, 06 Civ. 2811

------------------------------------------------------- X

**OPINION AND ORDER**

**01 MDL 1428**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/14/11

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

On June 19, 2007, this Court issued an Opinion and Order (the "June 19 Order") dismissing the instant cases on the basis of forum non conveniens.[1] On July 31, 2007, plaintiffs moved for reconsideration of the June 19 Order under Federal Rule of Civil Procedure 60(b)(2) and Local Civil Rule 6.3. On September 13, 2007, plaintiffs filed their notice of appeal to the Second Circuit of the June 19

---

[1] *See In re Ski Train Fire in Kaprun Austria on November 11, 2000*, 499 F. Supp. 2d 437 (S.D.N.Y. 2007).

1

Order. Accordingly, on October 24, 2007, I issued an Order (the "October 24 Order") deeming the motion for reconsideration moot and withdrawn in view of the appeal.[2] On June 30, 2008, plaintiffs moved for reconsideration of the June 19 Order and of the October 24 Order.[3] On August 1, 2008, I issued an Order denying the motion for reconsideration as untimely and moot.[4] On December 21, 2009, the Second Circuit affirmed this Court's June 19 Order.[5] On June 3, 2010, plaintiffs petitioned for a writ of certiorari. On February 22, 2011, the Supreme Court denied certiorari.[6]

On July 8, 2011, plaintiffs filed yet another motion for reconsideration under Rule 60(b)(2) and a request for leave to amend the complaint under Rule 15(a). The motion for reconsideration is denied as untimely. Under Rule 60(b)(2), a motion must be made "no more than a year after the entry of judgment or order

---

[2] *See* Docket No. 64 of 07 Civ. 0935. Although the Order was issued on October 24, 2007, it was subsequently referred to in this litigation as having been issued on October 18, 2007.

[3] *See* Docket No. 183 of 03 Civ. 8960; Docket No. 77 of 03 Civ. 8961; Docket No. 27 of 07 Civ. 3881; Docket No. 76 of 07 Civ. 0935; Docket No. 70 of 06 Civ. 2811.

[4] *See* Docket No. 377 of 01 MDL 1428; Docket No. 197 of 03 Civ. 8960; Docket No. 90 of 03 Civ. 8961; Docket No. 42 of 07 Civ. 3881; Docket No. 89 of 07 Civ. 0935; Docket No. 85 of 06 Civ. 2811.

[5] *See Geier v. Omniglow Corp.*, 357 Fed. Appx. 377 (2d Cir. 2009)

[6] *See Geier v. Omniglow Corp.*, 131 S.Ct. 1491 (2011).

or the date of the proceeding." As plaintiffs seek relief from my June 19, 2007 Opinion and Order, their time to move expired on June 19, 2008.[7] This motion comes more than three years too late. As the cases remain closed, the motion to amend the complaint is denied as moot.

The Court would be happy to return to plaintiffs' counsel the reams of paper that she has submitted. The Clerk of the Court is directed to close this motion [Docket No. 120 of 07 Civ 0935],[8] and the cases are to remain closed.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   July 14, 2011
         New York, New York

---

[7]   *See Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989) (holding that the Rule 60(b) "one-year limitation period is not tolled during an appeal").

[8]   As of this writing, the motion only appears as indicated; however, if the motion is subsequently filed on the dockets of the other captioned cases, it is to be closed on those dockets as well.

## - Appearances -

**For Plaintiffs:**

Joy Hochstadt, Esq.
300 Central Park West
New York, NY, 10023

**For Defendant Bosch Rexroth Corp., Robert Bosch Corp.:**

Neil Rosolinsky, Esq.
Reed Smith LLP
599 Lexington Avenue, 28th Floor
New York, NY 10022

**For Defendant Siemens Transportation Systems, Inc. And as Liaison Counsel for all Defendants:**

Brant W. Bishop, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, DC 20005

Ryan M. Morettini, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022

Robert W. Littleton, Esq.
Littleton Joyce Ughetta & Park LLP
39 Broadway, 34th Floor
New York, NY 10006

**For Defendant Wika Instrument Corp.:**

Eileen T. McCabe, Esq.
Stephen Roberts, Esq.
William Lalor, Esq.

Mendes & Mount LLP
750 Seventh Avenue
New York, NY 10019

**For Defendant Hydac Technology Corp.:**

Nancy Ledy-Gurren, Esq.
Ledy-Gurren, Bass & Siff LLP
475 Park Avenue South
New York, NY 10016

**For Defendants American Cyanamid Inc. and Omniglow Corp.:**

E. Gordon Haesloop, Esq.
Bartlett McDonough, Bastone & Monaghan LLP
300 Old Country Road
Mineola, NY 11501

**For Defendant Exxon Mobil:**

John F. Tully, Esq.
Robert Owen, Esq.
Fulbright & Jaworski LLP
666 Fifth Avenue
New York, NY 10103